## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| GILBERT JAMES | ) | |
| SUSAN CHANDLER | ) | |
| THERESA HOOD | ) | |
| ADEDAYO PETERSON | ) | Civil Action No. 3:12-cv-902-REP |
| JOYCE RIDGLEY, on behalf of | ) | |
| themselves and all others similarly situated, | ) | |
| | ) | Judge:  The Hon. Robert E. Payne |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and for its Answer to the Class Complaint of Plaintiffs Gilbert James, Susan Chandler, Theresa Hood, Adedayo Peterson, and Joyce Ridgley (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated ("Complaint"), states: Experian denies any and all allegations in the Complaint not specifically admitted in the paragraphs below.  In response to the numbered paragraphs in the Complaint, Experian avers as follows:

### PRELIMINARY STATEMENT

1.      Experian admits that Plaintiffs purport to bring claims against Experian for themselves, and on behalf of all others similarly situated, pursuant to the federal Fair Credit

Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").  Experian denies, however, that Plaintiffs

have any basis in fact or in law to maintain this action against Experian.  Except where

specifically admitted, Experian denies the remaining allegations contained in paragraph 1 of the

Complaint.

### JURISDICTION

2.      In response to paragraph 2, Experian admits that Plaintiffs have alleged

jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).  Experian states that this is a

legal conclusion, which is not subject to denial or admission.  To the extent any response is

required, Experian denies that Plaintiffs have any basis in fact or in law to maintain this action

against Experian, and denies the remaining allegations in paragraph 2 of the Complaint.

### PARTIES

3.      In response to paragraph 3, Experian admits the allegations contained therein.

4.      In response to paragraph 4, Experian admits the allegations contained therein.

### STATEMENT OF FACTS

***Defendant's Specific Conduct Regarding Gilbert James***

5.      Experian lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 5 and therefore denies the same.

6.      Experian lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 6 and therefore denies the same.

7.      Experian lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 7 and therefore denies the same.

8.      In response to paragraph 8, Experian admits that Mr. James's Experian consumer

disclosure reported a Capital One account and a Midland Funding, LLC account.  To the extent

that the allegations of paragraph 8 refer to parties other than Experian, Experian is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein, and therefore denies the same.  Except as specifically admitted, Experian denies each

and every remaining allegation contained in paragraph 8.

9.      Experian lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 9 and therefore denies the same.

10.      In response to paragraph 10, Experian admits that Mr. James sent a dispute letter

to Experian dated June 21, 2011.  Experian further admits that Mr. James provided his first and

last name, an address, a telephone number, a date of birth, and the last four digits of a social

security number.  Except as specifically admitted, Experian denies each and every remaining

allegation contained in paragraph 10.

11.      In response to paragraph 11, Experian admits that it received a letter from Mr.

James.  Except as specifically admitted, Experian denies each and every remaining allegation

contained in paragraph 11.

12.      In response to paragraph 12, Experian admits that it sent Mr. James a letter in

response to his June 28, 2011 inquiry.  Except as specifically admitted, Experian denies each and

every remaining allegation contained in paragraph 12.

### *Defendant's Specific Conduct Regarding Susan Chandler*

13.      In response to paragraph 13, Experian admits that Ms. Chandler sent a dispute

letter to Experian dated September 11, 2012.  Experian further admits that Ms. Chandler

provided her first and last name, an address, a telephone number, a date of birth, and the last four

digits of a social security number.  Except as specifically admitted, Experian denies each and

every remaining allegation contained in paragraph 13.

14.     In response to paragraph 14, Experian admits that it received a letter from Ms. Chandler .  Except as specifically admitted, Experian denies each and every remaining allegation contained in paragraph 14.

15.     In response to paragraph 15, Experian admits that it sent Ms. Chandler a letter in response to her September 11, 2012 inquiry.  Except as specifically admitted, Experian denies each and every remaining allegation contained in paragraph 15.

### *Defendant's Specific Conduct Regarding Theresa Hood*

16.     In response to paragraph 16, Experian admits that Ms. Hood sent a dispute letter to Experian dated November 20, 2012.  Experian further admits that Ms. Hood provided her first and last name, an address, a telephone number, a date of birth, and the last four digits of a social security number.  Except as specifically admitted, Experian denies each and every remaining allegation contained in paragraph 16.

