IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GILBERT JAMES, *et al.*, on behalf of themselves and all others similarly situated : : : Plaintiffs, : : v. : : EXPERIAN INFORMATION SOLUTIONS, INC. : : Defendant. : | Civil Action No. 3:12cv902 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE THE DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE, OR IN THE ALTERNATIVE, TO REASSIGN CASE**

COME NOW the Plaintiffs, by counsel, and in support of their Motion to Strike the Defendants' Reply in Support of its Motion to Transfer Venue, or in the Alternative, to Reassign Case, they state as follows:

Despite the Defendant's improper use of new claims and arguments in its reply brief that were not only completely unsupported by declarations, but also were not included in its original motion to transfer or reassign this case, the Defendant has nonetheless failed to meet its burden of proof to show that a venue transfer or reassignment of this case is appropriate. *See e.g.*, *The Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc.*, 2005 WL 1048748, *1 (E.D. Va. 2005). However, in an abundance of caution, Plaintiffs move to strike the Defendant's reply in support of its motion to transfer or reassign this case.

On March 22, 2013, the Defendant filed a Motion to Transfer Venue, or in the Alternative, to Reassign Case (Docket No. 12). In response to the Defendant's motion to transfer, the Plaintiffs properly responded to matters placed at issue by the Defendant. In its Reply, however, Defendant's argument impermissibly "spring[s] upon" the Plaintiff and the court new

reasons and, remarkably, even new documents that the Court should consider in deciding the Defendant's motion to transfer. The Court must reject these new arguments and entirely unauthenticated evidence. *Cia Petrolera Caribe, Inc., v. Arco Caribbean Inc.*, 754 F.2d 404, 409–10 (1st Cir. 1985). Indeed, this court has held, "a court . . . may not . . . under any circumstances consider evidence advanced by one party concerning disputed material facts that the opposing party is not presented an opportunity to challenge." *MercExchange, LLC., v. eBay, Inc.*, 467 F. Supp. 2d 608, 617 (E.D. Va. 2006) (citing *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990).

Although the Defendant discussed the role of NCAC in its original motion to transfer, it presented several new pieces of information regarding this department in its reply, including:

- If the Plaintiffs had called Experian regarding their disputes, their phone calls would have been handled by Experian's NCAC building in Allen, Texas. Def.'s Reply Supp. Mot. Transfer Venue 3, ECF No. 26;

- The documents produced to the Plaintiffs were kept in the ordinary course of business and were assembled by an Experian employee located in Allen, Texas. *Id*;

- The documents produced to the Plaintiff "*could only have been* gathered and printed in Allen, Texas." *Id.* (emphasis in original);

- Every possible relevant witness and document relevant to this action is located at Experian's NCAC building in Allen, Texas. *Id.* at 3, 10, 11; and

- For the purposes of the issues alleged by the Plaintiffs, Experian's Allen, Texas NCAC building is Experian's headquarters. *Id.* at 3.

In addition to the new information provided about the Allen, Texas NCAC facility,

Experian raises several completely new contentions to support their argument that a transfer of venue to the Northern District of Texas is appropriate. The Defendant discusses the Plaintiffs' first set of discovery requests and states that all of the documents needed to respond to these requests are located in Allen, Texas. *Id.* at 9. It also identifies a new witness to the action – Kimberly Hughes, Experian's Compliance and Litigation Analyst – without identifying any information that Ms. Hughes will offer, nor does the Defendant even attach an affidavit from Ms. Hughes to allow the court to determine if her testimony is actually pertinent to this action.

Finally, the Defendant contends – without any supporting citation or evidence – that "depending on the year, Experian sends between *three* and *ten* times more of these requests for additional information to consumers in Texas than it does to consumers in Virginia." Def.'s Reply Supp. Mot. Transfer Venue, 7 (emphasis in original). Experian also off-handedly asserts that there are "hundreds" more putative class plaintiffs in Texas than in Virginia. *Id.* Neither contention was raised in the Defendant's motion to transfer and thus the Plaintiffs did not have an opportunity to respond to these arguments.

Additionally, the Defendant failed to use sufficient affidavits or declarations in support of its new allegations in order to allow court to assess whether a transfer of this case is warranted. "Failure to make a particularized showing respecting the location of evidence undermines any weight the Court would otherwise accord based on the inconvenience of presenting that evidence in the transferee forum." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 638 (E.D. Va. 2003). Furthermore, "[t]he party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." *Samsung Elect. Co., Ltd. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 718 (E.D. Va. 2005) (internal citations and quotations omitted). Not only is the information discussed above not raised in the Defendant's

original motion to transfer or reassign, but the Defendant has improperly presented this evidence to this court without providing a particularized showing as to why this evidence supports the Defendant's claim that this case should be transferred or reassigned.

Accordingly, the Court should exercise its discretion in striking the reply and refusing to consider the newly raised legal arguments and documents. These arguments and documents were presumably available to the Defendant when it filed its motion to transfer. The Defendant did not even authenticate the documents via a simple declaration. Because it is axiomatic that the Defendant has filed an improper Reply brief, asserting theories that it should have asserted in its opening brief and presenting evidence to which the Plaintiffs have had no opportunity to respond, the court should exercise its discretion in providing the Plaintiffs with the appropriate relief.

For these reasons, the Plaintiffs respectfully request that the Court strike the Defendant's Reply in Support of Their Motion to Transfer Venue, or in the Alternative, to Reassign Case, and the exhibits attached thereto.

        Respectfully submitted,
        **PLAINTIFFS,**
        *individually and on behalf of all*
        *others similarly situated*

        By: _____/s/_____
            Of Counsel

Matthew J. Erausquin, VSB No. 65434
Janelle E. Mason, VSB No. 82389
Casey S. Nash, VSB No. 84261
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7700
Fax: (888) 892-3512
matt@clalegal.com
janelle@clalegal.com
casey@clalegal.com

Leonard A. Bennett, VSB No. 37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
Tel:   (757) 930-3660
Fax:   (757) 930-3662
lenbennett@clalegal.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 30th day of April, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joseph W. Clark (VA Bar No. 42664)
Edward M. Wenger (admitted pro hac vice)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
Email: jwclark@jonesday.com
Email: emwenger@jonesday.com

*Counsel for the Defendant*

                /s/
               Leonard A. Bennett, VSB No. 37523
               CONSUMER LITIGATION ASSOCIATES, P.C.
               763 J. Clyde Morris Boulevard, Suite 1-A
               Newport News, VA 23601
               Tel: (757) 930-3660
               Fax: (757) 930-3662
               lenbennett@clalegal.com