UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GILBERT JAMES<br>SUSAN CHANDLER<br>THERESA HOOD<br>ADEDAYO PETERSON<br>JOYCE RIDGLEY, on behalf of<br>themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Civil Action No. 3:12-cv-902-REP<br><br>Judge:  The Hon. Robert E. Payne |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

This Court should view Plaintiffs' Motion to Strike for what it is:  an unsupported, procedurally deficient maneuver that has wasted this Court's time and is intended to harass Experian.[1]  Courts have stated that motions to strike briefs "serve no purpose except to aggravate the opponent—and though that may have been the goal here, this goal is not one the judicial system will help any litigant achieve."  *Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007) (Easterbrook, J).  Such "[m]otions to strike disserve the interest of judicial economy," *id.*, are "unnecessary (from the parties' perspective)[,]" and "pointless (from the judiciary's)."  *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727–28 (7th Cir. 2006) (Easterbrook, J, in

---

[1]  *See Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) ("Motions to strike are generally viewed with disfavor, not only 'because striking a portion of a pleading is a drastic remedy,' but also 'because it is often sought by the movant simply as a dilatory tactic.'") (citing 5A A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed. 1990)).

chambers, criticizing motion to strike portions of appellate brief not only as unauthorized by appellate rules but also as an "absurd, time-wasting motion," and sanctioning filing party by shortening word limit in party's reply brief).

Because (1) Plaintiffs' Motion to Strike is not a proper procedural vehicle for attacking Experian's Reply Brief, (2) the information included in Experian's Reply Brief is clearly proper, and (3) Plaintiffs have made no attempt to demonstrate the prejudice necessary to warrant the drastic remedy they seek, this Court should deny Plaintiffs' Motion.

## BACKGROUND

Plaintiffs' Motion to Strike requires Experian, yet again, to correct Plaintiffs' slanted description of the record. Distilled to its core, the issue Experian asks this Court to decide is, given that Experian's Allen, Texas National Consumer Assistance Center ("NCAC") houses all relevant witnesses and documents known to Experian at this time, should this case remain in the Eastern District of Virginia, or should the Court transfer it to the Northern District of Texas? Rather than "properly responding" to this question, (D.E. 28, at 2), Plaintiffs submitted, in their Opposition Brief, the misrepresentation that Experian's NCAC is only "tangentially relevant." (D.E. 24, at 2.) This grossly inaccurate description of Experian's critical facility required Experian to correct the record. (*See* D.E. 26, at 2 ("Plaintiffs' mischaracterization of the background information warrants clarification.")). Experian did so in its Reply Brief.

While clarifying the record, Experian's Reply Brief did not introduce any "new claims and arguments," nor did it "spring[] upon" Plaintiffs "new reasons" why the Court should transfer this case. (D.E. 28, 1–2.) Rather, the information in Experian's Reply Brief "specifically relate[d]"[2] to Experian's fundamental argument—that this case belongs in the Northern District of Texas—and "merely respond[ed]" to Plaintiffs' absurd suggestion that

---

[2] *See DNT, LLC v. Sprint Spectrum, LP*, 750 F. Supp. 2d 616, 629–30 (E.D. Va. 2010).

Experian's Allen, Texas NCAC is a "tangentially relevant office."[3]  (D.E. 26, at 2.)  This is

*precisely* what a reply brief is designed to do, *see* Damon Thayer, "How to Write an Effective

Reply Brief," American Bar Association Section of Litigation, Pretrial Practice and Discovery

(Feb. 6, 2012) (Ex. A) ("A reply brief is not a condensed version or executive summary of the

opening brief.  The focus of any reply brief should be to *respond to opposing counsel's*

*arguments.*") (emphasis added), and Plaintiffs' contrary arguments are wrong as a matter of law,

fact, and common sense.

