UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GILBERT JAMES <br> SUSAN CHANDLER <br> THERESA HOOD <br> ADEDAYO PETERSON <br> JOYCE RIDGLEY, on behalf of <br> themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendant. | Civil Action No. 3:12-cv-902-REP <br><br> Judge: The Hon. Robert E. Payne |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER**

Defendant, Experian Information Solutions, Inc. ("Experian") respectfully submits this Memorandum In Support Of Its Motion For A Protective Order.

Plaintiffs and Experian have agreed, in principal, that the Court should enter a protective order. But despite diligent, good faith negotiations, the parties have not reached agreement on certain provisions. Because Plaintiffs seek discovery into Experian's trade secrets and confidential business information, as well as discovery involving private identifying information of consumers unrelated to this litigation, (*see* Ex. A at Nos. 1–37 (Pls' 1st Req. For Prod. Of

Docs. at Nos. 1–37)), Experian respectfully requests that the Court enter Experian's proposed protective order, attached as Exhibit B.[1]

## BACKGROUND

During the March 27, 2013 Rule 26(f) conference, Experian and Plaintiffs agreed, in principal, to entry of a protective order. Experian provided Plaintiffs with a draft proposed protective order on April 8, 2013. (*See* Ex. C; *see also* Ex. B.) Experian's draft was identical in all material respects to prior protective orders to which Plaintiffs' counsel had agreed in at least two prior putative class cases litigated in the Eastern District of Virginia within the last two years. (*See* Ex. D (protective order entered in *Pumphrey et al. v. Experian Info. Solutions, Inc.*, No. 3:11-cv-00574 (E.D. Va. Mar. 1, 2012); Ex. E (protective order entered in *Dreher v. Experian Info. Solutions, Inc. et al.,* No. 3:11-cv-00624 (E.D. Va. Jul. 9, 2012).) Plaintiffs failed to respond immediately to Experian's proposal.

On April 18, 2013, Plaintiffs served their first requests for production of documents on Experian, many of which sought identifying information for private consumers, (*see, e.g.*, Ex. A at No. 26, ("[p]lease produce all consumer complaints (lawsuits, disputes, or otherwise) you have received in the last five years made or brought against you by consumers based on your failure to properly investigate a tradeline." )), Experian trade secrets, (*see, e.g., id.* at No. 7 ("[p]lease produce all documents describing or identifying the means or manner in which information pertaining to a consumer, such as credit accounts, personal identifying information, public record information, etc. is matched to a specific consumer.")), and other confidential business information, (*see, e.g., id.* at No. 16 ("[p]lease produce the personnel file(s) of each employee or

---

[1] Experian expressly preserves any and all available objections to Plaintiffs' discovery requests.

agent who has ever handled or processed a dispute or conducted an investigation or reinvestigation of any information ever placed in any of the Plaintiffs' files.").)

Experian again requested that Plaintiffs agree to entry of Experian's proposed protective order. (Ex. F.) Plaintiffs, however, refused to agree to the draft proposed by Experian and accused Experian of altering the standard protective order to which Plaintiffs had agreed in prior cases. (Ex. G.) Experian responded, assuring Plaintiffs that the only changes were non-substantive grammatical corrections and providing Plaintiffs with a redline demonstrating the same. (*See* Ex. H; Ex. I.)

On April 24, 2013, Plaintiffs provided Experian with their edits to Experian's proposed protective order. (*See* Ex. J; Ex. K.) Plaintiffs' counterproposal deleted or significantly altered a number of critical provisions. On May 22, 2013, Experian and Plaintiffs conducted a telephonic meet and confer, in accordance with Local Rule 37(E). During the meet and confer and subsequent conversations, the parties resolved many of the outstanding issues involving the protective order. (*See* Ex. L.)

Plaintiffs, however, still refuse to include Experian's proposed paragraph 12, which simply restates the parties' indisputable ethical obligation to "promptly return" any "inadvertently produced" privileged material or attorney work product, as well as "all copies of those materials that may have been made and any notes regarding those materials shall be destroyed." (Ex. B at ¶ 12.)

To be certain, Experian is prepared to produce thousands of pages of material responsive to Plaintiffs' discovery requests, in accordance with the deadlines established by the parties' Agreed Motion For Extension Of Time To Respond To Plaintiffs' Discovery Requests. (*See* D.E. 30 (granting agreed motion and ordering that "the defendant shall respond to the plaintiffs'

discovery request by May 31, 2013").) But Experian cannot produce its confidential material in the absence of a protective order. Accordingly, Experian respectfully requests that the Court enter the attached proposed protective order, which incorporates the uncontroversial provision that the parties agree to act in accordance with their indisputable ethical duties.

