# EXHIBIT I

~~DRAFT~~
~~04/24/2013~~

**<u>IN THE</u> UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**<u>Richmond Division</u>**
**~~RICHMOND DIVISION~~**

|  |  |
|---|---|
| ~~GILBERT JAMES~~ | Civil Action No.**<u>:</u>** 3:~~12~~**<u>11</u>**-~~cv~~**<u>CV</u>**-902-~~REP~~**<u>574</u>** |
| ~~SUSAN CHANDLER~~ | |
| ~~THERESA HOOD~~ | |
| ~~ADEDAYO PETERSON~~ | |
| ~~JOYCE RIDGLEY, on behalf of~~ | ~~Judge:  The Hon. Robert E. Payne~~ |
| **GLORIA PUMPHREY and ANGALYN** | |
| **JONES, for** themselves and **on behalf of** | |
| all ~~others~~ similarly situated **<u>individuals</u>,** | |
| | |
| **Plaintiffs,** | |
| | |
| | |
| **v.** | |
| | |
| **EXPERIAN INFORMATION** | |
| **SOLUTIONS, INC.,** | |
| | |
| **Defendant.** | |

**~~STIPULATED~~<u>STIPULATED</u> PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between Plaintiffs ~~Gilbert James, Susan Chandler, Teresa Hood, Adedayo Peterson, and Joyce Ridgley, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs")~~**<u>, GLORIA PUMPHREY and ANGALYN JONES,</u>** and Defendant ~~Experian Information Solutions~~**<u>EXPERIAN INFORMATION SOLUTIONS</u>**, ~~Inc.~~**<u>INC.</u>,** ("Experian"), through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, or other

DRAFT
04/24/2013

proprietary information belonging to Experian and/or credit and other confidential information of

Plaintiff and third parties whose information may be disclosed during the discovery process.

THEREFORE, this Court orders as follows:

1.    This Order shall govern the use, handling, and disclosure of all documents,

testimony or information produced or given in this action that are designated to be subject to this

Order.

2.    Any documents, testimony or information submitted, either voluntarily or

pursuant to any subsequent order, which is asserted in good faith by the producing party or by

any other party to contain or constitute information protected by Federal Rule of Civil Procedure

26(c) or other provision of law, shall be so designated in writing, or orally at a deposition,

hearing, or trial, and shall be segregated from other information being submitted.  Materials so

designated shall be clearly marked on their face with the legend:  "CONFIDENTIAL."  Such

documents, transcripts, or other materials are referred herein as "CONFIDENTIAL

MATERIALS."

3.    A party wishing to designate portions of a deposition transcript CONFIDENTIAL

pursuant to this Order must, within ~~two (2)~~ business days from the conclusion of the deposition,

order the original or a copy of the transcript of the deposition from the court reporter for regular

turnaround.  The designating party may designate those portions of the transcript

CONFIDENTIAL, in accordance with paragraph 2 of this Order.  The designating party shall

designate such CONFIDENTIAL MATERIAL either on the record or by serving upon all

counsel of record via facsimile or other electronic transmission a Notice setting forth the page,

line numbers and designation.  The designating party must serve such Notice within ~~fourteen~~

~~(14)~~ calendar days after its counsel receives a copy of the deposition transcript.  All transcripts

will be treated as confidential until the expiration of the ~~fourteen (14)~~ day period described in this paragraph.  Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order.  The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4.      All CONFIDENTIAL MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial, or competitive purposes, or for any purpose whatsoever, other than solely for the preparation and trial of this action in accordance with this Order.

5.      Subject to paragraph 9, in the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties and their attorneys and support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts and their staff employed for this litigation; except that a party may disclose its own CONFIDENTIAL MATERIALS to an expert who may not be identified as a testifying expert; (iv) present or former employees of the producing party in connection with their depositions in this action, including witness produced pursuant to Fed. R. Civ. P. 30(b)(6); (v) witnesses who are deposed in this action or who are called to testify as witnesses at any hearing in this action, but only in preparation for the deposition or hearing and only as to such material in which the witness is identified as an originator, author, addressee, or recipient of the original or a copy; and (vi) the Court, Court personnel, and members of any jury impaneled to hear this case.

