# EXHIBIT K

# UNITED STATES DISTRICT COURT
# ~~FOR THE~~ EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

|  |  |  |
|---|---|---|
| GILBERT JAMES<br>SUSAN CHANDLER<br>THERESA HOOD<br>ADEDAYO PETERSON<br>JOYCE RIDGLEY, on behalf of<br>themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　Defendant. | ）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>） | ~~Civil Action No. 3:12-cv-902-REP~~<br><br><br><br><br>Civil Action No. 3:12-cv-902-REP<br>~~Judge:  The Hon. Robert E. Payne~~ |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiffs Gilbert James, Susan Chandler, Teresa Hood, Adedayo Peterson, and Joyce Ridgley, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), and Defendant Experian Information Solutions, Inc. ("Experian"), through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, or other proprietary information belonging to Experian and/or credit and other confidential information of Plaintiff and third parties whose information may be disclosed during the discovery process.

THEREFORE, this Court orders as follows:

1.     This Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action that are designated to be subject to this Order.

2.     Any documents, testimony or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c) or other provision of law, shall be so designated in writing, or orally at a deposition, hearing, or trial, and shall be segregated from other information being submitted.  Materials so designated shall be clearly marked on their face with the legend:  "CONFIDENTIAL."  Such documents, transcripts, or other materials are referred herein as "CONFIDENTIAL MATERIALS."  The designation label shall not cover, underlay or otherwise impair the readability of the text of the document(s).  The designating Party shall by separate correspondence accompanying the production of the designated documents, specific the specific provision of law or Rule, as well as the substantive explanation for the designating party's assertion of such provision of law or Rule that is the basis for the designation.

3.     A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within two (2) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround.  The designating party may designate those portions of the transcript CONFIDENTIAL, in accordance with paragraph 2 of this Order.  The designating party shall designate such CONFIDENTIAL MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the specific page, line numbers and designation.  The designating party must serve such Notice within

fourteen (14) calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as confidential until the expiration of the fourteen (14) day period described in this paragraph. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4.      All CONFIDENTIAL MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial, or competitive purposes, or for any purpose whatsoever, other than solely for the discovery, preparation and/or trial of this action in accordance with this Order.

5.      Subject to paragraph 97, in the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than:  (i) the parties and their attorneys and support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed consulting or retained experts and their staff employed for this litigation; except that a party may disclose its own CONFIDENTIAL MATERIALS to an expert who may not be identified as a testifying expert; (iv) present or former employees of the producing party in connection with their depositions in this action, including witness produced pursuant to Fed. R. Civ. P. 30(b)(6); (v) witnesses who are deposed in this action or who are called to testify as witnesses at any hearing in this action, but only in preparation for the deposition or hearing and only as to such material in which the witness is identified as an originator, author, addressee, or recipient of the original or a copy; and (vi) the Court, Court personnel, and members of any jury impaneled to hear this case.

6. ~~Subject to paragraph 9, in the absence of prior written permission from the designating party or an order by the Court, any party that seeks to disclose any CONFIDENTIAL MATERIALS to any disclosed expert pursuant to paragraph 5(iii) must give notice in writing by facsimile or by electronic transmission to the designating party not less than five (5) days prior to the proposed disclosure.  Such notice must include the name of the disclosed expert, the date of the proposed disclosure, a summary of the disclosure, and the expert's educational and employment history.  If the designating party objects in good faith to the proposed disclosure, it must give notification in writing by facsimile or by electronic transmission of its objections and the grounds thereof prior to the date of the proposed disclosure.  If the dispute is not resolved informally within three (3) days of such notice of objections, the designating party shall submit each objection to the Court, together with a request for a ruling, not later than five (5) days after the expiration of that three (3) day period.  The dissemination of such CONFIDENTIAL MATERIALS to such expert shall be withheld pending the Court's ruling.~~

~~7.~~ Subject to paragraph ~~9~~7, CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 5~~(iii)~~ who is not an attorney of record or employed by a law firm of such an attorney of record unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation.  All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the discovery, preparation for and trial of this case between the named parties thereto.  No person receiving or reviewing CONFIDENTIAL MATERIALS

shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

8.     ~~Subject to paragraph 9, in the absence of prior written permission from designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than counsel of record in this case.~~

9~~7~~.     In the event that any party disagrees with any designation made under this Order, that party shall bring it to the attention of the designating party within ten (10) days.  The parties shall first try in good faith to resolve the disagreement informally.  If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for ten (10) days after such notice.  The designating party shall have the right to move the Court to retain the designated status of such materials.  If the designating party files such a motion within the ten (10) day period, the receiving party shall continue to retain the materials as CONFIDENTIAL consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

10~~8~~.     Subject to paragraph 9~~7~~, any party seeking to file CONFIDENTIAL MATERIALS with the Court must contact the designating party ~~five~~ two (~~5~~2) days prior to such filing to:  (i) provide the designating party with notice that it seeks to file CONFIDENTIAL MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS can be filed with the Court.  In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS shall attempt to file such material in accordance with Local

Rule 5(B) & (D).  The designating party shall file a Motion to File Under Seal, in accordance

with Local Rule 5(C)-(D), simultaneously with the other party's filing.  The parties shall work

together in good faith to coordinate the filing of all motions and material covered by this

paragraph to permit compliance with the Local Rules.

