# EXHIBIT M



| | | |
|---|---|---|
| Subject: | Re: James v. Experian | 05/29/2013 08:08 PM |
| From: | Joseph W Clark | |
| | Extension:  43697 | |
| To: | Matt Erausquin | |
| Cc: | Casey Nash, Edward M Wenger, Janelle Mason, Leonard Bennett | |

Matt,

This paragraph focuses entirely on information subject to attorney client privilege or work product immunity.

It specifically reads "The inadvertent or unintentional disclosure of confidential materials by a producing party of information **subject to a claim of attorney client privilege or work product immunity**  shall not be deemed a waiver in whole or in part of the parties claim of privilege or work product immunity...."

It does not address an instance where we produce materials that we should have designated confidential (but failed to do so) unless that information is in fact subject to a claim of attorney client privilege or work product immunity.

In other words, if we produce a document that should have been marked confidential and it is not otherwise attorney client privilege or subject to the work product immunity then we are outside the scope of this paragraph and would need to invoke some other rule or law to clawback the document.

This paragraph centers on docs that are subject to AC and WP.  We need the paragraph.

Joe


Joseph W. Clark
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113

Direct:  (202) 879-3697
Facsimile:  (202) 626-1700
Email:  jwclark@jonesday.com


From: Matt Erausquin <matt@clalegal.com>

To: Joseph W Clark <jwclark@JonesDay.com>
Cc: Casey Nash <casey@clalegal.com>, Edward M Wenger <emwenger@jonesday.com>, Janelle Mason <janelle@clalegal.com>, Leonard Bennett <lenbennett@clalegal.com>

Date: 05/29/2013 07:58 PM
Subject: Re: James v. Experian

The issue is the inadvertent disclosure of what?  Privileged material has its own clawback provisions already in the Rules.  We can copy and paste this language into the PO if you want.  But there is no need to extend clawback beyond that to cover information that Experian believes is confidential.  In the alternative, Experian just moves for a protective order for those documents that it wants to protect, and we don't use a blanket order.  Then there will be no inadvertent disclosure.

Sent from my iPhone

On May 29, 2013, at 7:53 PM, "Joseph W Clark" <jwclark@JonesDay.com> wrote:

Matt,

We can agree to the various positions expressed below except item 4.

We do not intend to use paragraph 12 (new paragraph 10) for the purpose you have described in item number 4 below nor do we read paragraph 12 (new paragraph 10) as allowing such conduct.

Paragraph 12 (new paragraph 10) should be a part of the protective order as it tracks the rules of ethics that governs inadvertent disclosures.  I, for one, have never seen a protective order that does not make some provision for inadvertent disclosures.

Please consent to its inclusion.  Please advise.  Thank you.

Joe


Joseph W. Clark
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113

Direct:  (202) 879-3697
Facsimile:  (202) 626-1700
Email:  jwclark@jonesday.com

| | |
|---|---|
| From: | Matt Erausquin <matt@clalegal.com> |
| To: | Joseph W Clark <jwclark@jonesday.com>, Edward M Wenger <emwenger@jonesday.com> |
| Cc: | Leonard Bennett <lenbennett@clalegal.com>, Casey Nash <casey@clalegal.com>, Janelle Mason <janelle@clalegal.com> |
| Date: | 05/29/2013 10:15 AM |
| Subject: | James v. Experian |

Joe: I just tried calling your office and they said you weren't in yet. I have to catch a flight this afternoon, so here's our position on the remaining issues we discussed last week on the protective order:

1) We will agree to disclose all individuals that have executed Exhibit A (including consulting experts), provided that Experian will agree to a reciprocal provision for all individuals (inside or outside of Experian) that review materials designated as Confidential in conjunction with this case. (paragraph 5)
2) We are also okay with your change to "shall file" instead of "attempt to file". (new paragraph 8)
3) We will agree to "two business days" to meet and confer prior to filing designated materials. (new paragraph 8)
3) We do not agree to destroy our attorney work product at the end of the case. We do agree to otherwise continue to be bound by the protective order thereafter, and will therefore not disclose information designated as Confidential to third parties. (new paragraph 9).
4) We do not agree to extend the clawback provisions of FRE 502 to material that you should have designated as Confidential. The language as it now exists provides you with the opportunity to file any motion you want in the event that you inadvertently produce something that you later believe should have been designated as Confidential. (new paragraph 10).

Other issues:

A) We would like your consent to extend our time to amend the complaint through the end of July.
B) We previously noticed the deposition of Experian's management employee primarily responsible for overseeing the process by which consumer disputes are processed. We moved it at your request. Please provide us with new dates in the next two weeks. (We will likely take this telephonically).
C) If Experian is content to wait until August to mediate, please send your preferred dates and we will confirm on our end.

Thanks,
Matt

--
Matthew J. Erausquin
Consumer Litigation Associates, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA  22314
Tel. 703-273-7770
Fax. 888-892-3512

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========