# CLA
## Consumer Litigation Associates, P.C.

ATTORNEYS AND COUNSELORS AT LAW
A PROFESSIONAL CORPORATION

**HAMPTON ROADS OFFICE:**
763 J. Clyde Morris Boulevard • Suite 1-A
Newport News, Virginia 23601

**NORTHERN VIRGINIA OFFICE:**
1800 Diagonal Road • Suite 600
Alexandria, Virginia 22314

Matthew J. Erausquin, Esq.
matt@clalegal.com
(703) 273-7770 Phone
(888) 892-3512 Facsimile

**REPLY TO: NORTHERN VIRGINIA OFFICE**

August 16, 2013

**VIA FEDERAL EXPRESS**
Chambers of Hon. Robert E. Payne
United States District Court, Eastern District of Virginia
Richmond Division
701 E. Broad Street
Richmond, Virginia 23219

Re:     *Gilbert James, et al. v. Experian Information Solutions, Inc.*
        *Case No. 3:12cv902*

Dear Judge Payne:

In preparation for the parties' telephone conference with the Court on Tuesday, August 20, 2013, please find enclosed a document containing the discovery disputes at issue in the above-referenced matter. Please let me know if I can provide anything further to the Court.

Respectfully,

Matthew J. Erausquin, Esq.

MJE/kb
Enclosures: a/s
cc: Daniel J. McLoon [via Electronic Mail only] [w/ enclosures]
cc: Joseph W. Clark [via Electronic Mail only] [w/ enclosures]
cc: Edward M. Wenger [via Electronic Mail only] [w/ enclosures]

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

GILBERT JAMES, *et al., on behalf of*      :
*themselves and all others similarly situated,*      :
     :
      Plaintiffs,      :
     :
v.      :      Civil Action No. 3:12cv902
     :
EXPERIAN INFORMATION      :
SOLUTIONS, INC.,      :
     :
      Defendant.      :

## DISPUTED DISCOVERY REQUESTS

### I. PLAINTIFFS' FIRST SET OF INTERROGATORIES

5.      For each year from 2005 to the present, state your average cost for the investigation of each consumer dispute and identify all persons with knowledge of these figures and all documents that contain them.

**ANSWER / OBJECTION:** In response to Plaintiffs' Interrogatory No. 5, Experian objects because Experian does not maintain information regarding the average cost for the reinvestigation of each consumer dispute. Further, because each consumer dispute is unique and can potentially encompass a variety of processes and procedures, Experian has no way to calculate the average cost for the reinvestigation of each consumer dispute.

6.      Identify and describe all training, in any form, given to individuals who process consumer disputes or conduct investigations for you and identify all documents, videotapes, or other written or electronic media that regard such training.

**ANSWER / OBJECTION:** In response to Plaintiffs' Interrogatory No. 6, Experian responds that Experian's National Consumer Assistance Center in Allen, Texas provides all of the training

materials and communications updates to the individuals who process consumer disputes or conduct investigations. Experian dispute agents undergo extensive classroom and supervised hands on training regarding Experian's policies and procedures for handling consumer disputes. During this approximately eighty day process, the agents learn the intricacies of dispute processing, including how to recognize, transmit, and process additional, relevant information. In addition, Experian's agents are required to take refresher training courses on a periodic basis. Experian provides an environment that fosters and promotes constant learning and the agent's pursuit of superior job performance, including strict adherence to Experian's policies and procedures.

Pursuant to Federal Rule of Civil Procedure 33(d), information responsive to this Interrogatory may also be derived either from the documents that Experian has already produced or that Experian will produce once an appropriate protective order is in place. Experian directs Plaintiffs to the following Bates Ranges of documents:

- EXPJAMES_GENR_0000001–0004820;

- EXPJAMES_GENR_0005163–0005280;

- EXPJAMES_GENR_0005793–0005819;

- EXPJAMES_GENR_0005241–0005280;

- EXPJAMES_GENR_0000744–0000876;

- EXPJAMES_GENR_0004821–0004828;

- EXPJAMES_GENR_0000877–0004461.

7.    Describe and explain the complete process, company rules, policy, and procedures by which your computer hardware and software systems match and combine tradelines and/or personal identifying information within a consumer's credit files, and identify

2

all documents that explain or regard the same and provide the names of at least five (5) persons with substantial knowledge of these systems and processes.

**ANSWER / OBJECTION:** In response to Plaintiffs' Interrogatory No. 7, Experian objects on the grounds that Experian will not discuss algorithms or any other confidential, proprietary, and/or trade secret information. Experian responds its Rule 30(b)(6) witness will testify regarding Experian's systems and processes generally as well as how Experian applied those policies and procedures here.

In further response to Plaintiffs' Interrogatory No. 7, Experian responds that the following individual has substantial knowledge of these systems and processes:

- Pat Finneran: Ms. Finneran can be contacted via Experian's defense counsel c/o Edward M. Wenger, JONES DAY, 51 Louisiana Avenue NW, Washington, D.C. 20001-2113. (202) 879-3939.

