UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GILBERT JAMES<br>SUSAN CHANDLER<br>THERESA HOOD<br>ADEDAYO PETERSON<br>JOYCE RIDGLEY, on behalf of<br>themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>      Defendant. | Civil Action No. 3:12-cv-902-REP<br><br>Judge: The Hon. Robert E. Payne |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S STATUS REPORT**

Defendant Experian Information Solutions, Inc. ("Experian") respectfully submits this Status Report. [*See* D.E. 46.] As noted in Experian's September 3, 2013 letter to Plaintiffs, [*see* D.E. 46-1], Experian has made a diligent, committed effort to respond to Plaintiffs' discovery requests, in accordance with this Court's August 22, 2013 order, [*see* D.E. 42], and with the agreements reached during the August 26, 2013 video-conference meet and confer. Plaintiffs' Status Report, which misstates Experian's positions and fails to accurately describe the most current state of the discovery negotiations, warrants this brief clarification.

*First*, Plaintiffs fail to accurately describe Experian's position with regard to Plaintiffs' Interrogatories 11, 15, and 16, and Plaintiffs' Requests for Production Nos. 18, 26, 28, and 29, all of which seek identifying information of non-party consumers. Contrary to Plaintiffs' suggestion, Experian recognizes and respects this Court's decision to overrule its objections that

responding to these requests would violate the Fair Credit Reporting Act. But during the August 20, 2013 discovery conference before this Court, the Court questioned Plaintiffs' need for names, documents, or other materials that Plaintiffs seek through these requests, and asked why Plaintiffs require class information beyond the number of individuals fitting Plaintiffs' putative class definition. Experian maintains, consistent with this Court's line of questioning, that providing a number will suffice. In recognition of Plaintiffs' concerns with regard to class ascertainability, Experian has offered to stipulate that (1) certain individuals, approximately 15,000, who received a "paragraph 66 letter" from Experian fit Plaintiffs' class description; and (2) Experian can identify the individuals who received such letters, in the event that Plaintiffs' class is certified. Plaintiffs' Status Report fails to memorialize Experian's offer and similarly fails to inform that Court that, within the last business day, Plaintiffs have agreed to consider a draft stipulation that would, at least partially, satisfy Plaintiffs' request.

*Second*, Plaintiffs' complaint about their Requests for Admissions is now moot. Experian has supplemented its responses, in accordance with this Court's August 22, 2013 order. [D.E. 42.] Plaintiffs' complaint on this ground was simply premature, and creates the specter of disagreement where none exists.

*Third*, Plaintiffs' misleadingly overstate the extent to which resolution of certain discovery requests remains "unlikely." [*See* D.E. 46, at 2.] In fact, Plaintiffs include, among the requests they construe as "unlikely to be resolved," certain requests for which Plaintiffs and Experian have *expressly agreed* on a resolution. For instance, Plaintiffs have agreed to limit Plaintiffs' Request for Production No. 31—which seeks Experian employee emails containing search terms requested by Plaintiffs—to a smaller pool of Experian employees, and Experian has expressly represented to Plaintiffs that it fully intends to produce all relevant, non-privileged

documents that are responsive to this Request. [*See* D.E. 46-1 ("**Email Searches:** In accordance with the agreement reached at the meet and confer, we are in the process of constructing a list of NCAC managerial and compliance department custodians in order to search their emails for the terms you requested. Once we review the results for privileged documents, we will produce this material. . . . *Request for Production No. 31*.").] Plaintiffs' representation that this request is "unlikely to be resolved" is not correct.

*   *   *   *   *

Experian has—in accordance with its responsibilities under the Federal Rules of Civil Procedure, this Court's order, and the agreements reached with Plaintiffs—worked expeditiously, diligently, and in good faith to respond fully to Plaintiffs' discovery requests. By failing to accurately portray the status of the Parties' negotiations and Experian's continued efforts, Plaintiffs obscure the extent to which the Parties have reached mutually satisfactory agreements without unnecessarily involving the Court on all but a few of Plaintiffs' discovery requests. Experian respectfully offers this Status Report to portray the current state of discovery in a more accurate light.

Dated:  September 5, 2013      Respectfully Submitted,


*/s/ Joseph W. Clark*
Joseph W. Clark (VA Bar No. 42664)

Daniel J. McLoon (admitted *pro hac vice*)
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone:  (213) 243-2580
Facsimile:  (213) 243-2539
E-mail: djmcloon@jonesday.com

Joseph W. Clark (VA Bar No. 42664)
Edward M. Wenger (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
Email:  jwclark@jonesday.com
Email:  emwenger@jonesday.com

*Counsel for Defendant*
*EXPERIAN INFORMATION SOLUTIONS, INC.*

**CERTIFICATE OF SERVICE**

A copy of the foregoing was filed with the Court via the CM/ECF system. The foregoing was served this 5th day of September, 2013, on the following filing users by the CM/ECF system:

Leonard A. Bennett (VA Bar No. 37523)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone:  757.930.3660
Facsimile:  757.930.3662
Email:  lenbennett@clalegal.com

Matthew J. Erausquin (VA Bar No. 65434)
Janelle E. Mason (VA Bar No. 82389)
Casey S. Nash (VA Bar No. 84261)
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone:  703.273.7770
Facsimile:  888.892.3512
Email:  matt@clalegal.com
Email:  janelle@clalegal.com
Email:  casey@clalegal.com

*Counsel for Plaintiffs*
*GILBERT JAMES, SUSAN CHANDLER,*
*THERESA HOOD, ADEDAYO PETERSON, and*
*JOYCE RIDGLEY, on behalf of*
*themselves and all others similarly situated.*

*/s/ Joseph W. Clark*
Joseph W. Clark (VA Bar No. 42664)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
Email:  jwclark@jonesday.com

*Counsel for Defendant*
*EXPERIAN INFORMATION SOLUTIONS,*
*INC.*