**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| GILBERT JAMES, *et al., on behalf of* *themselves and all others similarly situated,* | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 3:12cv902 |
| | : | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | : | |
| | : | |
| | : | |
| Defendant. | : | |

**FINAL STATUS REPORT**

Pursuant to this Court's order dated September 6, 2013, Plaintiffs hereby file this final

status report regarding certain discovery requests at issue between the parties, and notify the

Court as follows:

The Plaintiffs have continued to work diligently with the Defendant to resolve as many

discovery disputes as possible without further judicial intervention. The parties were successful

with regard to some disputes, but find themselves at an en passe with regard to others. The

Plaintiffs expect, as now confirmed by the Defendant's letter received today, the Defendant

intends to heavily litigate typicality, commonality and predominance in response to Plaintiffs'

forthcoming motion for class certification. Plaintiffs have proposed a framework for stipulations

that would have resolved many of these issues, including the Defendant's primary argument that

it was unable to identify the credit files for some of the putative class members due to a variety

of reasons, including a lack of a full social security number, other missing identifying

information, or even the purported illegibility of certain letters. However, the Defendant has

today rejected such a stipulation. Accordingly, Plaintiffs now seek the information that will

allow them to rebut these arguments at certification.  To summarize, the global status of the discovery disputes is as follows:

The parties have resolved Request for Production of Documents Nos. 16 and 27, either through joint stipulation or by the Plaintiffs' agreement to withdraw the requests from this discovery dispute.

As for Interrogatories 5, 6, 13, 14, and 20 and Requests for Production of Document Nos. 4, 9, 10, 11, and 19, Experian has represented to Plaintiffs' counsel that it will make a "rolling" supplemental document production beginning during the week of September 16, 2013 and that it will continue with this supplementation into early October.   Upon that representation, Plaintiffs believe that the parties have resolved their disputes concerning Interrogatory Nos. 6, 13, 14, and 20 and Request for Production of Document Nos. 4, 10, 11, and 19.  Separately, Interrogatory 5 and Request for Production 9 will apparently require further discussion following Experian's supplemental production, but Plaintiffs are optimistic as to their ability to resolve these two requests as well.  Thus, subject to the Defendant's provision of supplemental discovery responses, these 10 disputes appear to have been resolved, or should be resolved with some additional clarification between counsel.  Plaintiffs propose that they report back to the court as to this subset of the discovery requests when the Defendant has completed its proposed rolling supplemental production.

However, as for Interrogatories. 7, 11, 15, 16, and 18 and Requests for Production of Document Nos. 7, 15, 18, 26, 28, 29, and 31, the parties remain fully at odds, including as to whether the Defendant has the right to "supplement" its privilege log to list documents and emails not previously logged.  Plaintiffs believe that this Court's scheduling order mandates otherwise.  Both parties' positions on these requests and the privilege log issue are fully detailed

2

in the letters attached hereto as Exhibits "A" and "B".  Therefore, pursuant to this Court's Order,

Plaintiffs' counsel will contact Chambers prior to the close of business on September 13, 2013 to

schedule a call with the Court to discuss how to proceed as to this limited set of still disputed

discovery requests.

Finally, Plaintiffs anticipate that they will seek a 60 day discovery extension that would

begin to run on the day on which the Defendant has fully complied with discovery.  They will

also seek a corresponding extension on their deadline to provide their expert witness

disclosures.  They expect that these motions will be unopposed.

Respectfully submitted,
**PLAINTIFFS,**
*individually and on behalf of all*
*others similarly situated,*

By: _____/s/_____

Matthew J. Erausquin, VSB No. 65434
*Counsel for the Plaintiffs*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:    (703) 273-7770
Fax:    (888) 892-3512
matt@clalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Daniel J. McLoon (*admitted pro hac vice*)
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 243-2580
Facsimile: (213) 243-2539
Email: djmcloon@jonesday.com

Joseph W. Clark
Edward M. Wenger (*admitted pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
Email: jwclark@jonesday.com
Email: emwenger@jonesday.com

*Counsel for the Defendant*

                                               /s/
Matthew J. Erausquin, VSB No. 65434
*Counsel for the Plaintiffs*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:     (703) 273-7770
Fax:     (888) 892-3512
matt@clalegal.com