# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| GILBERT JAMES <br> SUSAN CHANDLER <br> THERESA HOOD <br> ADEDAYO PETERSON <br> JOYCE RIDGLEY, on behalf of <br> themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendant. | Civil Action No. 3:12-cv-902-REP <br><br> Judge: The Hon. Robert E. Payne |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S STATUS REPORT

Defendant Experian Information Solutions, Inc. ("Experian") respectfully submits this Status Report. As Plaintiffs note, [D.E. 49], the parties have worked diligently and have resolved many of the outstanding discovery disputes. Accordingly, Experian is in the process of expeditiously supplementing its initial responses to Plaintiffs' discovery requests. But again, Plaintiffs' status report necessitates a brief clarification.

*First*, Plaintiffs suggest that Experian has not worked cooperatively to resolve the discovery-related issues bearing on class certification, and has instead "rejected" a "proposed framework for stipulations that would have resolved many of these issues." [D.E. 49, at 1.] But the correspondence Plaintiffs attach to their status report demonstrates that this is incorrect.

Specifically, Plaintiffs never offered a meaningful draft stipulation for Experian's review. Rather, their letter of September 3 represented that they were:

> *[C]onsidering a stipulation* in which Experian would agree that if it produced the requested documents the Court could reasonably identify a sufficiently numerous class of consumers who (1) made a dispute to Experian in the two-year period preceding the filing date of the Complaint that did not include a 9 digit SSN; (2) to whom instead of conducting an investigation, Experian mailed to the consumer a letter containing either or both of paragraphs 66 or 903; and (3) for whom Experian could have identified the file for such consumer using the information otherwise provided with the consumer's dispute.

[D.E. 49-1, at p. 3 (emphasis added).] In response, Experian noted that Plaintiffs had unfairly conflated paragraphs 66 and 903—the latter, for reasons explained repeatedly to Plaintiffs, would count individuals as class members who do not fit Plaintiffs' class description—but responded that it was "open to a continued discussion of this issue in an effort to create a true and accurate stipulation if possible." Experian then offered to "review and comment on any draft you provide." [D.E. 49-2, at p. 4.] Rather than providing a draft, Plaintiffs unilaterally considered the issue irresolvable.

Experian is committed to making concessions where it can and entering into appropriate stipulations that will expedite this litigation. But to meaningfully consider their offer, Plaintiffs must first provide it in the form of a draft. Until they do so, Experian is not in a position to enter into an agreement with regard to class certification, and must instead reserve its right to litigate these issues. In the spirit of cooperation, Experian will continue to wait on receipt of Plaintiffs' draft stipulation in hopes that this issue can be resolved without the Court's intervention.

**Second**, Plaintiffs have continued to assert that, for certain requests that demand Experian produce personal identifying information of putative class members, "[t]he only objection raised was that such information was governed by the Fair Credit Reporting Act 15 U.S.C. § 1681(b)." [D.E. 49-1, at p. 3.] Again, Plaintiffs are incorrect. While Experian respects that this Court overruled Experian's objection "on the theory that an answer would violate the Fair Credit

Reporting Act," [D.E. 42], Experian also explicitly objected on grounds that providing this information would violate "the privacy rights of consumers that Plaintiffs' counsel does not currently represent and would infringe on the attorney-client relationship for consumers represented by counsel in separate and independent actions against Experian." *See, e.g.*, Ex. A (Experian's Response to Plaintiffs' Request for Production No. 18).

The privacy rights of individuals meeting Plaintiffs' putative class description are not protected solely by the FCRA. Rather, a host of provisions, ranging from statutory to constitutional, protect individuals from having their personal, perhaps sensitive, information handed over to strangers. By way of example, the California constitution—the state in which Experian's headquarters are located—provides that "[a]ll people are by nature free and independent and have *inalienable rights*. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and *privacy*." Cal. Const., art. I, § 1 (emphases added) (attached as Exhibit B).

The California Supreme Court has ensured that these privacy rights are not hollow, permitting discovery of confidential information on non-parties only if the individual first has notice of the "pendency and nature of the proceedings" and is provided with "a fair opportunity to assert his [or her] interests by objecting to disclosure, by seeking an appropriate protective order, or by instituting other legal proceedings to limit the scope or nature of the matters sought to be discovered." *Pioneer Electronics (USA), Inc. v. Superior Court of Los Angeles*, 40 Cal. 4th 360, 369 (Cal. 2007) (quoting *Valley Bank of Nev. v. Superior Crt.*, 15 Cal. 3d 652, 658 (Cal. 1975) (attached as Exhibit C). And in order to protect these rights, the California Supreme Court has noted that the "custodian of the relevant documents"—here Experian—"has standing to

assert the privacy interests of its customers in the identifying information they gave to" Experian. *Id*. at 368 (citation omitted). This is precisely what Experian has done.

