```
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
             Richmond Division
```

GILBERT JAMES, et al., on behalf  
of themselves and all others  
similarly situated  

      Plaintiffs,  

v.                                    Civil Action No.  
                                           3:12cv902  

EXPERIAN INFORMATION SOLUTIONS,  
INC.  

      Defendant.  

## ORDER

Pursuant to the conference call held on September 16, 2013 regarding the discovery dispute that has arisen with regard to Experian's objections and responses to Plaintiffs' discovery requests, the Court hereby orders as follows:

1. Experian will supplement its responses to Plaintiffs' Interrogatory Nos. 5, 6, 13, 14 and 20 and Plaintiffs' Request for Production of Documents No. 4, 9, 10, 11 and 19 on or before October 4, 2013.

2. With respect to Plaintiffs' Interrogatory No. 7, Experian's objections are overruled. Experian shall fully respond and shall describe and explain the complete process, company rules, policy, and procedures by which Experian's computer hardware and software systems match and combine tradelines and/or personal identifying information within a consumer's credit files, shall identify all documents that explain or regard the same, and shall provide the names of at

least five (5) persons with substantial knowledge of these systems and processes. If there are fewer than five such persons, Experian shall identify all such knowledgeable persons. Experian shall provide this response on or before October 1, 2013.

    3. Experian shall respond to Plaintiffs' Interrogatory No. 11 as further limited by the Plaintiffs during the Court's teleconference with the parties and shall identify any and all complaints, investigations, inquiries, administrative proceedings, and civil actions made or brought against Experian or in which Experian was involved since August 1, 2012, and that were instituted by or through the Federal Trade Commission or the Consumer Financial Protection Bureau wherein it was alleged that Experian failed to conduct a proper investigation or reinvestigation with respect to the information. Experian shall provide this response on or before October 30, 2013.

    4. With respect to Plaintiffs' Interrogatory No. 15, Experian's objections are overruled. Experian shall fully respond and shall identify each and every instance within the five year period preceding the filing date of the Complaint in which Experian provided notice to a consumer that Experian would not process his/her dispute without the consumer providing additional information or documentation. Experian shall provide this response on or before October 30, 2013.

    5. Plaintiffs' Interrogatory No. 18 is resolved by joint stipulation. The Court hereby approves the parties' stipulation

stated on the record as follows: "Experian does not require its customers to provide a consumer's social security number in order to purchase a credit report."

6. With respect to Plaintiffs' Request for Production of Documents No. 7, Experian shall fully respond and produce all documents describing or identifying the means or manner in which information pertaining to a consumer (such as credit accounts, personal identifying information, public record information, etc.) is matched to a specific consumer. Experian shall provide this response on or before October 30, 2013

7. With respect to Plaintiffs' Request for Production of Documents No. 18 seeking all dispute letters that were sent to Experian by a consumer with a Virginia address since January 2011, the parties have entered into a stipulation resolving this dispute. Plaintiffs' Request for Production of Documents No. 18 is deemed withdrawn.

8. Experian shall respond to Plaintiffs' Request for Production of Documents No. 26 as further limited by the Plaintiffs during the Court's teleconference with the parties in connection with Interrogatory No. 11. Experian shall produce any and all complaints, investigations, inquiries, administrative proceedings, and civil actions made or brought against Experian or in which Experian was involved since August 1, 2012, and that were instituted by or through the Federal Trade Commission or the Consumer Financial Protection Bureau

wherein it was alleged that Experian failed to conduct a proper investigation or reinvestigation with respect to the information disputed. Experian shall provide this response on or before October 30, 2013.

9. Experian shall respond to Plaintiffs' Request for Production of Documents No. 29 as further limited by the Plaintiffs during the Court's teleconference with the parties and shall produce all written communications received from any consumer on or after January 1, 2011 for whom a disclosure log shows that on or after January 1, 2011, Experian responded to that communication and mailed a letter type number 066, or one described in Experian's records as or with a notation substantially similar to "Letter Paragraphs=Not mine or non-specific disp — no SSN (066)". Experian shall provide this response on or before October 30, 2013.

10. Experian shall respond to Plaintiffs' Request for Production of Documents No. 31 as further limited by the Plaintiffs during the Court's teleconference with the parties and shall produce all emails which reference or relate in any way to this case or which contain any of the following phrases: "Menton", "identification", "identifying information", or "utility bill", and which appear in the emails of supervisors and management within either Experian's NCAC facility or its compliance department. Experian shall provide this response on or before October 30, 2013.

11. Plaintiffs' Interrogatory No. 16, and Plaintiffs' Request for Production of Documents Nos. 15, 18, and 28, are hereby deemed withdrawn.

It is so ORDERED.

/s/ *REP*

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: ~~September~~ October 3, 2013

*REP*

Seen and agreed:

_____
Joseph W. Clark
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: jwclark@jonesday.com
*Counsel for the Defendant*


Seen and agreed:

_____
Casey S. Nash, VSB No. 84261
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
casey@clalegal.com
*Counsel for the Plaintiffs*