UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



GILBERT JAMES,

    Plaintiff,

v.                       Civil Action No. 3:12cv902

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on DEFENDANT EXPERIAN SOLUTIONS, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) OR, IN THE ALTERNATIVE, TO REASSIGN CASE (Docket No. 11) and PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S REPLY IN SUPPPORT OF ITS MOTION TO TRANSFER VENUE, OR IN THE ALTERNATIVE, TO REASSIGN CASE (Docket No. 27). For the reasons set forth below, DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1401(a) OR, IN THE ALTERNATIVE, TO REASSIGN CASE (Docket No. 11) will be denied and PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE, OR IN THE ALTERNATIVE, TO REASSIGN CASE (Docket No. 27) will be denied.

## FACTUAL BACKGROUND

Plaintiffs, Gilbert James, Susan Chandler, Theresa Hood, Adedayo Peterson, and Joyce Ridgley filed a complaint against Experian Information Solutions, Inc. ("Experian") on December 26, 2012. All Plaintiffs allege violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. The specific details of each Plaintiff's claims differ slightly, but all of them make the following allegations: (1) Plaintiffs all filed disputes as to information in their Experian credit reports, thereby alerting Experian in writing of the erroneous information; (2) Plaintiffs did not satisfy Experian's policy that all dispute notifications from consumers must include certain consumer information, specifically, the consumer's full social security number, previous addresses for the past two years, full name, date of birth, a copy of a government issued identification card, and a copy of a utility bill or bank statement; and (3) Experian did not correct Plaintiffs' credit reports. Experian does not require similarly detailed information from banking industry customers to whom it sells these consumer credit reports. (Compl. ¶ 28-29.) Plaintiffs allege that Experian's demand for this detailed information from individual consumers before taking any action on the consumer's dispute violated the FCRA. Plaintiffs also allege that the placement of these additional burdens on individual consumers is

2

a deliberate attempt on the part of Experian to avoid resolving the individuals' disputes, and that this practice violates the FCRA. (Compl. ¶ 33.)

Plaintiffs bring their claim on behalf of other individuals similarly situated, and allege facts to support their proceeding as a "class" under Fed. R. Civ. P. 23. (Compl. ¶¶ 38-43.)

## LEGAL STANDARDS

### A.   Transfer of Venue

According to 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh, Inc., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). The party requesting a change of venue has the burden of demonstrating that a transfer of venue is warranted. Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc., 387 F. Supp. 2d 564, 566 (E.D. Va. 2005).

When deciding a motion to transfer venue, the Court must assess two issues: (1) Could the Plaintiffs' claims have been brought in the proposed transferee forum; and (2) Is the transfer justified when considering the interests of justice and convenience of the parties? See Koh v. Microtek Int'l Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). Each issue will be discussed *seriatim*.

## 1.    Is Venue In The Transferee Forum Proper?

A transfer of venue may only be granted "if the plaintiff could have maintained the action in the target forum." Taltwell, LLC v. Zonet USA Corp., 2007 U.S. Dist. LEXIS 93465, at *32 (E.D. Va. Dec. 20, 2007). Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Venue is also proper in a judicial district in which any defendant is a resident. 28 U.S.C. § 1391(b)(1). As a corporation, Experian "resides" in a district in which it would be subject to the court's personal jurisdiction. 28 U.S.C. § 1391(c)(2).

Experian is an Ohio corporation with its headquarters and principal place of business in Costa Mesa, California. Experian proposes to transfer venue to the Northern District of Texas where its National Consumer Assistance Center ("NCAC") is located in Allen, Texas. That office, says Experian, is

primarily responsible for handling consumer disputes, including those alleged by Plaintiffs.   Experian alleges that all of its relevant documents are likely located in Allen, Texas, as are many of its likely witnesses.

It appears that, because Experian's NCAC is located in Allen, Texas, Experian has the minimum contacts with Texas to warrant the local District Court's exercise of personal jurisdiction over it there.[1]  Additionally, a "substantial part" of the actions that created Plaintiffs' claims occurred in Experian's NCAC from which Experian likely sent Plaintiffs the written requests for more information that are the crux of this litigation.   For these reasons, this action could have been brought in the Northern District of Texas.

