UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GILBERT JAMES,

    Plaintiff,

v.                                          Civil Action No. 3:12cv902

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant.

**ORDER**

In telephone conferences respecting the production of documents, the Court was made aware that the defendant, Experian Information Solutions, Inc. ("Experian"), has filed a privilege log making claims of privilege on approximately 8,000 documents, alleging attorney-client privilege or work product protection, or both, as to those documents. The plaintiff has taken the view that the privilege log is inadequate; that the privilege log was not timely filed and thus that there is a waiver of the privilege; that on their substantive merits, thousands of the privileged claims are without merit; and that, for reasons other than timeliness of the privilege log, the privileges have been waived.

On the basis of the showing made in telephone conferences, the Court has determined that it is appropriate for the plaintiff to take depositions under Fed. R. Civ. P. 30(b)(6) to further explore the validity of the claims of privilege; and that it is necessary, for proper presentation of the issues,

that the issues be fully briefed. A briefing schedule has been set. (See Orders, Docket Nos. 64, 69 and 78).

As the parties were advised in the telephone conferences, the Court considers the task of sorting out the claims of privilege of some 8,000 documents to be best handled by a Special Master. The Court identified three candidates for that position and required the parties to state their respective positions about each of the candidates. The plaintiff filed, on January 6, 2014 (Docket No. 72), and the defendant filed, on January 8, 2014 (Docket No. 73), notice that there were no objections to any of the candidates.

Upon assessment of the complexity of the task, the need for extensive resources to perform the task of Special Master in assessing the validity of some 8,000 privileged claims, and having considered the importance of the privilege issue here presented and the need to have those matters assessed by a Special Master with experience in litigation who also has access to resources that are sufficient to undertake, in an efficient and effective way, the difficult task of making those judgments, the Court has determined to appoint Rosewell Page, III, Esquire, an experienced trial lawyer and member of the American College of Trial Lawyers, as a Special Master for purposes of investigating the claims of privilege and making recommendations respecting those claims.

Mr. Page, now counsel in the Richmond Office of McGuireWoods (the "law firm"), has conducted a search for potential conflicts of interest and has concluded that there are no conflicts that would preclude his accepting the assignment. However, he requested that the following information be communicated:

(A) the law firm now has pending representations in open matters wherein lawyers in the law firm represent: (1) Wells Fargo Bank, a non-adverse co-defendant with Experian; (2) Jefferson Systems, Inc.; (3) Capital One Bank (seven actions); and (4) Bank of America (five actions) in which Experian is also a non-adverse co-defendant. Each of the claims in those matters is a consumer action. Further, a partner in the law firm is the Trustee in a Chapter 7 bankruptcy proceeding in which Linda Swartz is the debtor and Experian is listed as a creditor.

(B) Also, there are closed matters in which the firm has represented a defendant in consumer litigation in which Experian or an Experian-related entity was a non-adverse co-defendant. The clients represented by the law firm in those closed matters are Capital One Bank, Atlanticus Holdings Corp., Bank of America, Verizon Wireless, Verizon Virginia, Continental Finance Co., Inc., and LEXISNEXIS. In addition, the law represented ICICI Bank, Ltd. in a sales transaction in which an Experian related entity was the adverse party to the sales transaction. The law firm represented an Experian subsidiary, GUS, PLC, in

3

certain employment benefit issues. Finally, in connection with this, or related, litigation brought by the plaintiff, the law firm has served as counsel to Capital One Bank and Bank of America in respect of subpoenaes issued by the plaintiff, Gilbert James.

Mr. Page advises that no lawyer who is working on the above-described matters, whether open or closed, will be involved in the tasks which will be undertaken by the Special Master.

Having reviewed the information provided by Mr. Page, the Court concludes that none of the foregoing information presents any conflict in respect of his ability to serve as Special Master herein. If there is any disagreement with the foregoing assessment respecting whether any of the above listed representations present a conflict of interest, or otherwise disqualify, Mr. Page from serving as Special Master, that must be made known in writing with supporting reasoning not later than February 4, 2014.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 19, 2014

4