17.     In response to paragraph 17, Experian admits that it received a letter from Ms. Hood.  Except as specifically admitted, Experian denies each and every remaining allegation contained in paragraph 17.

18.     In response to paragraph 18, Experian admits that it sent Ms. Hood a letter in response to her November 20, 2012 inquiry.  Except as specifically admitted, Experian denies each and every remaining allegation contained in paragraph 18.

### *Defendant's Specific Conduct Regarding Adedayo Peterson*

19.     In response to paragraph 19, Experian admits that Ms. Peterson sent a dispute letter to Experian dated November 15, 2012.  Experian further admits that Ms. Peterson provided her first and last name, an address, a telephone number, a date of birth, and the last four digits of

a social security number.  Except as specifically admitted, Experian denies each and every remaining allegation contained in paragraph 19.

20.      In response to paragraph 20, Experian admits that it received a letter from Ms. Peterson.  Except as specifically admitted, Experian denies each and every remaining allegation contained in paragraph 20.

21.      In response to paragraph 21, Experian admits that it sent Ms. Peterson a letter in response to her November 15, 2012 inquiry.  Except as specifically admitted, Experian denies each and every remaining allegation contained in paragraph 21.

### *Defendant's Specific Conduct Regarding Joyce Ridgley*

22.      In response to paragraph 22, Experian admits that Ms. Ridgley sent a dispute letter to Experian dated November 20, 2012.  Experian further admits that Ms. Ridgley provided her first and last name, an address, a telephone number, a date of birth, and the last four digits of a social security number.  Except as specifically admitted, Experian denies each and every remaining allegation contained in paragraph 22.

23.      In response to paragraph 23, Experian admits that it received a letter from Ms. Ridgley.  Except as specifically admitted, Experian denies each and every remaining allegation contained in paragraph 23.

24.      In response to paragraph 24, Experian admits that it sent Ms. Ridgley a letter in response to her November 20, 2012 inquiry.  Except as specifically admitted, Experian denies each and every remaining allegation contained in paragraph 24.

*Facts Common to All Plaintiffs*

25.     In response to paragraph 25, Experian admits that it has been a Defendant in prior lawsuits.  Except as specifically admitted, Experian denies each and every remaining allegation contained in paragraph 25.

26.     In response to paragraph 26, Experian admits that it is a consumer reporting agency as defined in 15 U.S.C. § 1681a(g).  Except as specifically admitted, Experian denies each and every allegation contained in paragraph 26.

27.     In response to paragraph 27, Experian denies that the Complaint has characterized accurately the contents of the letters sent to Plaintiffs and denies any and all allegations of paragraph 27.

28.     Experian admits that it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, for monetary fees.  Except as specifically admitted, Experian denies each and every remaining allegation contained in paragraph 28.

29.     Experian admits that it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, for monetary fees.  Except as specifically admitted, Experian denies each and every remaining allegation contained in paragraph 29.

30.     Experian admits that it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, for monetary fees.  Except as specifically admitted, Experian denies each and every remaining allegation contained in paragraph 30.

31.     Experian admits that it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, for monetary fees.  Except as specifically admitted, Experian denies each and every remaining allegation contained in paragraph 31.

32.     Experian admits that it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, for monetary fees.  Except as specifically admitted, Experian denies each and every remaining allegation contained in paragraph 32.

33.     Experian denies the allegations contained in paragraph 33 of the Complaint.

34.     Experian admits that it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, for monetary fees.  Except as specifically admitted, Experian denies each and every remaining allegation contained in paragraph 34.

35.     Experian denies the allegations contained in paragraph 35 of the Complaint.

36.     Experian denies the allegations contained in paragraph 36 of the Complaint.

37.     Experian denies the allegations contained in paragraph 37 of the Complaint.

## CLASS ACTION ALLEGATIONS

38.     Experian admits that Plaintiffs purport to bring this action pursuant to Federal Rule of Civil Procedure 23.  This is a legal conclusion, which is not subject to denial or admission.  Experian denies that this action may properly be maintained as a class action. Except as specifically admitted, Experian denies the remaining allegations in paragraph 38 of the Complaint.

39.     Experian admits that Plaintiffs claim the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1) is present and satisfied.  This is a legal conclusion, which is not

subject to denial or admission.  Experian denies that this action may properly be maintained as a class action.  Except as specifically admitted, Experian denies the remaining allegations in paragraph 39 of the Complaint.