## ARGUMENT

## I.  PLAINTIFFS' MOTION TO STRIKE IS PROCEDURALLY IMPROPER.

Plaintiffs ignore that, under the Federal Rules of Civil Procedure and this Court's prior

case law, a motion to strike is not a proper mechanism for challenging information in a reply

brief.  Although Rule 12(f) of the Federal Rules of Civil Procedure permits motions to strike

"pleadings," Rule 7(a) expressly defines "pleadings" as complaints, answers, answers to

counterclaims, answers to crossclaims, third-party complaints, answers to third-party complaints,

and replies to answers.  Based on the only reasonable application of these two rules, this Court

has held that "[b]riefs and affidavits are *not pleadings*" for purposes of Rule 12(f), and,

accordingly, "a motion to strike . . . is *not* a proper way to challenge [a] responsive filing."  *Int'l*

*Longshoremen's Ass'n, S.S. Clerks Local 1624, AFL-CIO v. Virginia Int'l Terminals, Inc.*, 904

F. Supp. 500, 504 (E.D. Va. 1995).  Courts around the nation agree.  *See, e.g.*, *E.E.O.C. v.*

*Admiral Maintenance Serv., L.P.*, 174 F.R.D. 643, 646 (N.D. Ill. 1997) (collecting cases).[4]

---

[3]  *Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1456–57 (E.D. Wis. 1993) (quoted in *Ilozor v. Hampton Univ.*, No. 4:06cv90, 2007 WL 1310179, at *14 (E.D. Va. May 3, 2007)).

[4]  *See also Santana v. RCSH Operations, LLC*, 10-61376-CIV, 2011 WL 690174 (S.D. Fla. Feb. 18, 2011) ("[N]umerous courts in the Eleventh Circuit and elsewhere have held that a motion to strike filings (in whole or in part) that are not pleadings (as defined by Rule 7(a)) is improper."); *Croom v. Balkwall*, 672 F. Supp. 2d 1280, 1285 (M.D. Fla. 2009) ("Generally, a motion to strike is limited to the matters contained in the pleadings."); *Mann v. Darden*, No. 2:07cv751–MHT, 2009 WL 2019588, at *1 (M.D. Ala.  Jul. 6, 2009) (same); *McNair v.*

Plaintiffs fail to cite any authority, from this jurisdiction or any other, remotely suggesting that their Motion to Strike is procedurally defensible. They do not, because they cannot. This Court should deny their Motion to Strike on this ground alone. *See Int'l Longshoremen's Ass'n, S.S. Clerks Local 1624, AFL-CIO*, 904 F. Supp. at 504 ("Plaintiffs' motion to strike is not a proper method for challenging the . . . [d]efendants' reply. For that reason, their motion to strike is **DENIED**.") (emphasis in original).

## II.   PLAINTIFFS' MOTION TO STRIKE IS SUBSTANTIVELY MERITLESS.

Even if Plaintiffs' Motion to Strike was procedurally proper—which it is not—Plaintiffs' Motion is baseless on the merits. Plaintiffs cannot dispute that "evidence is properly submitted with [a] Reply brief" when such evidence "specifically relates to issues raised in the initial motion." *DNT, LLC*, 750 F. Supp. 2d at 629; *see also Mike's Train House, Inc. v. Broadway Ltd. Imps., LLC*, 708 F. Supp. 2d 527, 535 (D. Md. 2010) (denying motion to strike when "reply merely presented additional evidence for its previous arguments"); *Ilozor*, 2007 WL 1310179, at *14 (evidence that "specifically relate[s] to an issue raised . . . in . . . initial motion" is "properly submitted with [a] reply brief."). Moreover, it is beyond dispute that evidence which "merely responds to matters placed in issue by the opposition brief" is not subject to a motion to strike. *Baugh*, 823 F. Supp. at 1456–57 (quoted in *Ilozor*, 2007 WL 1310179, at *14); *see also DNT*,

---

(continued…)

*Monsanto Co.*, 279 F. Supp. 2d 1290, 1298 (M.D. Ga. 2003) ("In this circuit, the use of a rule 12(f) motion for the advancement of objections to an affidavit filed in support of a motion is generally considered improper."); *Superior Prod. P'ship v. Gordon Auto Body Parts Co., Ltd.*, No. 2:06–cv–0916, 2008 WL 2230774, at *1 (S.D. Ohio May 28, 2008) ("[M]otions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.") (quoting *Lowery v. Hoffman*, 188 F.R.D. 651, 653 (M.D. Ala. 1999)) (citing 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[2] (3d ed. 1999); *Newsome v. Webster*, 843 F. Supp. 1460, 1464 (S.D. Ga. 1994) (motion to strike not appropriate to challenge affidavits); *Welch v. Board of Directors*, 146 F.R.D. 131, 138–39 (W.D. Pa. 1993) (same holding as *Newsome*); *Board of Educ. v. Admiral Heating & Ventilation, Inc.*, 94 F.R.D. 300, 304 (N.D. Ill. 1982) (memoranda are not pleadings thus motion to strike footnote was improper); *Resolution Trust Corp. v. Blasdell*, 154 F.R.D. 675, 683 (D. Ariz. 1993) (Rule 12(f) cannot be used to strike a response to a motion to dismiss). *But see, Simmons v. Al Smith Buick Co.*, 841 F. Supp. 168, 170 (E.D.N.C. 1993) (striking a brief which was not permitted by local rules).