## ARGUMENT

Rule 26(c) of the Federal Rules of Civil Procedure provides that a court may enter a protective order requiring that the discovery of information must proceed under specified terms and conditions, and that the disclosure of confidential information be revealed only in a designated way. *See* Fed. R. Civ. P. 26(c). Although the moving party must demonstrate that good cause exists for entry of a protective order, *id.*, courts are not required "to determine good cause on a document-by-document, or transcript-page-by-transcript-page, basis." *U.S. ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 566 (E.D. Va. 2010). Rather, this Court has the power "to issue umbrella protective orders protecting classes of documents after a threshold showing by the party seeking protection." *Pearson v. Miller,* 211 F.3d 57, 73 (3d Cir. 2000).

Because unauthorized disclosure of Experian's confidential materials "will cause specific prejudice or harm, such as annoyance, embarrassment, oppression, or undue burden or expense," *U.S. ex rel. Davis*, 753 F. Supp. 2d at 565, entry of a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or to be revealed only in a specified way," is warranted. *Level 3 Commc'n, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 581 (E.D. Va. 2009) (citing to Fed. R. Civ. P. 26(c)(1)(G)); *see also Pittson Co. v. United States*, No. Civ.A.3:97CV294, 2002 WL 32158052, *3 (E.D. Va. Oct. 2, 2002) ("A blanket protective order which allows the producing party to maintain protection of sensitive documents . . . is essential to the discovery process and is to be

encouraged in every way."); *id.* ("Timely resolution of large-scale litigation often requires the use of Rule 26(c) protective orders.").

Experian's proposed protective order—the terms of which have been entered in cases remarkably similar to this one, (*see* Ex. D; Ex. E)—strikes the appropriate balance between Plaintiffs' interest in securing their requested documents and Experian's interest in protecting its confidential, proprietary, and sensitive information from inappropriate and unnecessary disclosure. Moreover, Experian's proposed paragraph 12 simply restates the ethical obligation of all litigants to "promptly return" or destroy any "inadvertently produced" privileged material, as well as "all copies of those materials that may have been made and any notes regarding those materials." (Ex. B at ¶ 12.) Plaintiffs would not agree to this provision, but they certainly cannot dispute that they are subject to it. Moreover, they have no legitimate objection to the terms of this non-controversial provision, and they will not be prejudiced by its inclusion.

According to Virginia Legal Ethics Opinion 1702, "once [a] receiving lawyer discovers that he has a confidential document inadvertently transmitted by opposing counsel or opposing counsel's client, he has an *ethical duty* to notify opposing counsel, to honor *opposing counsel's instructions* about disposition of the document, and *not to use* the document in contravention of opposing counsel's instructions." VSB Standing Comm. on Legal Ethics, LEO No. 1702, (1997) at. 6 (emphases added). This ethical duty "foster[s] the bedrock ethical principle of safeguarding client confidences and secrets," and "[s]afeguarding client confidences is a categorical imperative that should not hinge on someone pushing the wrong number on a facsimile machine, or putting documents in the wrong envelope." *Id*. at 5.[2] Binding caselaw also obligates

---

[2] Virginia's ethics requirement that lawyers return inadvertently disclosed confidential materials is modeled after the ABA Committee on Ethics and Professional Responsibility's

Plaintiffs to promptly return inadvertently produced privileged material. *Fed. Deposit Ins. Corp. v. Marine Midland Realty Credit Corp.*, 138 F.R.D. 479, 482 (E.D. Va. 1991) (inadvertent disclosure may constitute a waiver of attorney client privilege only "where the circumstances of the disclosure reflect gross negligence or a failure to take reasonable precautions to avoid the disclosure").[3]

As courts have recognized, inadvertent productions are bound to occur when parties produce documents under time constraints. *See Fed. Deposit Ins. Corp.*, 138 F.R.D. at 482 (holding that "a party may be excused from the waiver consequences of an inadvertent disclosure where the number of documents to be screened is large and the time for screening short"); *Transamerica Computer v. Int'l Bus. Mach.*, 573 F.2d 646, 651–52 (9th Cir. 1978) (holding that some document productions are so massive, and the time constraints so stringent, that the disclosing party is "in a very practical way, 'compelled' to produce privileged documents which

---

(continued…)

approach. *See* ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 92-368 (1992) (stating that "[a] lawyer who receives material that on their face appear to be subject to the attorney-client privilege or otherwise confidential, under circumstances where it is clear they were not intended for the receiving lawyer, should refrain from examining the materials, notify the sending lawyer and abide the instructions of the lawyer who sent them."). This approach is followed by ethics committees around the country. *See* Prof'l Ethics of the Fla. Bar, Op. 93-3 (1994) (holding that inadvertently produced privileged documents must be returned); Me. Bd. Of Overseers of the Bar, Op. 146 (1994) (same); Ohio Bd. of Comm'r on Grievances and Discipline, Op. 3-11 (1993) (same).