DRAFT
04/24/2013

6.      Subject to paragraph 9, in the absence of prior written permission from the designating party or an order by the Court, any party that seeks to disclose any CONFIDENTIAL MATERIALS to any disclosed expert pursuant to paragraph 5(iii) must give notice in writing by facsimile or by electronic transmission to the designating party not less than five (5) days prior to the proposed disclosure.  Such notice must include the name of the disclosed expert, the date of the proposed disclosure, a summary of the disclosure, and the expert's educational and employment history.  If the designating party objects in good faith to the proposed disclosure, it must give notification in writing by facsimile or by electronic transmission of its objections and the grounds thereof prior to the date of the proposed disclosure.  If the dispute is not resolved informally within three (3) days of such notice of objections, the designating party shall submit each objection to the Court, together with a request for a ruling, not later than five (5) days after the expiration of that three (3)  day period.  The dissemination of such CONFIDENTIAL MATERIALS to such expert shall be withheld pending the Court's ruling.

7.      Subject to paragraph 9, CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 5(iii) unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation.  All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto.  No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above

in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

8.      Subject to paragraph 9, in the absence of prior written permission from designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than counsel of record in this case.

9.      In the event that any party disagrees with any designation made under this Order, that party shall bring it to the attention of the designating party within ten (10) days.  The parties shall first try in good faith to resolve the disagreement informally.  If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for ten (10) days after such notice.  The designating party shall have the right to move the Court to retain the designated status of such materials.  If the designating party files such a motion within the ten (10) day period, the receiving party shall continue to retain the materials as CONFIDENTIAL consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

10.      Subject to paragraph 9, any party seeking to file CONFIDENTIAL MATERIALS with the Court must contact the designating party five (5) days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS can be filed with the Court.  In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS shall file such material in accordance with Local Rule 5(B) & (D).  The designating party shall file a Motion to File Under Seal, in accordance with Local Rule 5(C)-(D),

simultaneously with the other party's filing.  The parties shall work together in good faith to

coordinate the filing of all motions and material covered by this paragraph to permit compliance

with the Local Rules.

11.     Subject to paragraph 9, within sixty (60) days after the conclusion of this case, the

parties shall assemble and return to the designating party all materials containing information

designated in accordance with paragraph 2, above.  The designating party may elect to have its

designated materials destroyed rather than returned, in which case the other party shall provide

written verification that the materials, including any summaries, extracts, compilations, notes, or

other attorney work product, have been destroyed.

12.     The inadvertent or unintentional disclosure of Confidential Materials by a

producing party of information subject to a claim of attorney-client privilege or work product

immunity shall not be deemed a waiver in whole or in part of the party's claim of privilege or

work product immunity, either as to the specific information disclosed or as to any other

information relating thereto or on the same subject matter.  If a party has inadvertently produced

information subject to a claim of privilege or immunity, the receiving party, upon request, or, on

its own initiative as such time as the receiving party reasonably and in good faith believes itself

to be in possession of inadvertently produced materials subject to a claim of privilege or

immunity, whichever occurs first, shall promptly return the inadvertently produced materials,

and all copies of those materials that may have been made and any notes regarding those

materials shall be destroyed.  The party returning such information may move the Court for an

order compelling production.

13.     Nothing in this Protective Order shall be construed to prevent a party or a

~~nonparty~~**non-party** from seeking such further provisions regarding confidentiality as may be

DRAFT
04/24/2013

appropriate or from seeking an amendment or modification of the existing terms of this Protective Order upon proper notice, motion and showing.

14.     Nothing in this Protective Order shall be deemed a waiver by a party of any objections that might be raised as to the relevance or admissibility at trial of evidentiary materials.