~~11~~9.    Subject to paragraph ~~9~~7, within sixty (60) days after the conclusion of this case,

the parties shall assemble and return to the designating party all materials containing information

designated in accordance with paragraph 2, above.  The ~~designating~~ receiving party may elect to

~~have its~~destroy the designated materials ~~destroyed~~ rather than return themed, in which case the

~~other~~ receiving party shall provide written verification that the materials, including any

summaries, extracts, or compilations~~, notes, or other attorney work product,~~ have been destroyed.

~~12.    The inadvertent or unintentional disclosure of Confidential Materials by a~~

~~producing party of information subject to a claim of attorney-client privilege or work product~~

~~immunity shall not be deemed a waiver in whole or in part of the party's claim of privilege or~~

~~work product immunity, either as to the specific information disclosed or as to any other~~

~~information relating thereto or on the same subject matter.  If a party has inadvertently produced~~

~~information subject to a claim of privilege or immunity, the receiving party, upon request, or, on~~

~~its own initiative as such time as the receiving party reasonably and in good faith believes itself~~

~~to be in possession of inadvertently produced materials subject to a claim of privilege or~~

~~immunity, whichever occurs first, shall promptly return the inadvertently produced materials,~~

~~and all copies of those materials that may have been made and any notes regarding those~~

~~materials shall be destroyed.  The party returning such information may move the Court for an~~

~~order compelling production.~~

~~13~~10.    Nothing in this Protective Order shall be construed to prevent a party or a

nonparty from seeking such further provisions regarding confidentiality as may be appropriate or

from seeking an amendment or modification of the existing terms of this Protective Order upon

proper notice, motion and showing.

14 11.   Nothing in this Protective Order shall be deemed a waiver by a party of any

objections that might be raised as to the relevance or admissibility at trial of evidentiary

materials.

15 12.   This Order shall remain binding after the conclusion of this case unless otherwise

ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the

purposes of enforcing this Order.  Each individual signing the acknowledgment attached as

Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

16 13.   This Order does not prevent any party from seeking to seal trial transcripts and/or

trial exhibits, including documents previously filed under seal, or from seeking any other similar

relief pursuant to Local Rule 5(H).

17 14.   Neither the entry of this Order, nor the designation of any material as

"CONFIDENTIAL" nor the failure to make such designation, shall constitute evidence on any

issue in this case.  The designation of any materials as "CONFIDENTIAL" does not waive that

party's objection to any discovery on the ground that it seeks information protected by Federal

Rule of Civil Procedure 26(c) or other provision of law.

18 15.   Nothing herein shall affect or restrict the rights of any party with respect to its

own documents or to the information obtained or developed independently of materials afforded

confidential treatment pursuant to this Order.

19 16.   The Court may impose appropriate sanctions for the disclosure of Confidential

Information in violation of this Protective Order or for the improper designation of documents or

testimony pursuant to this Protective Order.

IT IS SO ORDERED.


Dated: _____


_____
The Honorable Robert E. Payne.
United States District Judge

**AGREED BY:**

Dated: April ___, 2013

/s/ Leonard A. Bennett
Leonard A. Bennett (VA Bar No. 37523)

Matthew J. Erausquin (VA Bar No. 65434)
Janelle E. Mason (VA Bar No. 82389)
Casey S. Nash (VA Bar No. 84261)
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone:  703.273.7770
Facsimile:  888.892.3512
Email:  matt@clalegal.com
Email:  janelle@clalegal.com
Email:  casey@clalegal.com

Leonard A. Bennett (VA Bar No. 37523)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone:  757.930.3660
Facsimile:  757.930.3662
Email:  lenbennett@clalegal.com

*Counsel for Plaintiffs*
*GILBERT JAMES, SUSAN CHANDLER,*
*THERESA HOOD, ADEDAYO PETERSON,*
*JOYCE RIDGLEY, on behalf of*
*themselves and all others similarly situated.*

Dated: April ___, 2013

/s/ Joseph W. Clark
Joseph W. Clark (VA Bar. No. 42664)

Daniel J. McLoon (admitted *pro hac vice*)
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone:  (213) 243-2580
Facsimile:  (213) 243-2539
E-mail: djmcloon@jonesday.com

Joseph W. Clark (VA Bar No. 42664)
Edward M. Wenger (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone: 202.879.3939
Facsimile: 202.626.1700
Email: jwclark@jonesday.com
Email:  emwenger@jonesday.com

*Counsel for Defendant*
*EXPERIAN INFORMATION SOLUTIONS,*
*INC.*

DRAFT
05/21/2013

# **EXHIBIT A**

DRAFT
05/21/2013

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| GILBERT JAMES | ) | |
| SUSAN CHANDLER | ) | |
| THERESA HOOD | ) | |
| ADEDAYO PETERSON | ) | Civil Action No. 3:12-cv-902-REP |
| JOYCE RIDGLEY, on behalf of | ) | |
| themselves and all others similarly situated, | ) | |
| | ) | Judge:  The Hon. Robert E. Payne |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DECLARATION OF _____ UNDER
## STIPULATED PROTECTIVE ORDER

I, _____ being duly sworn, declare as follows:

1.  My address is _____.

2.  My present employer is _____.

3.  My present occupation or job description is _____

I hereby acknowledge that:  (i) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above-referenced case; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

I will comply with all of the provisions of the Protective Order.  I will hold all Confidential Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order.  I will not use any Confidential Material disclosed to me for any purposes other than this case.

I will return all Confidential Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

DRAFT
05/21/2013

I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcement of the Protective Order in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

_____