11.    Identify any and all complaints, investigations, inquiries, administrative proceedings, and civil or criminal actions made or brought against you or in which you were involved since January 1, 2005 that was instituted by any person, entity, or governmental agency or representative relating to (in the broadest sense) Experian's provision of any information to any person wherein it was alleged that Experian failed to conduct a proper investigation or re-investigation with respect to the information.

**ANSWER / OBJECTION:** Experian and Plaintiffs have agreed to limit Experian's response to Interrogatory No. 11 to federal lawsuits and Federal Trade Commission complaints involving section 1681i of the Fair Credit Reporting Act. Experian and Plaintiffs have further agreed to limit Experian's response to Interrogatory No. 11 to the three years prior to the first dispute initiated by a named Plaintiff.

Experian objects to this Interrogatory on the ground that it is unduly burdensome.

Experian does not maintain a database of all federal lawsuits filed against Experian. To the extent that Plaintiffs seek information regarding federal lawsuits filed against Experian, that information is publically available.

Experian further objects on the grounds that providing the requested Federal Trade Commission complaints would violate the privacy rights of consumers that Plaintiffs' counsel does not currently represent and would infringe on the attorney-client relationship for consumers represented by counsel in separate and independent actions against Experian. Congress passed the Fair Credit Reporting Act because "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a *respect for the consumer's privacy.*" 15 U.S.C. § 1681(a)(4)(emphasis added); *see also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, (2007) ("Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and *protect consumer privacy.*") (emphasis added); 124 Am. Jur. Proof of Facts 3d, *Privacy of Social Security Number and Liability for Unauthorized Disclosure or Misuse* § 343 (2012) ("The Fair Credit Reporting Act 15 U.S.C. §§ 1681 to 1681x (FCRA) limits access to credit data that includes Social Security numbers to those who have a permissible purpose under the law.").

Accordingly, Experian objects on the basis that Experian cannot furnish the information Plaintiffs request without violating the Fair Credit Reporting Act. Pursuant to 15 U.S.C. § 1681b, Experian, as a consumer reporting agency, may furnish a consumer report under explicitly enumerated circumstances, "and no other." Plaintiffs' request for the personal identifying information of other consumers does not fall under any of the circumstances listed in 15 U.S.C. § 1681b. Thus, providing this information to Plaintiffs would result in an impermissible pull of Experian credit information which would expose Experian to liability under the Fair Credit

Reporting Act.

13.    Describe in full detail the complete compensation scheme, system, or package by which you pay your employees who process and/or conduct (re )investigations of consumer disputes, including, without limitation, the manner and measure by which any of these employees are reviewed or evaluated, and identify all persons with knowledge of these facts and all documents which regard such facts.

**ANSWER / OBJECTION:** Pursuant to Federal Rule of Civil Procedure 33(d), information responsive to this Interrogatory may be derived either from the documents that Experian has already produced or that Experian will produce once an appropriate protective order is in place. Experian directs Plaintiffs to the following Bates Ranges of documents:

- EXPJAMES_GENR_0005690–0005780.

14.    Explain fully all actions taken by you with respect to each of the Plaintiffs' disputes that are the subject of this lawsuit, including whether you notified the furnishers of the disputed information about such disputes or conducted any type of investigation of the disputed information. If you contend that you did conduct an investigation for any of the Plaintiffs' disputes that are the subject of this lawsuit, for each investigation or reinvestigation:

a) identify all persons who conducted or participated in any such investigation or reinvestigation, including their names, employers, work and home addresses (unless counsel will accept service of process), and methods and rates of pay;

b) identify the date of all such investigation or reinvestigation and all written and non-written communications pertaining to any such investigation or reinvestigation;

c) describe the reason for any such investigation or reinvestigation;

d) describe all procedures used by the Defendant in conducting any such

investigation or reinvestigation; and

e) identify all steps you took with respect to the Plaintiffs' files following any
such investigation or reinvestigation.

**ANSWER / OBJECTION:** In response to Plaintiffs' Interrogatory No. 14, Experian states that,

because the named Plaintiffs failed to produce sufficient identifying information, Experian took

no action other than to request sufficient identifying information from each named Plaintiff.

Pursuant to Federal Rule of Civil Procedure 33(d), information responsive to this

Interrogatory may be derived either from the documents that Experian has already produced or

that Experian will produce once an appropriate protective order is in place. Experian directs

Plaintiffs to the following Bates Ranges of documents Experian has produced:

- EXPJAMES_JAMG_0000001–193;

- EXPJAMES_CHAS_0000001–374;

- EXPJAMES_HOOT_0000001–46;

- EXPJAMES_PETA_0000001–292;

- EXPJAMES_RIDJ_0000001–124.

15.    Identify each and every instance within the five years preceding the filing of this

Complaint in which you provided notice to a consumer that you would not process his/her

dispute without the consumer providing additional information or documentation.

By means of example only and without limitation, provide the full name, last known address, and

date(s) of dispute for each consumer for whom the consumer's disclosure log shows that on or

after December 26, 2007, Experian mailed a letter type number 066, and/or one described as

"Letter Paragraphs=Not mine or non-specific disp – no SSN".