During the parties' initial telephonic conference before this Court, the Court questioned Plaintiffs as to why they need the personal identifying information of individuals they do not represent, as opposed to a number of putative class members. Experian maintains that Plaintiffs do not need such identifying information, and because Plaintiffs purport to represent a national class, compliance with their request would force Experian to violate the privacy rights of individuals in at least every state that has instituted privacy protection similar to that of the California courts. Respectfully, should Plaintiffs continue to insist that Experian violate the privacy rights of thousands of consumers,[1] Experian requests the opportunity to formally brief this issue for the Court's consideration.

***Third***, Plaintiffs insist that Experian has no right to "'supplement' its privilege log to list documents and emails not previously logged." [D.E. 49, at p. 2.] At the outset, Plaintiffs' argument is not ripe, as Experian has not yet located additional relevant, yet privileged documents. But more fundamentally, Plaintiffs misconstrue this Court's scheduling order.

Plaintiffs' position is that Experian was under an obligation to assert a claim of privilege over documents that Experian did not know—and could not have known—even existed. But this would invite a violation of the very scheduling order that Plaintiffs cite in support of their flawed argument. This Court's scheduling order explicitly states that a party objecting to the production of documents on grounds of privilege "must provide the requesting party with an inventory list of the documents to which objection is made, together with a brief description of the recipient, and the claimed basis of its protection, all of which shall be sufficient to permit the opposing

---

[1] It is worth noting that the personal identifying information of non-party consumers that Plaintiffs demand is precisely the same type of identifying information that they refused to provide Experian, which in turn gave rise to this lawsuit.

party to assess the claim of privilege or protection." [D.E. 14, at 5.] In order to include the detail required by the Court's order, it necessarily follows that (1) a protected document must exist, and (2) Experian is aware of its existence.

Experian fully intends to produce all relevant, non-privileged information it locates, and to do so in a timely fashion. Plaintiffs' suggestion that Experian waived privilege because it did not speculate that privileged documents might turn up as its search continued is logically flawed and irreconcilable with this Court's scheduling order.

Dated: September 13, 2013          Respectfully Submitted,

                                                       */s/ Joseph W. Clark*
                                                       Joseph W. Clark (VA Bar No. 42664)

                                                       Daniel J. McLoon (admitted *pro hac vice*)
                                                       JONES DAY
                                                       555 South Flower Street, Fiftieth Floor
                                                       Los Angeles, CA 90071
                                                       Telephone: (213) 243-2580
                                                       Facsimile: (213) 243-2539
                                                       E-mail: djmcloon@jonesday.com

                                                       Joseph W. Clark (VA Bar No. 42664)
                                                       Edward M. Wenger (admitted *pro hac vice*)
                                                       JONES DAY
                                                       51 Louisiana Avenue, N.W.
                                                       Washington, DC 20001-2113
                                                       Telephone: (202) 879-3939
                                                       Facsimile: (202) 626-1700
                                                       Email: jwclark@jonesday.com
                                                       Email: emwenger@jonesday.com

                                                       *Counsel for Defendant*
                                                       *EXPERIAN INFORMATION SOLUTIONS, INC.*

**CERTIFICATE OF SERVICE**

A copy of the foregoing was filed with the Court via the CM/ECF system. The foregoing was served this 13th day of September, 2013, on the following filing users by the CM/ECF system:

| | |
|---|---|
| Leonard A. Bennett (VA Bar No. 37523)<br>CONSUMER LITIGATION ASSOCIATES, P.C.<br>763 J. Clyde Morris Blvd., Suite 1-A<br>Newport News, VA 23601<br>Telephone:  757.930.3660<br>Facsimile:  757.930.3662<br>Email:  lenbennett@clalegal.com | Matthew J. Erausquin (VA Bar No. 65434)<br>Janelle E. Mason (VA Bar No. 82389)<br>Casey S. Nash (VA Bar No. 84261)<br>CONSUMER LITIGATION ASSOCIATES, P.C.<br>1800 Diagonal Road, Suite 600<br>Alexandria, VA 22314<br>Telephone:  703.273.7770<br>Facsimile:  888.892.3512<br>Email:  matt@clalegal.com<br>Email:  janelle@clalegal.com<br>Email:  casey@clalegal.com<br><br>*Counsel for Plaintiffs*<br>*GILBERT JAMES, SUSAN CHANDLER,*<br>*THERESA HOOD, ADEDAYO PETERSON, and*<br>*JOYCE RIDGLEY, on behalf of*<br>*themselves and all others similarly situated.* |

　

　　　　　　　　　　　　　　　　　　　　　　/s/ Joseph W. Clark
　　　　　　　　　　　　　　　　　　　　　　Joseph W. Clark (VA Bar No. 42664)
　　　　　　　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　　　　　　　51 Louisiana Avenue, N.W.
　　　　　　　　　　　　　　　　　　　　　　Washington, DC  20001-2113
　　　　　　　　　　　　　　　　　　　　　　Telephone:  (202) 879-3939
　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (202) 626-1700
　　　　　　　　　　　　　　　　　　　　　　Email:  jwclark@jonesday.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant*
　　　　　　　　　　　　　　　　　　　　　　*EXPERIAN INFORMATION SOLUTIONS,*
　　　　　　　　　　　　　　　　　　　　　　*INC.*