### 2.   Is Transfer Proper?

The most important factors to be considered when ruling on a motion to transfer venue are the plaintiff's choice of forum, party convenience, witness convenience, and the interests of

---

[1] Plaintiffs claim that Experian's NCAC activities also take place in Chile, and that, in fact, the majority of consumer complaints are handled in the Chilean office, not in Texas. Plaintiffs likewise emphasize that Experian's corporate offices are in California, not Texas. However, the fact that Experian has a branch of its NCAC in Chile and the fact that its corporate officers are in California has little bearing on whether venue could be proper in Texas. According to Experian, the vast majority of relevant documents are located in its Texas NCAC facility, and a federal court in Texas would likely have personal jurisdiction over Experian, given its continuing contacts with the state.

justice.  Samsung Elecs. Co. v. Rambus Inc., 386 F. Supp. 2d
708, 716 (E.D. Va. 2005) (rev'd on other grounds, 523 F.3d 1374
(Fed. Cir. 2007) (citing Koh, 250 F. Supp. 2d at 633).

### (i)  Deference Given To Plaintiff's Choice

In general, a plaintiff's choice of forum is given "great
deference."  Ion Bean Applications S.A. v. Titan Corp., 156 F.
Supp. 2d 552, 563 (E.D. Va. 2000).  In cases where the chosen
forum is not where relevant events occurred or where the
plaintiffs live, then the plaintiff's choice is entitled to a
lower level of consideration.  Id.  In a class action suit,
"'the named plaintiff's choice of forum is afforded little
weight because in such a case, there will be numerous potential
plaintiffs, each possibly able to make a showing that a
particular forum is best suited for the adjudication of the
class' claim.'"  Byerson v. Equifax Info. Servs., LLC, 467 F.
Supp. 2d 627, 633 (E.D. Va. 2006) (quoting Eichenholtz v.
Brennan, 677 F. Supp. 198, 202 (S.D.N.Y. 1988) (citing Koster v.
Lumbermens Mut. Cas. Co., 330 U.S. 518, 524, (1947)).  Here,
Plaintiffs have alleged facts which, if taken as true, would
appear to justify proceeding as a class.  (Compl. ¶¶ 38-43.) As
a nationwide consumer data service, Experian, by its own
admission, handles the data for millions of American consumers.
And, it appears that a substantial number of these consumers
likely will have had similar experiences with Experian as have

6

the putative class plaintiffs and thus would be entitled to prosecute similar claims, or to join in the current class action suit.  In particular, Experian estimates that it sent 15,357 letters requesting additional information to people similarly situated to the plaintiffs.  Therefore, there could be as many as 15,357 plaintiffs who could potentially join this suit. Given the large number of potential plaintiffs and the likelihood that they live in various parts of the United States (both inside and outside of the Eastern District of Virginia), the plaintiffs' choice of forum is entitled to little deference in this case.

As the Plaintiffs contend, the Court did hold, in Byerson, that in a class action suit, the plaintiffs' choice of forum there should be given great deference.  Byerson, 467 F. Supp. 2d at 633.  That decision was influenced heavily by the facts that the plaintiffs' choice of forum was amenable to inexpensive discovery, was home to the Plaintiffs, and was home to key non-party witnesses.   Id.   However, in this case, the Eastern District of Virginia is not particularly amenable to inexpensive discovery, is home to several of the plaintiffs, but is not home to key non-party witnesses.  Neither party has alleged that any key non-party witnesses are located in Richmond.  For these reasons, this case is distinguishable from Byerson.  The normal

deference to the plaintiffs in their choice of forum is lessened in this nationwide class action suit.[2]

### (ii) Party Convenience

A court's consideration of the convenience to the parties includes "'ease of access to sources of proof, the cost of obtaining the attendance of witnesses, and the availability of compulsory process.'" Byerson, 467 F. Supp. 2d at 633, (quoting Samsung, 386 F. Supp. 2d at 717, n.13)). However, simply "shifting" one party's inconvenience to the other party does not support a transfer of venue. See Taltwell, LLC v. Zonet USA Corp., 2007 U.S. Dist. LEXIS 93465, at *35 (E.D. Va. Dec. 20,

---

[2] Plaintiffs cite two other cases in support of a greater deference to class action plaintiffs' choice of forum: D'Addario v. Gellar, 264 F. Supp. 2d 367, 391 (E.D. Va. 2003) and Doe v. Connors, 796 F. Supp. 214, 222 (W.D. Va. 1992). In D'Addario, the court had been dealing with the parties in similar matters for quite some time, and opted not to transfer the case, notwithstanding that the action was a shareholder derivative suit. It is unclear how many shareholders were involved in the suit, where they were located, or how many could have joined the suit. In Connors, the court was considering a class action suit filed by beneficiaries of a coal mining trust. The plaintiffs filed suit in West Virginia. Even though there were approximately 118,000 beneficiaries who could have been party to the suit, the Court gave deference to the class action plaintiffs' choice of forum because 9,000 of the beneficiaries resided in Virginia, and thousands more resided in neighboring West Virginia, Kentucky, and Tennessee. Only 51 resided in the proposed Washington, D.C. transferee forum. The concentrated nature of the plaintiffs' residences in that case favored deference to the class action plaintiffs' case. This concentration (and the deference that would accompany it) is absent from this case, and these class action plaintiffs do not deserve the traditionally strong deference given to the plaintiff's choice of forum.