40.     Experian admits that Plaintiffs claim the commonality requirement of Federal Rule of Civil Procedure 23(a)(2) is present and satisfied.  This is a legal conclusion, which is not subject to denial or admission.  Experian denies that this action may properly be maintained as a class action.  Except as specifically admitted, Experian denies the remaining allegations in paragraph 40 of the Complaint.

41.     Experian admits that Plaintiffs claim the typicality requirement of Federal Rule of Civil Procedure 23(a)(3) is present and satisfied.  This is a legal conclusion, which is not subject to denial or admission.  Experian denies that this action may properly be maintained as a class action.  Except as specifically admitted, Experian denies the remaining allegations in paragraph 41 of the Complaint.

42.     Experian admits that Plaintiffs claim the adequacy requirement of Federal Rule of Civil Procedure 23(a)(4) is present and satisfied.  This is a legal conclusion, which is not subject to denial or admission.  Experian denies that this action may properly be maintained as a class action.  Except as specifically admitted, Experian denies the remaining allegations in paragraph 42 of the Complaint.

43.     Experian admits that Plaintiff claims the superiority requirement of Federal Rule of Civil Procedure 23(b)(3) is present and satisfied.  This is a legal conclusion, which is not subject to denial or admission.  Experian denies that this action may properly be maintained as a class action.  Except as specifically admitted, Experian denies the remaining allegations in paragraph 43 of the Complaint.

**COUNT ONE:**
**(Violation of 15 U.S.C. § 1681i(a)(1))**
**CLASS CLAIM**

44.     Experian incorporates its responses to the allegations contained in paragraphs 1–43 as if fully set forth herein.

45.     Experian denies the allegations contained in paragraph 45 of the Complaint.

46.     Experian denies the allegations contained in paragraph 46 of the Complaint.

47.     Experian denies that it harmed Plaintiffs willfully as alleged in Paragraph 47 of the Complaint.  Experian denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever, as alleged in Paragraph 47 of the Complaint.  Experian further denies the remaining allegations in Paragraph 47 of the Complaint.

48.     Experian denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever, as alleged in paragraph 48 of the Complaint.  Experian further denies that class treatment is appropriate for this action.

**COUNT TWO:**
**(Violation of 15 U.S.C. § 1681i(a)(2))**
**CLASS CLAIM**

49.     Experian incorporates its responses to the allegations contained in paragraphs 1–48 as if fully set forth herein.

50.     Experian denies the allegations contained in paragraph 50 of the Complaint.

51.     Experian denies the allegations contained in paragraph 51 of the Complaint.

52.     Experian denies that it harmed Plaintiffs willfully as alleged in Paragraph 52 of the Complaint.  Experian denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever, as alleged in Paragraph 52 of the Complaint.  Experian further denies the remaining allegations in Paragraph 52 of the Complaint.

53.     Experian denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever, as alleged in paragraph 53 of the Complaint.  Experian further denies that class treatment is appropriate for this action.

**COUNT THREE:**
**(Violation of 15 U.S.C. § 1681i(a)(4))**
**<u>CLASS CLAIM</u>**

54.     Experian incorporates its responses to the allegations contained in paragraphs 1–53 as if fully set forth herein.

55.     Experian denies the allegations contained in paragraph 55 of the Complaint.

56.     Experian denies the allegations contained in paragraph 56 of the Complaint.

57.     Experian denies that it harmed Plaintiffs willfully as alleged in Paragraph 57 of the Complaint.  Experian denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever, as alleged in Paragraph 57 of the Complaint.  Experian further denies the remaining allegations in Paragraph 57 of the Complaint.

58.     Experian denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever, as alleged in paragraph 58 of the Complaint.  Experian further denies that class treatment is appropriate for this action.

**<u>AFFIRMATIVE DEFENSES</u>**

Experian hereby sets forth the following affirmative defenses to the Complaint.  By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses.  Nor does Experian admit that Plaintiffs are relieved of their burden to prove each and every element of their claims and the damages, if any, to which they are entitled.  As for its affirmative defenses, Experian reasserts and reincorporates as if fully set forth herein its responses above to paragraphs 1 through 58 of the Complaint, and to the unnumbered prayers for relief contained therein.

## FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

Plaintiffs' claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
### (Compliance/Good Faith)

Plaintiffs' claims fail to the extent that, at all relevant times with respect to Plaintiffs, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

## THIRD AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause/Indemnification)

Plaintiffs' claims fail to the extent that Plaintiffs' purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FOURTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiffs' claims fail to the extent that Plaintiffs' purported damages were the direct and proximate result of the conduct of Plaintiffs or others.

## FIFTH AFFIRMATIVE DEFENSE
### (Venue)

Experian objects to the extent that this case has been brought in the wrong court and/or division pursuant to 28 U.S.C. §§ 1391 *et seq.* and Rule 3 of the Local Rules of the United States District Court for the Eastern District of Virginia.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure To Join A Necessary Party)

Plaintiffs' claims fail to the extent that necessary parties are not joined as defendants pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Punitive Damages)

Plaintiffs' claims for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages.  Additionally, Experian states that punitive damages violate its constitutional rights under the Constitution of the United States and the Constitution of Virginia.  Experian adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Cooper Indus., Inc. v. Leatherman Tool Grp, Inc.*, 532 U.S. 923 (2001); and *BMW v. Gore*, 517 U.S. 559 (1996).

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

The Complaint, and each claim for relief therein, is barred by laches.

## NINTH AFFIRMATIVE DEFENSE
### (Statute Of Limitations)

Experian is informed and believes, and thereon alleges, that all claims for relief in the Complaint herein are barred by the applicable statutes of limitations, including but not limited to 15 U.S.C. § 1681p.

## TENTH AFFIRMATIVE DEFENSE
### (Impropriety As A Class Action)

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 because, among other reasons, Plaintiffs' claims are not typical of the claims of

each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiffs' claims and any claims of putative class members; the named Plaintiffs and their counsel are unable to fairly and adequately protect the interests of putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Lack Of Jurisdiction Over The Putative Class)

This Court lacks jurisdiction over the members of the putative class.\

### TWELFTH AFFIRMATIVE DEFENSE
### (Class Treatment)

Experian opposes class certification, disputes the propriety of class treatment, and believes the named Plaintiffs have no valid claim against it.  If the Court certifies a class against Experian (against each of Experian's objections), then Experian asserts all of its Affirmative Defenses against each member of the certified class.  This Affirmative Defense, therefore, is conditional and applies only in the event of class certification.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Right To Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. respectfully prays as follows:

(1)     That Plaintiffs take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of this suit and attorneys' fees herein incurred; and

(3)     For such other relief as the Court may deem just and proper.

Dated:  March 22, 2013                         Respectfully Submitted,


                                               */s/ Joseph W. Clark*
                                               Joseph W. Clark (VA Bar No. 42664)
                                               Edward M. Wenger (admitted *pro hac vice*)
                                               JONES DAY
                                               51 Louisiana Avenue, N.W.
                                               Washington, DC  20001-2113
                                               Telephone:  (202) 879-3939
                                               Facsimile:  (202) 626-1700
                                               Email:  jwclark@jonesday.com
                                               Email:  emwenger@jonesday.com

                                               *Counsel for Defendant*
                                               *EXPERIAN INFORMATION SOLUTIONS, INC.*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed with the Court via the CM/ECF system.  The foregoing was served this 22nd day of March, 2013, on the following filing users by the CM/ECF system:

Leonard A. Bennett (VA Bar No. 37523)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone:  757.930.3660
Facsimile:  757.930.3662
Email:  lenbennett@clalegal.com

Matthew J. Erausquin (VA Bar No. 65434)
Janelle E. Mason (VA Bar No. 82389)
Casey S. Nash (VA Bar No. 84261)
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone:  703.273.7770
Facsimile:  888.892.3512
Email:  matt@clalegal.com
Email:  janelle@clalegal.com
Email:  casey@clalegal.com

*Counsel for Plaintiffs*
*GILBERT JAMES, SUSAN CHANDLER,*
*THERESA HOOD, ADEDAYO PETERSON, and*
*JOYCE RIDGLEY, on behalf of*
*themselves and all others similarly situated.*


/s/ Joseph W. Clark
Joseph W. Clark (VA Bar No. 42664)
Edward M. Wenger (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
Email:  jwclark@jonesday.com
Email:  emwenger@jonesday.com


*Counsel for Defendant*
*EXPERIAN INFORMATION SOLUTIONS,*
*INC.*