*LLC*, 750 F. Supp. at 616, 629–30 (denying motion to strike new submission in reply brief when contested submissions were "simply responsive to . . . arguments made in . . . [the o]pposition brief"); *see generally Western Publ'g Co. v. MindGames, Inc.*, 944 F. Supp. 754, 755 n.1 (E.D. Wis. 1996) ("Motions to strike are generally disfavored and information . . . *will not be stricken* unless it is evident that it *has no bearing* upon the subject matter of the litigation.") (emphases added).

Plaintiffs concede, as they must, that Experian "discussed the role of the NCAC in its original motion to transfer." (D.E. 28, at 2.)  They immediately insist, however, that Experian's further discussion of the role of the NCAC in its Reply Brief is improper.  (*Id.*)  This argument defies logic, ignores this Court's case law, and misconstrues Experian's briefing.  *Everything* included in Experian's Reply Brief about the role of the NCAC is "*specifically relate[d]"* to the primary issue in Experian's Initial Motion, *DNT, LLC*, 750 F. Supp. 2d at 629–30—namely, that all critical documents and witnesses are located at Experian's Allen, Texas NCAC—and is "*simply responsive*" to Plaintiffs' indefensible argument that Experian's NCAC is "tangentially relevant," *Baugh*, 823 F. Supp. at 1456–57.

For example, Plaintiffs cite, as a "new piece[] of information regarding" the NCAC, Experian's purported representation that "[e]very possible relevant witness and document relevant to this action is located at Experian's NCAC building in Allen, Texas." (D.E. 28, at 2.) But this is *precisely* the argument Experian made in its Initial Motion to Transfer.  (*See* D.E. 12, at 3 ("Experian's likely witnesses will be located either in Allen, Texas or at Experian's Costa Mesa, California headquarters," and "all conceivably relevant documents are located at Experian's NCAC").)  And this argument is *explicitly* supported by the affidavit of Experian employee Teresa Iwanski, which was affixed to Experian's Initial Motion.  (*See* D.E. 12, Ex. B,

at ¶ 5 ("Upon information and belief, all records and witnesses concerning the handling of Plaintiffs' Experian credit files, including any disputes they made, are located in Experian's National Consumer Assistance Center in Allen, Texas.") (affidavit of Teresa Iwanski).)  To wrongly suggest that Experian sprung this information on Plaintiffs is indefensible.

The other examples Plaintiffs describe as "new pieces of information" fair no better. Some—that the documents Experian produced were kept in Texas and assembled by an Experian employee working in Texas—are clearly variations of information that Experian discussed in its Initial Brief and that Plaintiffs have known about since prior to filing suit; as noted in Experian's Reply Brief, (D.E. 26, at 3), Plaintiffs themselves attached as exhibits to their Complaint copies of correspondence from Experian bearing an Allen, Texas return address.  (*See* D.E. 1, Exs. A– E.)  Another—that the NCAC is Experian's headquarters for purposes of this case—is not actually "information" or evidence at all, but instead is the conclusion that necessarily follows from the undisputed evidence about the NCAC's importance to the issues in this case.  None of the examples Plaintiffs discuss is the type of "new information" even arguably subject to a motion to strike.  Rather, all relate specifically to Experian's overarching argument—that based on the location of Experian's documents and witnesses, this case belongs in the Northern District of Texas—and respond specifically to Plaintiff's unsupported (and unsupportable) assertion that Experian's Allen, Texas NCAC is "tangentially relevant."  (D.E. 24, at 2.)