[3] *See also In re Grand Jury Proceedings*, 727 F.2d 1352, 1356 (4th Cir. 1984) (holding that "inadvertent disclosure is a species of waiver," and "[w]aivers must typically be intentional or knowing acts. Inadvertent disclosures are, by definition, unintentional acts . . . ."); *Gunther v. Va. State Bar*, 238 Va. 617, 621 (1989) (finding that the rules of evidence do not displace ethical standards governing lawyers, and rejecting the argument "if it's legal, it's ethical"); *Resolution Trust Corp. v. First of Am. Bank*, 868 F. Supp. 217, 220 (W.D. Mich. 1994) (stating that, "[w]hile lawyers have an obligation to vigorously advocate the positions of their clients, this does not include the obligation to take advantage of a clerical mistake in opposing counsel's office where something so important as the attorney-client privilege is involved.").

it certainly would have withheld and would not have produced had the discovery program proceeded under a less demanding schedule."). If, while responding to Plaintiffs exceedingly broad requests for production of documents, Experian inadvertently produces a privileged document, Plaintiffs are under an indisputable obligation to comply with their ethical obligations to "promptly return" or destroy any "inadvertently produced" privileged materials, as well as "all copies of those materials that may have been made and any notes regarding those materials."

Plaintiffs have mistakenly read into paragraph 12 an extension that would allow Experian to clawback documents that it has not previously identified as confidential and re-designate those documents confidential. (*See* Ex. L.) Experian has repeatedly assured Plaintiffs that Plaintiffs are misinterpreting this provision, that their fears are unfounded, and that Experian does not interpret this provision as altering the responsibilities memorialized in Federal Rule of Evidence 502 or in Federal Rule of Civil Procedure 26(b)(5). (*See* Ex. M.). The protective order in this case should reflect Plaintiffs' uncontroversial ethical obligations, and the Court should therefore enter Experian's proposed protective order in its entirety.

## **CONCLUSION**

For the forgoing reasons, Experian respectfully requests that this Court enter the proposed protective order, attached as Exhibit B.

## **LOCAL RULE 37(E) CERTIFICATION**

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and Local Rule 37(E), Experian certifies that the parties have made diligent good faith efforts, without success, to resolve this matter amicably prior to seeking the Court's assistance.

Dated: May 31, 2013	Respectfully Submitted,


	*/s/ Joseph W. Clark*
	Joseph W. Clark (VA Bar No. 42664)

	Daniel J. McLoon (admitted *pro hac vice*)
	JONES DAY
	555 South Flower Street, Fiftieth Floor
	Los Angeles, CA 90071
	Telephone: (213) 243-2580
	Facsimile: (213) 243-2539
	E-mail: djmcloon@jonesday.com

	Joseph W. Clark (VA Bar No. 42664)
	Edward M. Wenger (admitted *pro hac vice*)
	JONES DAY
	51 Louisiana Avenue, N.W.
	Washington, DC 20001-2113
	Telephone: (202) 879-3939
	Facsimile: (202) 626-1700
	Email: jwclark@jonesday.com
	Email: emwenger@jonesday.com

	*Counsel for Defendant*
	*EXPERIAN INFORMATION SOLUTIONS, INC.,*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed with the Court via the CM/ECF system. The foregoing was served this 31st day of May, 2013, on the following filing users by the CM/ECF system:

| | |
|---|---|
| Leonard A. Bennett (VA Bar No. 37523)<br>CONSUMER LITIGATION ASSOCIATES, P.C.<br>763 J. Clyde Morris Blvd., Suite 1-A<br>Newport News, VA 23601<br>Telephone:  757.930.3660<br>Facsimile:  757.930.3662<br>Email:  lenbennett@clalegal.com | Matthew J. Erausquin (VA Bar No. 65434)<br>Janelle E. Mason (VA Bar No. 82389)<br>Casey S. Nash (VA Bar No. 84261)<br>CONSUMER LITIGATION ASSOCIATES, P.C.<br>1800 Diagonal Road, Suite 600<br>Alexandria, VA 22314<br>Telephone:  703.273.7770<br>Facsimile:  888.892.3512<br>Email:  matt@clalegal.com<br>Email:  janelle@clalegal.com<br>Email:  casey@clalegal.com |

*Counsel for Plaintiffs*
*GILBERT JAMES, SUSAN CHANDLER,*
*THERESA HOOD, ADEDAYO PETERSON, and*
*JOYCE RIDGLEY, on behalf of*
*themselves and all others similarly situated.*

*/s/ Joseph W. Clark*
Joseph W. Clark

*Counsel for Defendant*
*EXPERIAN INFORMATION SOLUTIONS, INC.*