15.     This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order.  Each individual signing the acknowledgment attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

16.     This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 5(H).

17.     Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" nor the failure to make such designation, shall constitute evidence on any issue in this case.  The designation of any materials as "CONFIDENTIAL" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

18.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

19.     The Court may impose appropriate sanctions for the disclosure of Confidential Information in violation of this Protective Order or for the improper designation of documents or testimony pursuant to this Protective Order.

DRAFT
04/24/2013

IT IS SO ORDERED.

Dated: _____

_____
The Honorable Robert E. Payne.
United States District Judge

DRAFT
04/24/2013

**AGREED BY:**

**Dated:** **February 29, 2012**

**/s/ Joseph W. Clark**
**Joseph W. Clark**

**Daniel J. McLoon (pro hac vice)**
**JONES DAY**
**555 South Flower Street, Fiftieth Floor**
**Los Angeles, CA 90071**
**Telephone:  (213) 243 – 2580**
**Fax:  (213) 243 – 2539**
**E-mail: djmcloon@jonesday.com**
***Attorney for Defendant***

**Joseph W. Clark**
**Virginia State Bar No. 42664**
**JONES DAY**
**51 Louisiana Avenue, NW**
**Washington, DC  20001-2113**
**Telephone:  (202) 879 – 3697**
**Fax:  (202) 626 – 1700**
**E-mail: jwclark@jonesday.com**
***Attorney for Defendant***

Dated: ~~April ___~~ **February 29**, ~~2013~~**2012**           ~~Dated:  April ___, 2013~~

~~/s/ Leonard A. Bennett~~
~~Leonard A. Bennett (VA Bar No. 37523)~~

~~Matthew J. Erausquin (VA Bar No. 65434)~~
~~Janelle E. Mason (VA Bar No. 82389)~~
~~Casey S. Nash (VA Bar No. 84261)~~
~~CONSUMER LITIGATION ASSOCIATES, P.C.~~
~~1800 Diagonal Road, Suite 600~~
~~Alexandria, VA 22314~~
~~Telephone:  703.273.7770~~
~~Facsimile:  888.892.3512~~
~~Email:  matt@clalegal.com~~
~~Email:  janelle@clalegal.com~~
~~Email:  casey@clalegal.com~~

~~Leonard A. Bennett (VA Bar No. 37523)~~
~~CONSUMER LITIGATION ASSOCIATES, P.C.~~
~~763 J. Clyde Morris Blvd., Suite 1-A~~
~~Newport News, VA 23601~~
~~Telephone:  757.930.3660~~
~~Facsimile:  757.930.3662~~
~~Email:  lenbennett@clalegal.com~~

~~*Counsel for Plaintiffs*~~
~~*GILBERT JAMES, SUSAN CHANDLER, THERESA HOOD, ADEDAYO PETERSON, JOYCE RIDGLEY, on behalf of*~~
~~*themselves and all others similarly situated.*~~

/s/ ~~Joseph W. Clark~~**Leonard A. Bennett** _____
~~Joseph W. Clark (VA Bar. No. 42664)~~

**Leonard A. Bennett, Esq.**
**CONSUMER LITIGATION ASSOCIATES, P.C.**
**12515 Warwick Boulevard, Suite 100**
**Newport News, Virginia 23606**
**Tel: (757) 930-3660**
**Fax: (757) 930-3662**
**Email: lenbennett@clalegal.com**
***Attorney for Plaintiffs***

~~Daniel~~**Matthew** J. ~~McLoon (admitted *pro hac vice*)~~**Erausquin**
**CONSUMER LITIGATION ASSOCIATES, P.C.**
**1800 Diagonal Road, Suite 600**
~~JONES DAY~~
~~555 South Flower Street, Fiftieth Floor~~
~~Los Angeles~~**Alexandria**, ~~CA 90071~~**VA 22314**
~~Telephone~~**Tel**: (213**703**) 243**273**-2580**7700**
~~Facsimile~~**Fax**: (213**888**) 243**892**-2539**3512**
~~E-mail~~**Email**:
~~djmcloon@jonesday~~**matt@clalegal**.com
***Attorney for Plaintiffs***