**ANSWER / OBJECTION:** In response to Plaintiffs' Interrogatory No. 15, Experian objects on

the grounds that providing the requested information would violate the privacy rights of

consumers that Plaintiffs' counsel does not currently represent and would infringe on the attorney-client relationship for consumers represented by counsel in separate and independent actions against Experian. Congress passed the Fair Credit Reporting Act because "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and *a respect for the consumer's privacy*." 15 U.S.C. §1681(a)(4)(emphasis added); *see also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, (2007) ("Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and *protect consumer privacy*.") (emphasis added); 124 Am. Jur. Proof of Facts 3d, *Privacy of Social Security Number and Liability for Unauthorized Disclosure or Misuse* § 343 (2012) ("The Fair Credit Reporting Act 15 U.S.C. §§ 1681 to 1681x (FCRA) limits access to credit data that includes Social Security numbers to those who have a permissible purpose under the law.").

Accordingly, Experian objects on the basis that Experian cannot furnish the information Plaintiffs request without violating the Fair Credit Reporting Act. Pursuant to 15 U.S.C. § 1681b, Experian, as a consumer reporting agency, may furnish a consumer report under explicitly enumerated circumstances, "and no other." Plaintiffs' request for the personal identifying information of other consumers does not fall under any of the circumstances listed in 15 U.S.C. § 1681b. Thus, providing this information to Plaintiffs would result in an impermissible pull of Experian credit information which would expose Experian to liability under the Fair Credit Reporting Act.

16.    For each and every instance within the five years preceding the filing of this complaint in which you processed a consumer dispute for a consumer who did not provide a full social security number within his/her dispute, provide that consumer's full name, last

known address, and the date(s) that you processed the dispute.

**ANSWER / OBJECTION:** In response to Plaintiffs' Interrogatory No. 16, Experian objects on the grounds that providing the requested information would violate the privacy rights of consumers that Plaintiffs' counsel does not currently represent and would infringe on the attorney-client relationship for consumers represented by counsel in separate and independent actions against Experian. Congress passed the Fair Credit Reporting Act because "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a *respect for the consumer's privacy.*" 15 U.S.C. § 1681(a)(4)(emphasis added); *see also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, (2007) ("Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and *protect consumer privacy.*") (emphasis added); 124 Am. Jur. Proof of Facts 3d, *Privacy of Social Security Number and Liability for Unauthorized Disclosure or Misuse* § 343 (2012) ("The Fair Credit Reporting Act 15 U.S.C. §§ 1681 to 1681x (FCRA) limits access to credit data that includes Social Security numbers to those who have a permissible purpose under the law.").

Accordingly, Experian objects on the basis that Experian cannot furnish the information Plaintiffs request without violating the Fair Credit Reporting Act. Pursuant to 15 U.S.C. § 1681b, Experian, as a consumer reporting agency, may furnish a consumer report under explicitly enumerated circumstances, "and no other." Plaintiffs' request for the personal identifying information of other consumers does not fall under any of the circumstances listed in 15 U.S.C. § 1681b. Thus, providing this information to Plaintiffs would result in an impermissible pull of Experian credit information which would expose Experian to liability under the Fair Credit Reporting Act.

8

18.    For each instance in the five years preceding the filing of this Complaint in which you have sold a credit report to a third party where the third party did not supply a social security number as part of the inquiry, state the name of the consumer, the last known address for that consumer, and the date(s) on which you sold the credit file to that third party.

**ANSWER / OBJECTION:** In response to Plaintiffs' Interrogatory No. 18, Experian responds that Plaintiffs have agreed to withdraw Interrogatory No. 18, contingent upon Experian's response to Interrogatory No. 17. Experian directs Plaintiffs to Experian's response to Interrogatory No. 17.

20.    For each category, state the number of consumers in the United States for whom you maintain a consumer file:

a)  who are named "Adedayo Peterson", with a current address in Hampton, Virginia, with a year of birth listed as 1955, and with a social security number ending in-6117;

b)  who are named "Adedayo Peterson", with a current address in Hampton, Virginia, and with a year of birth listed as 1955;

c)  who are named "Adedayo Peterson", and with a current address in Hampton, Virginia;

d)  who are named "Adedayo Peterson";

e) who have a first name of "Adedayo".

**ANSWER / OBJECTION:**· In response to Plaintiffs' Interrogatory No. 20, Experian cannot provide an answer to any of these inquires as stated. As stated, the inquiries do not provide sufficient information for Experian to run any of the requested inquiries.

## II. PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS

26.    Admit that since 2007 you have sold consumer reports to third parties without requiring the third party to provide a consumer's full first, middle, and last name as part of the

inquiry.

**Response/Objection:** Experian objects to Plaintiff's Requests for Admissions, No. 26 on the grounds that this Request is not reasonably limited in scope or time.

Experian further objects on the grounds that this Request is vague, ambiguous, and incomprehensible to the extent it fails to specify the additional identifying information provided to Experian to facilitate the assembly of a consumer report for sale to the third party. The Request does not define the other "part of the inquiry."

Subject to and without waiving the forgoing objection, Experian answers as follows:

Experian admits that it regularly engages in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, for monetary fees.