2007) (citing E. Coast Res. LLC v. Hampstead, 2007 U.S. Dist. LEXIS 51285, at *8 (E.D. Va. Jul 16, 2007) (citing JTH Tax, Inc. v Lee, 482 F. Supp.2d 731, 736 (E.D. Va. 2007); Bd. of Tr. v. Sullivan Ave. Prop., LLC, 508 F. Supp. 2d 473, 478 (E.D. Va. 2007))).

In this case, Experian contends that almost all of its supporting documentation, most of which is in electronic form, and its key witnesses are located in Texas and / or California, making Texas a geographically central forum that would be more convenient for the parties. (Def.'s Mot. Transfer 13, ECF No. 12.) However, the named Plaintiffs all live in Virginia, albeit in different divisions and districts within Virginia. Much of Plaintiffs' supporting evidence, at least as to what happened to them in their dealings with Experian and as to their damages, is located in Virginia. If the Court were to grant a transfer in this case, the inconveniences claimed by Experian would simply be shifted to the Plaintiffs, who would have to travel to Texas with their documents and witnesses just as Experian would have to travel to Virginia absent a transfer. Additionally, most of Experian's documents are available in electronic format, thus weakening the argument that it would be severely inconvenienced by defending the case in Virginia. Because a transfer to the Northern District of Texas would only serve to shift the

9

inconvenience from one party to another, the consideration of party convenience weighs against a transfer.

### (iii)     Witness Convenience

It is necessary also to consider the convenience of witnesses who may be called to testify in the original or transferee forum. Koh, 250 F. Supp. 2d at 636 (citing Acterna, LLC v. Adtech, Inc., 129 F. Supp. 2d 936, 939 (E.D. Va. 2001). More weight is given to inconveniences suffered by material witnesses than cumulative witnesses, and more weight is given to non-party witnesses than to party witnesses. Koh, 250 F. Supp. 2d at 636-37; see also Samsung, 386 F. Supp. 2d at 718.

Experian has mentioned only two witnesses who might be inconvenienced if required to appear before this Court: Teresa Iwanski and Kimberly Hughes, both of whom are Experian employees whose "appearance . . . can be secured regardless of the forum's location through court order or persuasion by an employer who is a party to the action.'" Id. at 719. Moreover, Experian has tendered no affidavits to show the materiality of the testimony to be offered by these witnesses.[3] Without such affidavits, or

---

[3] Experian has submitted the affidavit of Teresa Iwanski (Docket No. 12-2, Def.'s Ex. B). This affidavit was submitted with Experian's brief in support of its motion to transfer venue on March 22, 2013. Specifically, the affidavit states Experian's principal place of business, its state of incorporation, and the likely location of relevant documents and witnesses that would be needed for trial. The affidavit says nothing about the likely

some other proof, (of which there is none) to demonstrate the significance of the testimony, the Court is left to speculate about the importance of the witnesses' testimony. Experian also notes that employees of Midland (a California-based company) could be called as non-party witnesses. However, Experian has not shown that any Midland witness will be asked to appear as a witness, and no information has been provided as to the materiality of any information that a Midland representative may offer.

The named Plaintiffs are five citizens of Virginia. It would certainly be more of an inconvenience for individual plaintiffs to travel to Texas without reimbursement of their expenses than it would be for Experian to bring its two employees to Virginia to testify on its behalf.

On this record, Experian has not met its burden to show that its witnesses would be materially inconvenienced by making an appearance in a Virginia forum. See Koh, 250 F. Supp. 2d at 636 (citing Corry v. CFM Majestic, Inc., 16 F. Supp. 2d 660, 667 n.16 (E.D. Va. 1998)) (holding that "[t]he party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the

---

trial witnesses themselves and how their anticipated testimony is relevant to this case.

materiality of evidence and the degree of inconvenience."); see
also Koh, 250 F. Supp. 2d at 636 (quoting Bd. Tr. v. Baylor
Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1258 (E.D.
Va. 1988)) (noting that this information is "'typically
submitted in affidavit form'" and is "'necessary to enable the
court to ascertain how much weight to give a claim of
inconvenience.'") This factor weighs against transfer.