This Court need not seriously consider Plaintiffs' other arguments.  They suggest that Experian should have discussed in its Initial Motion the location of the documents needed to respond to Plaintiffs' discovery requests, while ignoring the fact that they served these requests *nearly a month* after Experian filed its Motion to Transfer.  (*Compare* D.E. 12, at 21 (date of service Mar. 22, 2013) *with* D.E. 26, Ex. B (Plaintiffs' First Set of Discovery Requests, dated

Apr. 18, 2013).)  Plaintiffs fault Experian for identifying Kimberly Hughes as a "new witness" and doing so "without identifying any information that Ms. Hughes will offer."  (D.E. 28, at 3.) But Plaintiffs' counsel has *personally deposed* Kimberly Hughes in prior Fair Credit Reporting Act cases before—as recently as August 24, 2012 in *Calderon v. Experian Information Solutions, Inc.*, Case No: 1:11-cv-00386-EJL (D. Idaho) (Ex. B ("FOR THE PLAINTIFF, MR. LEONARD BENNETT (VIA TELEPHONE), Consumer Litigation Associates, PC)—rendering completely disingenuous any suggestion that her involvement in this case would come as a surprise.

Further, Experian's representation that many more putative class plaintiffs reside in Texas than in Virginia was in direct response to Plaintiffs' argument that such evidence did not exist.  (*See* D.E. 24, at 7–8.)  As thoroughly discussed, evidence in a reply brief that "merely responds to matters placed in issue by the opposition brief" is clearly permissible.  *Baugh*, 823 F. Supp. at 1456–57 (quoted in *Ilozor*, 2007 WL 1310179, at *14).  Plaintiffs have no grounds to complain about evidence damning to an argument they introduced.

Finally, Plaintiffs rehash their flawed argument that Experian "failed to make a particularized showing respecting the location of evidence."  (D.E. 28, at 3 (quotation omitted).) As Experian has continuously asserted, *all* relevant witnesses and *every* relevant document of which Experian is currently aware can be found at Experian's Allen, Texas NCAC.  Experian has clearly supported these assertions with "sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience."  *Samsung Elect. Co., Ltd. v. Rambus, Inc*., 386 F. Supp. 2d 708, 718 (E.D. Va. 2005) (internal citations and quotations omitted).  And because of Plaintiffs' spurious Motion to Strike, Experian has now done so in *three separate briefs*.

Plaintiffs' Motion to Strike is substantively meritless. This Court has explicitly approved the practice of including information in a reply brief that relates to arguments raised in an initial motion or responds to arguments raised in an opposition brief. This is precisely what Experian has done. Plaintiffs' Motion should be denied.

## III.  PLAINTIFFS CANNOT DEMONSTRATE THE PREJUDICE NECESSARY TO JUSTIFY A MOTION TO STRIKE, AND HAVE MADE NO ATTEMPT TO DO SO.

Finally, even if Plaintiffs' Motion was procedurally authorized or substantively meritorious—which it is not—they failed to demonstrate that theirs is the exceptional case where a motion to strike is warranted.  "[E]ven a properly made motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted." *International Longshoremen's Ass'n, S.S. Clerks Local 1624, AFL-CIO*, 904 F. Supp. at 504 (citing *First Financial Sav. Bank v. American Bankers Ins. Co.*, 783 F. Supp. 963, 966 (E.D.N.C. 1991); *see also United States v. Fairchild Indus. Inc.*, 766 F. Supp. 405, 408 (D. Md. 1991) ("A motion to strike is a drastic remedy and is therefore not favored.") (citing 5A C. Wright and A. Miller, Federal Practice and Procedure: Civil, § 1380 at 647; *Steuart Inv. Co. v. Bauer Dredging Const. Co.*, 323 F. Supp. 907, 909 (D. Md. 1971)).  In order to prove that such a drastic remedy is warranted, Plaintiffs were tasked with demonstrating that they "would be prejudiced by [Experian] arguing an issue without an opportunity for the[m] to respond." *Clawson v. FedEx Ground Package System, Inc.*, 451 F. Supp. 2d 731, 735 (D. Md. 2006).

Plaintiffs make no attempt to demonstrate how any information Experian included in its Reply Brief could have conceivably prejudiced them. They half heartedly assert that they "did not have an opportunity to respond to" Experian's argument that more putative class members reside in Texas than in Virginia, but they fail to hint at what their response might have been, and it is not readily apparent to Experian that they could possibly have crafted a response. If

Plaintiffs were actually concerned about arguments they did not have the opportunity to make, they could have requested leave of the Court to file a surreply, which—unlike their Motion to Strike—is permitted by the law of the Eastern District of Virginia.  *See U.S. ex rel. v. Halliburton Co.*, No. 1:11cv602, 2011 WL 6178878, at *12 (E.D. Va. Dec. 12, 2011) (noting that courts have discretion to permit surreplies).  They chose not to do so, and this strongly suggests that they have no response.  Accordingly, their Motion to Strike is nothing more than an improper attempt to hide from the Court facts they cannot address.