**Dale W. Pittman**
~~Joseph~~**The Law Office of Dale** W. ~~Clark (VA Bar No~~**Pittman, P**.~~42664)~~**C.**
**The Eliza Spotswood House**
**112-A West Tabb Street**
~~Edward M. Wenger (admitted *pro hac vice*)~~
~~JONES DAY~~
~~51 Louisiana Avenue, N.W.~~
~~Washington~~**Petersburg**, ~~DC 20001~~**Virginia 23803**
**Tel: (804) 861-6000**
**Fax: (804) 861-3368**
~~Telephone: 202.879.3939~~
~~Facsimile: 202.626.1700~~
Email:
~~jwclark@jonesday~~**dale@pittmanlawoffice**.com
~~Email: emwenger@jonesday.com~~

~~*Counsel*~~***Attorney*** for ~~*Defendant*~~***Plaintiffs***

~~DRAFT~~
~~04/24/2013~~

*~~EXPERIAN INFORMATION SOLUTIONS, INC.~~*

**IT IS SO ORDERED.**

**Dated: _____, 2012**

_____
**UNITED STATES DISTRICT JUDGE**

~~DRAFT~~
~~04/24/2013~~

# EXHIBIT A

~~DRAFT~~
~~04/24/2013~~

UNITED STATES DISTRICT COURT
~~FOR THE~~ EASTERN DISTRICT OF VIRGINIA
**Richmond**
~~**RICHMOND DIVISION**~~

|  |  |
|---|---|
| ~~GILBERT JAMES~~ <br> ~~SUSAN CHANDLER~~ <br> ~~THERESA HOOD~~ <br> ~~ADEDAYO PETERSON~~ <br> ~~JOYCE RIDGLEY, on behalf of~~ <br> **GLORIA PUMPHREY and ANGALYN JONES, for** <br> themselves and **on behalf of** all ~~others~~ similarly situated <br> **individuals**, <br><br> Plaintiffs, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendant. | ~~Civil Action~~ No.**:** <br> 3:~~12~~**11**-~~ev~~**CV**-~~902-~~ <br> ~~REP~~**574** <br><br> ~~Judge:  The Hon.~~ <br> ~~Robert E. Payne~~ |

**DECLARATION OF _____ UNDER**
**STIPULATED PROTECTIVE ORDER**

I, _____ being duly sworn, declare as follows:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____
_____.

**4.**      I hereby acknowledge that: (i) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above-referenced case; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

**5.**      I will comply with all of the provisions of the Protective Order.  I will hold all Confidential Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order.  I will not use any Confidential Material disclosed to me for any purposes other than this case.

**6.**      I will return all Confidential Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

**7.**      I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcement of the Protective Order in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

_____

| **Summary Report:** | |
|---|---|
| **Litera Change-Pro ML IC 6.5.0.313 Document Comparison done on 4/24/2013 10:31:48 AM** | |
| **Style Name:** JD Blackline | |
| **Original Filename:** | |
| **Original DMS:** iw://WAI/WAI/3122248/3 | |
| **Modified Filename:** Experian __ Pumphrey_Jones Protective Order.doc | |
| **Modified DMS:** | |
| **Changes:** | |
| **Add** | 76 |
| ~~Delete~~ | 138 |
| ~~Move From~~ | 0 |
| Move To | 0 |
| **Table Insert** | 2 |
| ~~Table Delete~~ | 2 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| **Total Changes:** | 218 |

~~DRAFT~~
~~04/24/2013~~

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ~~RICHMOND DIVISION~~Richmond Division