Experian further admits that pursuant to 12 C.F.R. § 1022.123, "[c]onsumer reporting agencies shall develop and implement reasonable requirements for what information <u>consumers</u> shall provide to constitute proof of identity for purposes of sections 605A, 605B, and 609(a)(1) of the FCRA." (Emphasis Added). Examples of information that "might constitute reasonable information requirements for proof of identity are provided for illustrative purposes only, as follows":

      (1)    Consumer file match. The identification information of the consumer including his or her full name (first, middle initial, last, suffix), any other or previously used names, current and/or recent full address (street number and name, apt. no., city, state, and zip code), full nine digits of Social Security number, and/or date of birth.

      (2)    Additional proof of identity. Copies of government issued identification documents, utility bills, and/or other methods of authentication of a person's identity which may include, but would not be limited to, answering questions to which only the consumer might be expected to know the answer. 12 C.F.R. § 1022.123.

Except as specifically admitted, this Request is Denied.

27.    Admit that since 2007 you have sold consumer reports to third parties without requiring the third party to provide a consumer's full address.

**Response/Objection:** Experian objects to Plaintiff's Requests for Admissions, No. 27 on the grounds that this Request is not reasonably limited in scope or time.

Experian further objects on the grounds that this Request is vague, ambiguous, and incomprehensible to the extent it fails to specify the additional identifying information provided to Experian to facilitate the assembly of a consumer report for sale to the third party.

Subject to and without waiving the forgoing objection, Experian answers as follows:

Experian admits that it regularly engages in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, for monetary fees.

Experian further admits that pursuant to 12 C.F.R. § 1022.123, "[c]onsumer reporting agencies shall develop and implement reasonable requirements for what information consumers shall provide to constitute proof of identity for purposes of sections 605A, 605B, and 609(a)(1) of the FCRA." (Emphasis Added). Examples of information that "might constitute reasonable information requirements for proof of identity are provided for illustrative purposes only, as follows":

 (1) Consumer file match. The identification information of the consumer including his or her full name (first, middle initial, last, suffix), any other or previously used names, current and/or recent full address (street number and name, apt. no., city, state, and zip code), full nine digits of Social Security number, and/or date of birth.

 (2) Additional proof of identity. Copies of government issued identification documents, utility bills, and/or other methods of authentication of a person's identity which may include, but would not be limited to, answering questions to which only the consumer might be expected to know the answer. 12 C.F.R. § 1022.123.

 Except as specifically admitted, this Request is Denied.

29. Admit that since 2007 you have sold consumer reports to third parties without requiring the third party to provide a consumer's full date of birth.

**Response/Objection:** Experian objects to Plaintiff's Requests for Admissions, No. 29 on the grounds that this Request is not reasonably limited in scope or time.

Experian further objects on the grounds that this Request is vague, ambiguous, and incomprehensible to the extent it fails to specify the additional identifying information provided to facilitate the assembly of a consumer report for sale to the third party.

Subject to and without waiving the forgoing objection, Experian answers as follows:

Experian admits that it regularly engages in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, for monetary fees.

Experian further admits that pursuant to 12 C.F.R. § 1022.123, "[c]onsumer reporting agencies shall develop and implement reasonable requirements for what information consumers shall provide to constitute proof of identity for purposes of sections 605A, 605B, and 609(a)(1)

of the FCRA." (Emphasis Added). Examples of information that "might constitute reasonable information requirements for proof of identity are provided for illustrative purposes only, as follows":

(1)     Consumer file match. The identification information of the consumer including his or her full name (first, middle initial, last, suffix), any other or previously used names, current and/or recent full address (street number and name, apt. no., city, state, and zip code), full nine digits of Social Security number, and/or date of birth.

(2)     Additional proof of identity. Copies of government issued identification documents, utility bills, and/or other methods of authentication of a person's identity which may include, but would not be limited to, answering questions to which only the consumer might be expected to know the answer. 12 C.F.R. § 1022.123.

Except as specifically admitted, this Request is Denied.

30.     Admit that since 2007 you have sold consumer reports to third parties without

requiring the third party to provide a consumer's full social security number.

**Response/Objection:** Experian objects to Plaintiff's Requests for Admissions, No. 30 on the grounds that this Request is not reasonably limited in scope or time.

Experian further objects on the grounds that this Request is vague, ambiguous, and incomprehensible to the extent it fails to specify the additional identifying information provided to facilitate the assembly of a consumer report for sale to the third party.

Subject to and without waiving the forgoing objection, Experian answers as follows:

Experian admits that it regularly engages in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, for monetary fees.

Experian further admits that pursuant to 12 C.F.R. § 1022.123, "[c]onsumer reporting agencies shall develop and implement reasonable requirements for what information consumers shall provide to constitute proof of identity for purposes of sections 605A, 605B, and 609(a)(1) of the FCRA." (Emphasis Added). Examples of information that "might constitute reasonable information requirements for proof of identity are provided for illustrative purposes only, as follows":

(1)     Consumer file match. The identification information of the consumer including his or her full name (first, middle initial, last, suffix), any other or previously used names, current and/or recent full address (street number and name, apt. no., city, state, and zip code), full nine digits of Social Security number, and/or date of birth.