### (iv) Interest Of Justice

The interest of justice weighs heavily in favor of
retaining this case in this forum. The interest of justice
consideration includes factors that are unrelated to witness and
party convenience, and is a part of the Court's transfer
analysis. Koh, 250 F. Supp. 2d at 633, 639 (citing Corry, 16 F.
Supp. 2d at 666)). The interest of justice factor "'encompasses
public interest factors aimed at systemic integrity and
fairness.'" Lycos, Inc. v. TiVo, Inc., 499 F. Supp. 2d 685, 695
(E.D.Va. 2007) (quoting Byerson, 467 F. Supp. 2d at 635)). The
most important considerations of systematic integrity are
"'judicial economy and the avoidance of inconsistent
judgments.'" Lycos, 499 F. Supp. at 695 (quoting Byerson, 467
F. Supp. 2d at 635)). The consideration of fairness includes

12

consideration of docket congestion and knowledge of applicable law. Lycos, 499 F. Supp. at 695.[4]

Experian's argument on this factor is that the Plaintiffs' counsel has engaged in forum shopping by bringing the case in this district and by informing the Clerk in its filing papers that this case is related to another case that was assigned to the same presiding judge. In other words, this aspect of Experian's transfer argument replicates its alternative motions for reassignment. As the argument is presented by Experian, it has no real relation to the interest of justice analysis unless the alternative motion - reassignment of the case - has merit which, as explained below, it does not.

Apart from that topic, Experian has not addressed the pertinent factors respecting the public interest analysis except to decry consideration of docket congestion as a factor in the analysis. For that contention, Experian relies on the decision in Telepharmacy Solutions, Inc. v. Pickpoint Corp., 238 F. Supp.2d 741, 743-44 (E.D. Va. 2003). Telepharmacy is of no import here because it was a two-party patent case in which neither party had any connection with Virginia. Thus, on its facts, Telepharmacy simply does not apply here.

---

[4] However, in federal courts deciding federal questions of law, "all federal judges are considered adept in interpreting the various aspects of federal law no matter where they are sitting." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3854 (2007).

On this record, the Court cannot find that Experian has shown that the interest of justice augurs in favor of transfer.

Having considered all of the applicable factors, the motion to transfer venue must be denied because Experian has not carried its burden to show that transfer is warranted under § 1404(a).

**B.    Motion To Reassign Case**

As an alternative to transfer of venue, Experian asks that this action be re-assigned to another judge within the Richmond Division.[5]   In support of this request, Experian argues that Plaintiffs have engaged in "forum shopping" and that Plaintiffs' counsel made a "misrepresentation" to the Clerk to assure that the case would be assigned to the undersigned.   Specifically, Experian alleges that Plaintiffs' counsel misled the Clerk when Plaintiffs stated on their civil cover sheet that the case of James v. Encore Capital Group was "related" to this case.   As a result of this misrepresentation, the instant case was assigned to the undersigned.

---

[5] If a party requests a new judge to preside over its case, it may make a motion under 28 U.S.C. § 144.   Section 144 requires a party to submit and affidavit alleging the assigned judge's bias or prejudice.   Section 455 of the same title governs the circumstances requiring disqualification of a judge in cases where the judge has a personal bias, or a conflict of interest that would preclude him or her from properly presiding over the case.

Plaintiffs, however, have shown that Mr. James and the other named plaintiffs in this case were all plaintiffs in the Encore Capital case, and that the claim in this case arose as a result of the settlement reached in the Encore Capital litigation. Experian has cited no decisional law to support its motion to reassign the case, and does not allege that the assigned presiding judge is biased in favor of the Plaintiffs.[6]

The core of Experian's argument is that the Plaintiffs' counsel (who specializes in consumer law) recently has filed nine FCRA cases against companies other than Experian and that

---

[6] Experian does, however, seem to imply that the assigned judge has a general bias in favor of FCRA plaintiffs when it argues that eight of the last nine cases filed in this division have been randomly assigned to the assigned judge here. From that, Experian suggests that Plaintiffs' counsel has sought to land those cases on the docket of the undersigned. This line of reasoning implies that Plaintiffs' counsel intended to have this case assigned to the assigned judge because of prior favorable results. However, naked inferences of bias will not support the re-assignment of a case. See Mosley v. Tate, 2013 U.S. Dist. LEXIS 23826, at *10 (W.D.N.C. Feb. 20, 2013) ("In considering whether a judge's impartiality might be questioned, an 'objective reasonableness' standard applies and 'is not to be construed to require recusal on spurious or loosely based charges of partiality.' (quoting McBeth v. Nissan Motor Corp. USA, 921 F. Supp. 1473, 1477 (D.S.C. 1996))). '"Conclusory allegations charging the judge with improper conduct . . . cannot justify disqualification.'" Mosely, 2013 U.S. Dist. LEXIS 23826, at *10 (quoting Duplan Corp. v. Deering Milliken, Inc., 400 F. Supp. 497, 513 (4th Cir. 1975)). If the defendant intended to allege bias, then the defendant was required to submit an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. Defendant has not done that here, and obscure inferences that Plaintiffs' counsel is taking advantage of some sort of unstated bias is inadequate to support a motion to reassign the case.