## CONCLUSION

Plaintiffs' Motion to Strike serves no purpose other than to divert the Court's attention away from the issues raised in Experian's Motion.  Despite their best efforts, Plaintiffs have not—and cannot—refute the arguments that Experian made in their Motion to Transfer.

At the core, Experian asked the Court to find that (1) this case clearly belongs in the Northern District of Texas, and (2) Plaintiffs' manipulation of the case assignment process warrants reassignment.  Rather than "properly responding" to Experian's Motion, (D.E. 28, at 1), Plaintiffs distorted the record, (*see* D.E. 26, at 2), misapplied this Court's case law, (D.E. 28, at 5, 7), and—for reasons still not entirely clear to Experian—accused Experian of trying to avoid litigation in the Ninth Circuit, but not the Fourth Circuit or the Eastern District of Virginia.  (*see* D.E. 26, at 14.)  Experian used its Reply Brief to accomplish the precise objective for which a reply brief is designed:  correcting misstatements of fact and misapplications of law.

Now, Plaintiffs frivolously ask that the Court ignore Experian's corrections and accept as undisputed the misrepresentations in Plaintiffs Opposition Brief.  Doing so would be a wholesale attack on the interests of justice.  It must be rejected.

Moreover, the entirely new round of briefing that Plaintiffs' dilatory tactic triggered is wasteful of the Court's resources, as well as Experian's.  As stated by Judge Easterbrook,

"[m]otions to strike disserve the interest of judicial economy.  The aggravation comes at an unacceptable cost in judicial time."  *Redwood*, 476 F.3d at 471.  This is especially true when considering that Plaintiffs' motion is frivolous as a matter of procedure, substance, and reason.

The Court need not accept this cost.  Experian asks that the Court deny Plaintiffs' Motion to Strike and turn its attention back to (1) whether this case belongs in the Eastern District of Virginia, and (2) whether Plaintiffs' docket manipulation warrants reassignment.

Dated:  May 10, 2013                    Respectfully Submitted,


                                        */s/ Joseph W. Clark*
                                        Joseph W. Clark (VA Bar No. 42664)

                                        Daniel J. McLoon (admitted *pro hac vice*)
                                        JONES DAY
                                        555 South Flower Street, Fiftieth Floor
                                        Los Angeles, CA 90071
                                        Telephone:  (213) 243-2580
                                        Facsimile:  (213) 243-2539
                                        E-mail: djmcloon@jonesday.com

                                        Joseph W. Clark (VA Bar No. 42664)
                                        Edward M. Wenger (admitted *pro hac vice*)
                                        JONES DAY
                                        51 Louisiana Avenue, N.W.
                                        Washington, DC  20001-2113
                                        Telephone:  (202) 879-3939
                                        Facsimile:  (202) 626-1700
                                        Email:  jwclark@jonesday.com
                                        Email:  emwenger@jonesday.com

                                        *Counsel for Defendant*
                                        *EXPERIAN INFORMATION SOLUTIONS, INC.,*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed with the Court via the CM/ECF system.  The foregoing was served this 10th day of May, 2013, on the following filing users by the CM/ECF system:

Leonard A. Bennett (VA Bar No. 37523)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone:  757.930.3660
Facsimile:  757.930.3662
Email:  lenbennett@clalegal.com

Matthew J. Erausquin (VA Bar No. 65434)
Janelle E. Mason (VA Bar No. 82389)
Casey S. Nash (VA Bar No. 84261)
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone:  703.273.7770
Facsimile:  888.892.3512
Email:  matt@clalegal.com
Email:  janelle@clalegal.com
Email:  casey@clalegal.com

*Counsel for Plaintiffs*
*GILBERT JAMES, SUSAN CHANDLER,*
*THERESA HOOD, ADEDAYO PETERSON, and*
*JOYCE RIDGLEY, on behalf of*
*themselves and all others similarly situated.*

*/s/ Joseph W. Clark*
Joseph W. Clark

*Counsel for Defendant*
*EXPERIAN INFORMATION SOLUTIONS,*
*INC.*