|  |  |  |
|---|---|---|
| ~~GILBERT JAMES~~ ~~SUSAN CHANDLER~~ ~~THERESA HOOD~~ ~~ADEDAYO PETERSON~~ ~~JOYCE RIDGLEY,~~**Michael T. Dreher, for himself, and** on behalf of~~themselves and all others~~ similarly situated **individuals**, | ) ) ) ) ) ) ) ) ) ) | ~~Civil Action No~~**CASE NO**. 3:~~12~~**11**-cv-~~902~~**00624**-REP |
|  | ) ) ) | **JAG** |
| ~~Plaintiffs~~**Plaintiff**, | ) ) | |
|  | ) | ~~Judge:  The Hon. Robert E. Payne~~ |
| v. | ) ) ) | |
| **Experian Information Solutions, Inc.,** | ) ) ) | |
| ~~EXPERIAN INFORMATION SOLUTIONS, INC.,~~ | ) | |
| ~~Defendant~~**Defendants**. | | |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between ~~Plaintiffs Gilbert James, Susan Chandler, Teresa Hood, Adedayo Peterson, and Joyce Ridgley, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs").~~**Plaintiff Michael T. Dreher** and Defendant Experian Information Solutions, Inc. ("Experian"), through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, or

DRAFT
04/24/2013

other  proprietary information belonging to Experian and/or credit and other confidential information of Plaintiff and third parties whose information may be disclosed during the discovery process.

     THEREFORE, this Court orders as follows:

     1.    This Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action that are designated to be subject to this  Order.

     2.    Any documents, testimony or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c) or other provision of law, shall be so designated in writing, or orally at a deposition, hearing, or trial, and shall be segregated from other information being submitted.  Materials so designated shall be clearly marked on their face with the legend:  "CONFIDENTIAL."  Such documents, transcripts, or other materials are referred herein as "CONFIDENTIAL MATERIALS."

     3.    A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within ~~two (2)~~ business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround.  The designating party may designate those portions of the transcript CONFIDENTIAL, in accordance with paragraph 2 of this Order.  The designating party shall designate such CONFIDENTIAL MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page,  line numbers and designation.  The designating party must serve such Notice within ~~fourteen (14)~~ calendar days after its counsel receives a copy of the deposition transcript.  All transcripts will be treated as confidential until the expiration of the ~~fourteen~~ (14) day period described in this

DRAFT
04/24/2013

paragraph.  Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order.  The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4.      All CONFIDENTIAL MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial, or competitive purposes, or for any purpose whatsoever, other than solely for the preparation and trial of this action in accordance with this Order.

5.      Subject to paragraph 9, in the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties and their attorneys and support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts and their staff employed for this litigation; except that a party may disclose its own CONFIDENTIAL MATERIALS to an expert who may not be identified as a testifying expert; (iv) present or former employees of the producing party in connection with their depositions in this action, including witness produced pursuant to Fed. R. Civ. P. 30(b)(6); (v) witnesses who are deposed in this action or who are called to testify as witnesses at any hearing in this action, but only in preparation for the deposition or hearing and only as to such material in which the witness is identified as an originator, author, addressee, or recipient of the original or a copy; and (vi) the Court, Court personnel, and members of any jury impaneled to hear this case.

6.      Subject to paragraph 9, in the absence of prior written permission from the designating party or an order by the Court, any party that seeks to disclose any CONFIDENTIAL MATERIALS to any disclosed expert pursuant to paragraph 5(iii)

must give notice in writing by facsimile or by electronic transmission to the designating party not less than five (5) days prior to the proposed disclosure.  Such notice must include the name of the disclosed expert, the date of the proposed disclosure, a summary of the disclosure, and the expert's educational and employment history.  If the designating party objects in good faith to the proposed disclosure, it must give notification in writing by facsimile or by electronic transmission of its objections and the grounds thereof prior to the date of the proposed disclosure.  If the dispute is not resolved informally within three (3) days of such notice of objections, the designating party shall submit each objection to the Court, together with a request for a ruling, not later than five (5) days after the expiration of that ~~three (3)~~ day period.  The dissemination of such CONFIDENTIAL MATERIALS to such expert shall be withheld pending the Court's ruling.

7.      Subject to paragraph 9, CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 5(iii) unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation.  All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto.  No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

8.      Subject to paragraph 9, in the absence of prior written permission from designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be

DRAFT
04/24/2013

disclosed to any person other than counsel of record in this case.