(2)     Additional proof of identity. Copies of government issued identification

documents, utility bills, and/or other methods of authentication of a person's identity which may include, but would not be limited to, answering questions to which only the consumer might be expected to know the answer. 12 C.F.R. § 1022.123.

Except as specifically admitted, this Request is Denied.

33.    Admit that you can locate a consumer's credit file in your system without the consumer's full first, middle, and last name.

**Response/Objection:** Experian objects to Plaintiff's Requests for Admissions, No. 33 on the grounds that this Request is vague, ambiguous, and incomprehensible because it fails to define "system." This Request also fails to specify the additional identifying information provided to facilitate the assembly of a consumer's credit disclosure.

Subject to and without waiving the forgoing objection, Experian answers as follows:

Experian admits that pursuant to 12 C.F.R. § 1022.123, "[c]onsumer reporting agencies shall develop and implement reasonable requirements for what information consumers shall provide to constitute proof of identity for purposes of sections 605A, 605B, and 609(a)(1) of the FCRA." (Emphasis Added). Examples of information that "might constitute reasonable information requirements for proof of identity are provided for illustrative purposes only, as follows":

(1)    Consumer file match. The identification information of the consumer including his or her full name (first, middle initial, last, suffix), any other or previously used names, current and/or recent full address (street number and name, apt. no., city, state, and zip code), full nine digits of Social Security number, and/or date of birth.

(2)    Additional proof of identity. Copies of government issued identification documents, utility bills, and/or other methods of authentication of a person's identity which may include, but would not be limited to, answering questions to which only the consumer might be expected to know the answer. 12 C.F.R. § 1022.123.

Experian denies that it maintains a "consumer's credit file in [Experian's] system" in static form to be located.

Except as specifically admitted, this Request is Denied.

34.    Admit that you can locate a consumer's credit file in your system without the consumer's full address.

**Response/Objection:** Experian objects to Plaintiff's Requests for Admissions, No. 34 on the grounds that this Request is vague, ambiguous, and incomprehensible because it fails to define "system." This Request also fails to specify the additional identifying information provided to

facilitate the assembly of a consumer's credit disclosure.

Subject to and without waiving the forgoing objection, Experian answers as follows:

Experian admits that pursuant to 12 C.F.R. § 1022.123, "[c]onsumer reporting agencies shall develop and implement reasonable requirements for what information consumers shall provide to constitute proof of identity for purposes of sections 605A, 605B, and 609(a)(1) of the FCRA." (Emphasis Added). Examples of information that "might constitute reasonable information requirements for proof of identity are provided for illustrative purposes only, as follows":

(1)     Consumer file match. The identification information of the consumer including his or her full name (first, middle initial, last, suffix), any other or previously used names, current and/or recent full address (street number and name, apt. no., city, state, and zip code), full nine digits of Social Security number, and/or date of birth.

(2)     Additional proof of identity. Copies of government issued identification documents, utility bills, and/or other methods of authentication of a person's identity which may include, but would not be limited to, answering questions to which only the consumer might be expected to know the answer. 12 C.F.R. § 1022.123.

Experian denies that it maintains a "consumer's credit file in [Experian's] system" in static form to be located.

Except as specifically admitted, this Request is Denied.

36.     Admit that you can locate a consumer's credit file in your system without the consumer's date of birth.

**Response/Objection:** Experian objects to Plaintiff's Requests for Admissions, No. 36 on the grounds that this Request is vague, ambiguous, and incomprehensible because it fails to define "system." This Request also fails to specify the additional identifying information provided to facilitate the assembly of a consumer's credit disclosure.

Subject to and without waiving the forgoing objection, Experian answers as follows:

Experian admits that pursuant to 12 C.F.R. § 1022.123, "[c]onsumer reporting agencies shall develop and implement reasonable requirements for what information consumers shall provide to constitute proof of identity for purposes of sections 605A, 605B, and 609(a)(1) of the FCRA." (Emphasis Added). Examples of information that "might constitute reasonable information requirements for proof of identity are provided for illustrative purposes only, as follows":

(1)     Consumer file match. The identification information of the consumer including his or her full name (first, middle initial, last, suffix), any other or previously used

names, current and/or recent full address (street number and name, apt. no., city, state, and zip code), full nine digits of Social Security number, and/or date of birth.

> (2)     Additional proof of identity. Copies of government issued identification documents, utility bills, and/or other methods of authentication of a person's identity which may include, but would not be limited to, answering questions to which only the consumer might be expected to know the answer. 12 C.F.R. § 1022.123.

> Experian denies that it maintains a "consumer's credit file in [Experian's] system" in static form to be located.

> Except as specifically admitted, this Request is Denied.

37.     Admit that you can locate a consumer's credit file in your system without the

consumer's full social security number.

**Response/Objection:** Experian objects to Plaintiff's Requests for Admissions, No. 37 on the grounds that this Request is vague, ambiguous, and incomprehensible because it fails to define "system." This Request also fails to specify the additional identifying information provided to facilitate the assembly of a consumer's credit disclosure.