eight of them have been assigned to the same presiding judge. Assuming that to be true, it proves nothing because it ignores the fact that, excluding related cases, cases are assigned randomly by computer, and Experian does not contend that any of those cases were filed under the "related case" exception to the random assignment process. The argument also ignores the fact that, for better or worse, this Court's docket is home to a large number of FCRA cases filed by Plaintiffs' counsel alone or as co-counsel. Thus, whatever point is intended to be made by Experian's argument lacks merit because it is not tethered to the pertinent facts respecting assignment of cases.

There is no doubt that a misrepresentation that one case is related to another would prompt reassignment. In fact, the Court has so held in the past. But, Experian has not shown that Plaintiffs' counsel misrepresented any fact that affected the assignment of this case.

Nor is there any legal support for reassigning a case because a number of Plaintiffs' counsel's cases in a particular subject area have been assigned to a particular judge in a court which, on its docket, has many cases of that description that are filed by Plaintiffs' counsel, absent some manipulation of the assignment process by Plaintiffs' counsel. That, perhaps, is why Experian's brief offers no decisional support for its request.

For the foregoing reasons, Experian's alternative motion to reassign the case also will be denied.

## C.   Motion To Strike

Under Rule 12(f), a party may move the court to strike "from a <u>pleading</u>" portions that are "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Rule 7(a) defines a "pleading" as a complaint, an answer to a complaint, an answer to a counterclaim designated as such, an answer to a cross claim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer, if that reply was ordered by the court. Fed. R. Civ. P. 7(a). Rule 7(b) is entitled "Motions and Other Papers" and lists several documents which are not pleadings. Fed. R. Civ. P. 7(b). In this case, Plaintiffs have moved the Court to strike Experian's reply brief. By virtue of Rule 7(a), the defendant's reply brief is not a "pleading" that is subject to the Rule 12(f) motion to strike.

The Plaintiffs cite several decisions from the Eastern District of Virginia in which the Court has considered motions to strike on the merits, notwithstanding that the motions were made in reference to materials that were not "pleadings" under

the Rule 7(a).[7]   However, when specifically confronted with the issue, the Court has held that a party's brief is not a pleading under the Federal Rules of Civil Procedure, and is therefore not subject to a motion to strike under Rule 12(f).   <u>International Longshoremen's Ass'n, S.S. Clerks Local 1624 v. Virginia Int'l Terminals,</u> 904 F. Supp. 500, 504 (E.D. Va. 1995).   This decision provides a simple, clear method to dispose of the motion to strike a brief.

For the foregoing reasons, PLAINTIFFS' MOTION TO STRIKE THE DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE, OR IN THE ALTERNATIVE, TO REASSIGN CASE (Docket No. 27) will be denied.

## CONCLUSION

For the reasons set forth herein, DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) OR, IN THE ALTERNATIVE, TO REASSIGN CASE (Docket No. 11) will be denied and PLAINTIFFS' MOTION TO STRIKE

---

[7] <u>See</u> <u>Beverly v. Lawson,</u> 3:10cv83-HEH, 2011 WL 586416 (E.D. Va. Feb. 9, 2011) (finding that the movant would not be prejudiced, and denying the motion to strike the plaintiff's motions); <u>Ilozor v. Hampton Univ.,</u> CIV A 4:06cv90, 2007 WL 1310179 (E.D. Va. May 3, 2007) (finding that the reply memorandum complained of did not contain new evidence, and denying the motion to strike); <u>DNT, LLC v. Sprint Spectrum,</u> LP, 750 F. Supp. 2d 616, 630 (E.D. Va. 2010) (denying the motion to strike a reply brief, but stating that the court would not consider any new issues raised in the brief).

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE, OR IN THE ALTERNATIVE, TO REASSIGN CASE (Docket No. 27) will be denied.

It is so ORDERED.

                                    /s/        REP
                          Robert E. Payne
                          Senior United States District Judge


Richmond, Virginia
Date:  January 2, 2014