9.      In the event that any party disagrees with any designation made under this Order, that party shall bring it to the attention of the designating party within ~~ten~~ (10) days.  The parties shall first try in good faith to resolve the disagreement informally.  If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for ten (10) days after such notice.  The designating party shall have the right to move the Court to retain the designated status of such materials.  If the designating party files such a motion within the ten (10) day period, the receiving party shall continue to retain the materials as CONFIDENTIAL consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

10.     Subject to paragraph 9, any party seeking to file CONFIDENTIAL MATERIALS with the Court must contact the designating party ~~five~~ (5) days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS can be filed with the Court.  In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS shall file such material in accordance with Local Rule 5(B) & (D).  The designating party shall file a Motion to File Under Seal, in accordance with Local Rule 5(C)-(D), simultaneously with the other party's filing.  The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules.

11.     Subject to paragraph 9, within sixty (60) days after the conclusion of this case, the parties shall assemble and return to the designating party all materials

DRAFT
04/24/2013

containing information designated in accordance with paragraph 2, above.  The designating party may elect to have its designated materials destroyed rather than returned, in which case the other party shall provide written verification that the materials, including any summaries, extracts, compilations, notes, or other attorney work product, have been destroyed.

12.    The inadvertent or unintentional disclosure of Confidential Materials by a producing party of information subject to a claim of attorney-client privilege or work product immunity shall not be deemed a waiver in whole or in part of the party's claim of privilege or work product immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same subject matter.  If a party has inadvertently produced information subject to a claim of privilege or immunity, the receiving party, upon request, or, on its own initiative as such time as the receiving party reasonably and in good faith believes itself to be in possession of inadvertently produced materials subject to a claim of privilege or immunity, whichever occurs first, shall promptly return the inadvertently produced materials, and all copies of those materials that may have been made and any notes regarding those materials shall be destroyed. The party returning such information may move the Court for an order compelling production.

13.    Nothing in this Protective Order shall be construed to prevent a party or a nonparty from seeking such further provisions regarding confidentiality as may be appropriate or from seeking an amendment or modification of the existing terms of this Protective Order upon proper notice, motion and showing.

14.    Nothing in this Protective Order shall be deemed a waiver by a party of any objections that might be raised as to the relevance or admissibility at trial of evidentiary materials.

15.    This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties

DRAFT
04/24/2013

bound hereby for the purposes of enforcing this Order.  Each individual signing the acknowledgment attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

16.     This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 5(H).

17.     Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" nor the failure to make such designation, shall constitute evidence on any issue in this case.  The designation of any materials as "CONFIDENTIAL" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

18.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

19.     The Court may impose appropriate sanctions for the disclosure of Confidential Information in violation of this Protective Order or for the improper designation of documents or testimony pursuant to this Protective Order.

DRAFT
04/24/2013

IT IS SO ORDERED.

Dated: _____

_____
The Honorable Robert E. Payne
United States District Judge

**AGREED BY:**

Dated:  April ___, 2013

/s/ Leonard A. Bennett
Leonard A. Bennett (VA Bar No. 37523)

Matthew J. Erausquin (VA Bar No. 65434)
Janelle E. Mason (VA Bar No. 82389)
Casey S. Nash (VA Bar No. 84261)
CONSUMER LITIGATION ASSOCIATES,
P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone:  703.273.7770
Facsimile:  888.892.3512
Email:  matt@clalegal.com
Email:  janelle@clalegal.com
Email:  casey@clalegal.com

Leonard A. Bennett (VA Bar No. 37523)
CONSUMER LITIGATION ASSOCIATES,
P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone:  757.930.3660
Facsimile:  757.930.3662
Email:  lenbennett@clalegal.com

*Counsel for Plaintiffs*
*GILBERT JAMES, SUSAN CHANDLER,*
*THERESA HOOD, ADEDAYO PETERSON,*
*JOYCE RIDGLEY, on behalf of*
*themselves and all others similarly situated.*

Dated:  April ___, 2013

/s/ Joseph W. Clark
Joseph W. Clark (VA Bar. No. 42664)

Daniel J. McLoon (admitted *pro hac vice*)
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone:  (213) 243-2580
Facsimile:  (213) 243-2539
E-mail: djmcloon@jonesday.com