> Subject to and without waiving the forgoing objection, Experian answers as follows:

> Experian admits that pursuant to 12 C.F.R. § 1022.123, "[c]onsumer reporting agencies shall develop and implement reasonable requirements for what information <u>consumers</u> shall provide to constitute proof of identity for purposes of sections 605A, 605B, and 609(a)(1) of the FCRA." (Emphasis Added). Examples of information that "might constitute reasonable information requirements for proof of identity are provided for illustrative purposes only, as follows":

> (1)     Consumer file match. The identification information of the consumer including his or her full name (first, middle initial, last, suffix), any other or previously used names, current and/or recent full address (street number and name, apt. no., city, state, and zip code), full nine digits of Social Security number, and/or date of birth.

> (2)     Additional proof of identity. Copies of government issued identification documents, utility bills, and/or other methods of authentication of a person's identity which may include, but would not be limited to, answering questions to which only the consumer might be expected to know the answer. 12 C.F.R. § 1022.123.

> Experian denies that it maintains a "consumer's credit file in [Experian's] system" in static form to be located.

> Except as specifically admitted, this Request is Denied.

## III. PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

4.     Please produce all materials used by you since January 1, 2007 that pertain to

and/or describe your procedures or policy relating to consumer disputes under 15 U.S.C. § 1681i,

including, but not limited to, all versions of the participant's Guide Form [sic] 2000 to the

present.

**RESPONSE / OBJECTION:** Experian directs Plaintiffs to the following Bates Ranges of

documents:

- EXPJAMES_GENR_0000001–0004820;

- EXPJAMES_GENR_0005163–0005280;

- EXPJAMES_GENR_0005793–0005819.


7.     Please produce all documents describing or identifying the means or manner in

which information pertaining to a consumer, such as credit accounts, personal identifying

information, public record information, etc. is matched to a specific consumer.

**RESPONSE / OBJECTION:** Experian objects to this Request for Production on the grounds

that Experian will not discuss algorithms or any other confidential, proprietary, and/or trade

secret information. Experian responds that its Rule 30(b)(6) witness will testify regarding

Experian's systems and processes generally as well as how Experian applied those policies and

procedures here.

9.     Please produce any budgets or projections prepared within the preceding five

years that allocate resources or expenditures to the processing or conducting of reinvestigations

under 15 U.S.C. § 168li.

**RESPONSE / OBJECTION:** Experian directs Plaintiffs to the following Bates Ranges of

documents:

- EXPJAMES_GENR_0005825–0005827.

10.     Please produce any programs under which any of your employees and/or other third parties are provided any bonus, pay, or other incentive relating to the processing or reinvestigations of consumer disputes, including all contracts with schedules/exhibits between you and any third party or subsidiary that processes consumer disputes in Chile or elsewhere.

**RESPONSE / OBJECTION:** Experian directs Plaintiffs to the following Bates Ranges of documents:

- EXPJAMES_GENR_0005690–0005780.

11.     Please produce any manuals, videotapes, bulletins, or notices provided to your employees or third parties that describe their contractual or statutory duties relating to the investigation of inaccurate or incomplete credit information.

**RESPONSE / OBJECTION:** Experian and Plaintiffs have agreed to limit Experian's production in response to Request for Production No. 14 to documents provided by Experian to its employees in the United States and Chile. Subject to this agreement, Experian directs Plaintiffs to the following Bates Ranges of documents:

- EXPJAMES_GENR_0000744–0000876;
- EXPJAMES_GENR_0004821–0004828.

12.     Please produce your statistics compiled on an annual basis regarding the total number of disputes you received and the total number of reinvestigations conducted for the five years preceding the filing of this Complaint (including all related statistical fields and other maintained or available information).

**RESPONSE / OBJECTION:** Experian directs Plaintiffs to the following statistics:

- 2007 – 17,177,729 Consumer Disclosures Prepared and 5,456,463 Consumer Disclosure Finals;

- 2008 – 17,398,285 Consumer Disclosures Prepared and 5,529,203 Consumer Disclosure Finals;

- 2009 – 17,904,720 Consumer Disclosures Prepared and 5,015,172 Consumer Disclosure Finals;

- 2010 – 17,554,405 Consumer Disclosures Prepared and 4,297,055 Consumer Disclosure Finals;

- 2011 – 15,503,321 Consumer Disclosures Prepared and 4,212,231 Consumer Disclosure Finals;

- 2012 – 13,382,780 Consumer Disclosures Prepared and 3,912,322 Consumer Disclosure Finals.

15.    Please produce copies of any statements you have taken or received from any third person in any way connected with the allegations contained in this lawsuit, including in the *Menton v. Experian Corp.* Civil No. 02-4687 (S.D.N.Y.) case or any case thereafter.

**RESPONSE / OBJECTION:** Experian objects to this Request for Production on the grounds that it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to this specific objection, Experian directs Plaintiffs to the Privilege Log.

16.    Please produce the personnel file(s) of each employee or agent who has ever handled or processed a dispute or conducted an investigation or reinvestigation of any information ever placed in any of the Plaintiffs' files.