Joseph W. Clark (VA Bar No. 42664)
Edward M. Wenger (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone: 202.879.3939
Facsimile: 202.626.1700
Email: jwclark@jonesday.com
Email:  emwenger@jonesday.com

*Counsel for Defendant*
*EXPERIAN INFORMATION SOLUTIONS,*
*INC.*

**Dated:**        **November 9, 2012**            **Respectfully submitted,**


                                            */s/ Joseph W. Clark*
                                            **Joseph W. Clark**
                                            **Virginia Bar No. 42664**
                                            **JONES DAY**
                                            **51 Louisiana Ave NW**
                                            **Washington, DC 20001**
                                            **Telephone:   (202) 879-3697**
                                            **Fax: (202) 626-1700**
                                            **E-mail: jwclark@jonesday.com**
                                            ***Attorney for Defendant***
                                            ***Experian Information Solutions, Inc.***


                                            */s/ Leonard A. Bennett*
                                            **Leonard A. Bennett, Esq.**
                                            **CONSUMER LITIGATION**
                                            **ASSOCIATES, P.C.**
                                            **763 J. Clyde Morris Blvd**
                                            **Newport News, VA 23606**
                                            **Telephone:   (757) 930-3660**
                                            **Fax: (757) 930-3662**
                                            **E-mail: lenbennett@clalegal.com**
                                            ***Attorney for Plaintiffs***


**IT IS SO ORDERED.**

**Dated:**        _____, _____


                                            _____
                                            **UNITED STATES DISTRICT JUDGE**

DRAFT
~~04/24/2013~~

# **EXHIBIT A**

~~DRAFT~~
~~04/24/2013~~

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ~~RICHMOND DIVISION~~Richmond Division

|  |  |  |
|---|---|---|
| ~~GILBERT JAMES~~ )<br>~~SUSAN CHANDLER~~ )<br>~~THERESA HOOD~~ )<br>~~ADEDAYO PETERSON~~ )<br>~~JOYCE RIDGLEY,~~**Michael T. Dreher,** )<br>**for himself, and** on behalf of~~themselves~~ )<br>~~and all others~~ similarly situated )<br>**individuals**, )<br> )<br> )<br>~~Plaintiffs~~**Plaintiff**, )<br> )<br> )<br>v. )<br> )<br>**Experian Information Solutions, Inc.,** )<br> )<br>~~EXPERIAN INFORMATION~~ )<br>~~SOLUTIONS, INC.,~~ )<br> <br>Defendant. | | ~~Civil Action No~~**CASE NO**. 3:~~12~~**11**-<br>cv-~~902~~**00624**-REP<br><br><br>**JAG**<br><br><br>~~Judge:  The Hon. Robert E. Payne~~ |

_____ **DECLARATION OF** _____ **UNDER**
**STIPULATED PROTECTIVE ORDER**

I, _____ being duly sworn, declare as follows:

1.  My address is _____.

2.  My present employer is _____.

3.  My present occupation or job description is _____

I hereby acknowledge that: (i) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above-referenced case; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

I will comply with all of the provisions of the Protective Order.  I will hold all Confidential Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not

DRAFT
04/24/2013

qualified under the Protective Order.  I will not use any Confidential Material disclosed to me for any purposes other than this case.

I will return all Confidential Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcement of the Protective Order in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

_____

| Summary Report: Litera Change-Pro ML IC 6.5.0.313 Document Comparison done on 4/24/2013 10:29:51 AM | |
|---|---|
| **Style Name:** JD Blackline | |
| **Original Filename:** | |
| **Original DMS:** iw://WAI/WAI/3122248/3 | |
| **Modified Filename:** Dreher __ Protective Order.docx | |
| **Modified DMS:** | |
| **Changes:** | |
| **Add** | 25 |
| ~~Delete~~ | 89 |
| ~~Move From~~ | 0 |
| Move To | 0 |
| **Table Insert** | 1 |
| ~~Table Delete~~ | 1 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| **Total Changes:** | 116 |