**RESPONSE / OBJECTION:** Experian objects to this Request for Production on the ground that Experian did not process Plaintiffs' disputes because Plaintiffs did not provide sufficient identifying information to Experian. Experian also objects to the extent that this Request for Production seeks the disclosure of confidential, personal, and private information about Experian's employees, which is protected by applicable federal and state privacy laws including

the Health Insurance Portability and Accountability Act.

18.     Please produce all dispute letters sent to you by a consumer with a Virginia address since January 2011.

**RESPONSE / OBJECTION:** Experian objects to this Request for Production on the grounds that providing the requested information would violate the privacy rights of consumers that Plaintiffs' counsel does not currently represent and would infringe on the attorney-client relationship for consumers represented by counsel in separate and independent actions against Experian. Congress passed the Fair Credit Reporting Act because "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a *respect for the consumer's privacy.*" 15 U.S.C. § 1681(a)(4)(emphasis added); *see also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, (2007) ("Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and *protect consumer privacy.*") (emphasis added); 124 Am. Jur. Proof of Facts 3d, *Privacy of Social Security Number and Liability for Unauthorized Disclosure or Misuse* § 343 (2012) ("The Fair Credit Reporting Act 15 U.S.C. §§ 1681 to 1681x (FCRA) limits access to credit data that includes Social Security numbers to those who have a permissible purpose under the law.").

Accordingly, Experian objects on the basis that Experian cannot furnish the information Plaintiffs request without violating the Fair Credit Reporting Act. Pursuant to 15 U.S.C. § 1681b, Experian, as a consumer reporting agency, may furnish a consumer report under explicitly enumerated circumstances, "and no other." Plaintiffs' request for the personal identifying information of other consumers does not fall under any of the circumstances listed in 15 U.S.C. § 1681b. Thus, providing this information to Plaintiffs would result in an impermissible pull of credit information maintained by Experian which would expose Experian to liability under the

19

Fair Credit Reporting Act.

19.     Please produce any document that details and describes the organizational structure of Experian and any of its related affiliate or subsidiary entities.

**RESPONSE / OBJECTION:** Experian directs Plaintiffs to the following Bates Ranges of documents:

- EXPJAMES_GENR_0005781–0005792.

26.     Please produce all consumer complaints (lawsuits, disputes, or otherwise) you have received in the last five years made or brought against you by consumers based on your failure to properly investigate a tradeline.

**RESPONSE / OBJECTION:** Experian and Plaintiffs have agreed to limit Experian's production in response to Request for Production No. 26 to federal lawsuits and Federal Trade Commission complaints involving section 1681i of the Fair Credit Reporting Act. Experian and Plaintiffs have further agreed to limit Experian's response to Request for Production No. 26 to the three years prior to the first dispute initiated by a named Plaintiff.

Experian objects to this Request for Production on the ground that it is unduly burdensome. Experian does not maintain a database of all federal lawsuits filed against Experian. To the extent that Plaintiffs seek information regarding federal lawsuits filed against Experian, that information is publically available.

Experian further objects on the grounds that providing the requested Federal Trade Commission complaints would violate the privacy rights of consumers that Plaintiffs' counsel does not currently represent and would infringe on the attorney-client relationship for consumers represented by counsel in separate and independent actions against Experian. Congress passed the Fair Credit Reporting Act because "[t]here is a need to insure that consumer reporting

agencies exercise their grave responsibilities with fairness, impartiality, and a *respect for the consumer's privacy*." 15 U.S.C. § 1681(a)(4)(emphasis added); *see also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, (2007) ("Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.") (emphasis added); 124 Am. Jur. Proof of Facts 3d, *Privacy of Social Security Number and Liability for Unauthorized Disclosure or Misuse* § 343 (2012) ("The Fair Credit Reporting Act 15 U.S.C. §§ 1681 to 1681x (FCRA) limits access to credit data that includes Social Security numbers to those who have a permissible purpose under the law.").

Accordingly, Experian objects on the basis that Experian cannot furnish the information Plaintiffs request without violating the Fair Credit Reporting Act. Pursuant to 15 U.S.C. § 1681b, Experian, as a consumer reporting agency, may furnish a consumer report under explicitly enumerated circumstances, "and no other." Plaintiffs' request for the personal identifying information of other consumers does not fall under any of the circumstances listed in 15 U.S.C. § 1681b. Thus, providing this information to Plaintiffs would result in an impermissible pull of credit information maintained by Experian which would expose Experian to liability under the Fair Credit Reporting Act.

27.    Please produce a copy of all of Experian's responses to any Interrogatory, Request for Production of Documents, or Request for Admissions, as well as all deposition transcripts related to the *Jose Luis Calderon v. Experian Information Solutions, Inc.,* Civil No. 1:11cv386 (D. Idaho) lawsuit.

**RESPONSE / OBJECTION:** Experian objects to this Request for Production on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The claims brought against Experian in *Calderon* involved allegations

that Experian violated the Fair Credit Reporting Act by allegedly mixing consumer files. In this matter, Plaintiffs have alleged that Experian violated the Fair Credit Reporting Act by failing to reinvestigate Plaintiffs' disputes because Plaintiffs failed to provide sufficient identifying information. Accordingly, because the claims in *Calderon* are wholly unrelated, both legally and factually, to the claims brought here, the discovery Experian produced in *Calderon* is neither relevant nor reasonably calculated to lead to the discovery of admissible material.

Further, the material Experian produced in *Calderon* is subject to a protective order which does not contemplate the production of documents outside of that matter.

28.    Please produce a copy of all letters, notices, or other document, whether sent electronically or hard copy, provided to any consumer in the five years preceding the filing of this Complaint in which additional identifying information was requested before you would process their dispute.

**RESPONSE / OBJECTION:** Experian and Plaintiffs have agreed to withdraw Request for Production No. 28 upon Experian providing a complete response to Interrogatory No.15.

Experian objects to this Request for Production on the grounds that providing the requested information would violate the privacy rights of consumers that Plaintiffs' counsel does not currently represent and would infringe on the attorney-client relationship for consumers represented by counsel in separate and independent actions against Experian. Congress passed the Fair Credit Reporting Act because "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and *a respect for the consumer's privacy.*" 15 U.S.C. § 1681(a)(4)(emphasis added); see also *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, (2007) ("Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and *protect consumer privacy.*")

(emphasis added); 124 Am. Jur. Proof of Facts 3d, *Privacy of Social Security Number and Liability for Unauthorized Disclosure or Misuse* § 343 (2012) ("The Fair Credit Reporting Act 15 U.S.C. §§ 1681 to 1681x (FCRA) limits access to credit data that includes Social Security numbers to those who have a permissible purpose under the law.").

Accordingly, Experian objects on the basis that Experian cannot furnish the information Plaintiffs request without violating the Fair Credit Reporting Act. Pursuant to 15 U.S.C. § 1681b, Experian, as a consumer reporting agency, may furnish a consumer report under explicitly enumerated circumstances, "and no other." Plaintiffs' request for the personal identifying information of other consumers does not fall under any of the circumstances listed in 15 U.S.C. § 1681b. Thus, providing this information to Plaintiffs would result in an impermissible pull of credit information maintained by Experian which would expose Experian to liability under the Fair Credit Reporting Act.

29.     Please produce all written communications received from any consumer on or after December 28, 2007 for whom a disclosure log shows that on or after December 28, 2007, Experian responded to that communication and mailed a letter type number 066, or one described in Experian' s records as or with a notation substantially similar to "Letter Paragraphs=Not mine or non-specific disp-no SSN (066)".

**RESPONSE / OBJECTION:** Experian objects to this Request for Production on the grounds that providing the requested information would violate the privacy rights of consumers that Plaintiffs' counsel does not currently represent and would infringe on the attorney-client relationship for consumers represented by counsel in separate and independent actions against Experian. Congress passed the Fair Credit Reporting Act because "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and

*a respect for the consumer's privacy.*" 15 U.S.C. § 1681(a)(4)(emphasis added); see also *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, (2007) ("Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and *protect consumer privacy.*") (emphasis added); 124 Am. Jur. Proof of Facts 3d, *Privacy of Social Security Number and Liability for Unauthorized Disclosure or Misuse* § 343 (2012) ("The Fair Credit Reporting Act 15 U.S.C. §§ 1681 to 1681x (FCRA) limits access to credit data that includes Social Security numbers to those who have a permissible purpose under the law.").

Accordingly, Experian objects on the basis that Experian cannot furnish the information Plaintiffs request without violating the Fair Credit Reporting Act. Pursuant to 15 U.S.C. § 1681b, Experian, as a consumer reporting agency, may furnish a consumer report under explicitly enumerated circumstances, "and no other." Plaintiffs' request for the personal identifying information of other consumers does not fall under any of the circumstances listed in 15 U.S.C. § 1681b. Thus, providing this information to Plaintiffs would result in an impermissible pull of credit information maintained by Experian which would expose Experian to liability under the Fair Credit Reporting Act.

31.     Please produce all emails which reference or relate in any way to this case or which contain any of the following phrases: "Menton", "identification", "identifying information", or "utility bill".

**RESPONSE / OBJECTION:** Experian objects to this Request for Production on the ground that it is overbroad and unduly burdensome. Experian has approximately 10 terabytes of information (which is roughly equivalent to the entire print collection of the US Library of Congress) contained in the email boxes of the over 2,000 Experian Information Solution employees in the United States, and it is technologically impossible for Experian to process and

search this massive amount of information for terms as common as "identification" or "identifying information." Experian uses an internal e-discovery platform that requires employee email boxes to be exported to a separate server before they can be searched. Simply taking the first step of exporting every email box for each of Experian's 2,000 employees will require hundreds of hours of labor, before running a single search. Even if Experian could overcome this massive burden and move 10 terabytes of information to a separate server—which Experian would have to acquire explicitly for this Request—it would be impossible for Experian to conduct Plaintiff's requested search because Experian's e-discovery search tool does not support searches across 10 terabytes of information, nor has Experian been able, at this time, to identify such a tool that would allow for this type of search.

## IV. PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Please produce all cost / benefit analyses and budgets relating to Experian's procedures to receive, process, investigate and/or respond to consumer disputes for the period beginning January 1, 2010 through the present.

**RESPONSE/ OBJECTION:** None.