**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

GILBERT JAMES, *et al.*, *on behalf of themselves and all others similarly situated,*

Plaintiffs,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.

Defendant.

Civil Action No. 3:12cv902

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER AND TO LIMIT DISCOVERY**

COME NOW the Plaintiffs, by counsel, and for their reply brief in support of their Motion for a Protective Order and to Limit Discovery, they state as follows:

## I. INTRODUCTION

As it is left without any meaningful defense in this case, Experian has issued subpoenas to eight third parties that are in possession of private financial and personal details of the Plaintiffs' lives and spending habits, as well as those of their spouses. This information is not relevant to any fact at issue in this case. Relevance is the outer bound on the scope of permissible discovery as set forth by Rule 26(b)(1). Plaintiffs have therefore moved for a protective order barring Experian from conducting any additional discovery on this topic and prohibiting Experian from using any of the information that it has already received from these subpoenas. Not only is the information sought completely irrelevant to this case, it is harassing and invasive of the privacy rights of the Plaintiffs and their non-party spouses. In opposition to Plaintiffs' motion, Experian raises several arguments, all of which fail. First, it asserts that the Plaintiffs have no standing to quash non-party subpoenas, but it disregards the simple fact that all

discovery is constrained to information that is relevant to a party's claims or defenses. In an attempt to establish the information's relevance, Experian misrepresents the law in this Circuit and attempts to argue that "accuracy" is an element of a §1681i claim, notwithstanding this Court's prior ruling on this very issue in the *Williams v. LexisNexis* litigation. Next, Experian argues that, even if §1681i does not require proof of an inaccurate consumer report—which it does not—Experian should be able to conduct the third-party discovery because it might – hopefully - be able to use it to impeach the Plaintiffs or reduce the amount of damages that Experian would pay in any judgment. For the reasons discussed below, this information is not relevant to a calculation of statutory damages, nor is Experian permitted to use the discovery process to engage in a fishing expedition for impeachment evidence. Additionally, by virtue of the self-executing operation of Rule 37(c)(1), Experian is barred from using any of this information because it was not disclosed (timely, or at all) in Experian's Rule 26(a)(1) disclosures or its supplements thereto. Thus, each of Experian's arguments fails. This Court should find—just as it did in *Williams v. LexisNexis*—that accuracy is not an element of a §1681i claim, that the information sought by Experian in these subpoenas is therefore irrelevant, non discoverable and cannot be used to oppose class certification or at trial. The Court should also require Experian to return all such information obtained, including communications and objections from these third parties and their counsel, to the Plaintiffs forthwith.

## II. ARGUMENT

By the date of this filing, Experian has likely received responses to most of the third party subpoenas that are the subject of Plaintiffs' motion, as well as communications from these third parties and their counsel. Thus, Plaintiffs are seeking, to the extent that Experian has received any such responses, that this Court bar Experian from using them in the case and that the Court

order Experian to return copies of the responses and objections that it has received to date. For the reasons discussed below, Experian should be prohibited from using any of the documents that it received prior to the close of discovery for multiple reasons, including because they are completely irrelevant to this case.

**A. Experian's standing argument is wholly without merit.**

Experian miscomprehends the relief sought by the Plaintiffs in their motion. They are not seeking to quash Experian's subpoenas. Instead, they have moved for a protective order "barring Experian from conducting additional discovery in this case, barring the use of documents already received, ordering that Experian immediately withdraw the subpoenas already issued and requiring Experian to provide Plaintiffs with the objections and responses that it received to date" (Dkt. No. 95 at 5). They bring their motion, not as a motion to quash under Rule 45, but instead seek a protective order as contemplated by Rule 26. It is well established that a Rule 26(c) motion for a protective order can limit the discovery or use of information sought by a subpoena. *See Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 539 (4th Cir. 2004) (upholding the district court's issuance of a protective order disallowing use of evidence obtained by a subpoena directed to a third party); *Sirpal v. Fengrong Wang*, CIV. WDQ-12-0365, 2012 WL 2880565, *4 n. 12 (D. Md. July 12, 2012) (construing plaintiff's motion to quash as one for a protective order under Rule 26 and using relevance and overbreadth to quash the subpoena at issue); *Wash. v. Thurgood Marshal Acad.,* 230 F.R.D. 18, 22 (D.D.C. 2005) (construing defendant's motion to quash subpoena served on third parties as a motion for protective order and applying analysis as it would for a motion to quash). This relief is routinely considered and granted by this Court. *See, e.g.*, *Singletary v. Sterling Transp. Co., Inc.*, 289 F.R.D. 237, 242 (E.D. Va. 2012) ("In addition to quashing the applicable subpoenas duces tecum, in order to protect Plaintiff from annoyance,

embarrassment, oppression, or undue burden or expense, the Court will enter a Protective Order requiring Defendant to first obtain leave of Court before issuing any other subpoenas seeking Plaintiff's previous employment records in this case. *See* Fed. R. Civ. P. 26(c)(1)"); *Stoney Glen, LLC v. S. Bank & Trust Co.*, 2:13CV8-HCM-LRL, 2013 WL 5514293, *4 (E.D. Va. Oct. 2, 2013) ("Thus, regardless of whether Defendant seeks to quash the subpoenas under Rule 45 or seeks to have the Court issue a protective order preventing the production of the subpoenaed material under Rule 26, the Court should utilize the same standard in deciding Defendant's Motion."). Each of the cases cited by Experian consider a party's standing to challenge a subpoena directed to a non-party under Rule 45 and are thus inapplicable to this case.

**B. The information sought by Experian is not relevant.**

Experian's subpoenas seek to explore the underlying account information of Plaintiffs' Midland accounts, including whether Plaintiffs made certain charges on credit cards and the amount of interest charged to the accounts. This information is simply not relevant to this case, even under Rule 26's broad discovery parameters. Rule 26's general policy to permit broad discovery is not without limits. The information sought through discovery must be relevant to the issues in the case or must be useful in uncovering the existence of information relevant to the issues in the case. *In re Cooper Tire & Rubber Co.*, 568 F.3d. 1180, 1189 (10th Cir. 2009). District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce. Fed. R. Civ. P. 26(b)(2). Additionally, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action". Fed. R. Civ. P. 26(b)(2)(C). Furthermore, a court "must limit the frequency or extent of

discovery if . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering . . . the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Singletary*, 289 F.R.D. at 241 (citing Fed. R. Civ. P. 26(b)(2)(C)) (internal quotations omitted). Contrary to Experian's assertions, a §1681i case does not require the disputed information to be inaccurate.

*1. The FCRA does not require proof of an inaccuracy in order to establish a violation of 15 U.S.C. § 1681i.*

Despite Experian's argument to the contrary, the actual inaccuracy of an item disputed under the FCRA is not an element of a successful §1681i claim. Proof of accuracy is simply not required by the plain language of the statute, which mandates the removal of not only inaccurate information, but also *incomplete* and *unverifiable* credit information:

> If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be ***inaccurate*** *or* ***incomplete*** *or* ***cannot be verified***, the consumer reporting agency shall—
>
> (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
>
> (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

15 U.S.C. §1681i(a)(5)(A). Thus, Experian's reading of the statute would render the words and phrases "incomplete" and "cannot be verified" meaningless. It is important to note, of course, that Experian shut the dispute process down immediately upon receipt of the dispute letters from the class members, demanding that they provide copies of documents like utility bills, bank statements or insurance statements before it would investigate this or any future disputes. Experian never even attempted an investigation to learn whether the disputed information was inaccurate, incomplete, or could not be verified. The ambitious "accuracy determination" that it

now embarks on via the use of the subpoena process should have completed years ago when it received dispute letters from the class members. Experian quotes several cases from this District out of context in an attempt to provide support from this Court where none exists. The simple fact remains that this Court's decision in *Williams v. LexisNexis* is still good law and the Court should apply it here. In addition to this Court's well-reasoned opinion, it is clear from the statutory text that the purpose and public policy behind the FCRA demonstrates that actual inaccuracy is not, and was never intended to be, an element of a §1681i claim.

The plain language of the FCRA itself does not require a showing of inaccuracy to impose liability for facility to conduct a reasonable investigation. As one court has noted, "the very purpose of the investigation is to determine whether an inaccuracy exists." *Whiting v. Harley-Davidson Fin. Servs.*, 534 F. Supp. 2d 823, 831 (N.D. Ill. 2008). Or put another way by a court:

> The purpose of an investigation is to prove that an item on the report is correct. Trans Union has not (and cannot) dispute that a consumer has a right to question an entry on a credit report if the consumer believes it has been reported incorrectly. . . . If a debtor's account is purchased by another entity and the name of the account changes such that it is unrecognizable by the debtor, is the debtor within his rights to ask the credit reporting agency to investigate the account? It is clear to this court that the standard for requesting an investigation must be both low and in favor of the consumer, or else the consumer's "right to accuracy" is effectively abrogated.

*Bank v. Trans Union, LLC*, 2008 WL 2444682 (N.D. Ind. June 13, 2008).

The Eastern District of Virginia has not subscribed to the threshold accuracy requirement that Experian urges either. Instead, it has held that a FCRA plaintiff does not need to prove an inaccuracy in a § 1681i claim. *Williams v. LexisNexis Risk Mgmt. Inc.*, 2007 WL 2439463, at *6 (E.D. Va. Aug. 23, 2007) ("§ 1681i imposes obligations on the CRAs even where the report is accurate[.]"). Experian's claims that several Eastern District of Virginia decisions contradict the

*Williams* case are unfounded and require a tortured reading of those decision. For example, both the *Burke* and *Fiscella* cases cited by Experian simply state that the dispute of inaccurate (or purportedly inaccurate) information must be made to a credit reporting agency and not a third party, such as the furnisher of the information. *See Fiscella v. Intelius, Inc.*, 3:10-CV-186, 2010 WL 2405650, *3 (E.D. Va. June 10, 2010) ("Thus, to maintain a cause of action under 15 U.S.C. § 1681i(a)(1)(A), Fiscella must allege, at a minimum, that he brought inaccurate or incomplete information in his file *to the attention of a consumer reporting agency* which then failed to reasonably reinvestigate the disputed information . . ."); *Burke v. Experian Info. Solutions, Inc.*, 1:10-CV-1064 AJT/TRJ, 2011 WL 1085874, *3 (E.D. Va. Mar. 18, 2011) ("In order to prevail on a Section 1681i claim, a plaintiff must show (1) that *he disputed the accuracy of an item* in his or her credit file; (2) the CRA failed to conduct a reasonable reinvestigation; and (3) that a reasonable reinvestigation by *the CRA* could have uncovered the inaccuracy."). A full reading of both of these cases makes clear that neither substantively address whether the disputed information must be inaccurate, rather than simply disputed by a consumer. These decisions – quite appropriately – discuss the specific dispute that was at issue in those cases. At least one other court has supported this interpretation. *Craighead v. Nissan Motor Acceptance Corp.*, 1:10CV981 JCC JFA, 2010 WL 5178831, *5 (E.D. Va. Dec. 14, 2010) *aff'd,* 425 F. App'x 197 (4th Cir. 2011) ("As to Plaintiff's claim pursuant to section 1681i(a)(1), that section applies to credit reporting agencies, not furnishers of information . . . 'Thus, to maintain a cause of action under 15 U.S.C. § 1681i(a)(1)(A), [a plaintiff] must allege, at a minimum, that he brought inaccurate or incomplete information in his file to the attention of a consumer reporting agency which then failed to reasonably reinvestigate the disputed information." *Fiscella v. Intelius, Inc.,* No. 3:10cv186, 2010 WL 2405650, at *3 (E.D. Va. June 10, 2010). As Defendant is not a credit

reporting agency under the FCRA, *see* 15 U.S.C.A. § 1681a(f), Defendant cannot violate this section."). And as for the *Wadley* case, the Fourth Circuit, in reviewing the decision, specifically held that the district court did not address the issue of whether or not the disputed information had to be inaccurate. *Wadley*, 241 Fed. App'x. at 135 ("As Wadley correctly observes, the district court did not address the § 1681i claim in its summary judgment order."). Experian's characterization of these cases is surprising, given that current defense counsel defended two of those cases. *See Burke*, 2011 WL 1085874 (Experian represented by Joseph Clark); *Wadley v. Experian Info. Solutions, Inc.*, CIV.A. 05-467, 2005 WL 2045371 (E.D. Va. Aug. 19, 2005) *vacated and remanded,* 241 F. App'x 132 (4th Cir. 2007) (Experian represented by Jones Day). The simple fact—and one that Experian cannot avoid—is that this Court has held that a § 1681i claim is a procedural claim and accuracy is simply not an element of such a claim.

As a practical matter, requiring the disputed information to be inaccurate would frustrate the purpose of the FCRA. Imposing such a requirement would allow credit reporting agencies to completely and blatantly violate consumers' dispute rights to also remove incomplete or unverifiable information with no repercussions. Credit reporting agencies could outright ignore consumers' disputes, neglect to forward a consumer's dispute to the furnisher, or even choose not to inform the consumer of the reinvestigation results. Such a requirement would not fulfill the purpose of the FCRA, a remedial statute that was specifically enacted to protect consumer rights, and thus should be granted its most liberal construction.

Simply put, there is no requirement that a plaintiff prove actual inaccuracy for a successful § 1681i claim in this Circuit. Accordingly, the subpoenas that Experian issued to the various third parties in this case seek information that is completely irrelevant to this case. Because the information is not relevant, Plaintiffs urge this Court to grant this motion, to prohibit

Experian from using the information from these subpoenas in this case and to immediately return all documents and communications received from those third parties to the Plaintiffs.

*2. Evidence of Impeachment and Damages*

The Fourth Circuit has previously considered the elements involved in a determination of statutory damages in *Stillmock v. Weis Markets, Inc.*, 385 F. App'x 267 (4th Cir. 2010). The amount of statutory damages for an FCRA violation ranges between $100 and $1000. 15 U.S.C. § 1681n. However, whether the Plaintiffs are awarded an amount on the low end of the range or the high end of the range depends upon the degree of the Defendant's noncompliance—not the level of accuracy of the credit reporting. *See Stillmock*, 385 F. App'x at 272–73 (affixing statutory damages based on the number of times the defendant engaged in conduct that violated the FCRA with respect to each class member). Thus, as discussed above, whether Plaintiffs' credit reports actually were inaccurate is not relevant to the determination of damages, particularly where Plaintiffs have explicitly stated that they seek only statutory and punitive damages in this case.

Further, in the context of Experian's failure to supplement its initial disclosures and discovery responses, Experian's claim that this "accuracy" evidence sought is to be used substantively in this case is at odds with its alternate position that the information is sought for impeachment purposes. It is not controversial that information sought to be used for impeachment purposes must nonethless be disclosed whenever the evidence also has a substantive purpose. In other words, Experian's failure to disclose such evidence in its supplemental Rule 26 disclosures and its discovery responses cannot be excused merely because Experian would attempt an unsupported argument that the information was to be used for impeachment purposes. *Newsome v. Penske Truck Leasing Corp.*, 437 F. Supp. 2d 431, 434 (D.

Md. 2006); *see also* Fed. R. Civ. P. 26(a)(1)(B). Federal Rule of Civil Procedure 26(a)(1) requires the initial disclosure of "all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless ***solely*** for impeachment." Fed. R. Civ. P. 26(a)(1)(B) (emphasis added). Thus, Rule 26(a)(1) requires the disclosure of evidence that is or could be substantive evidence. *Newsome*, 437 F. Supp. 2d at 436. Additionally, Rule 26(e)(1) "imposes a duty on parties to supplement disclosures if the information disclosed is later found to be incomplete or incorrect." *Golden Nugget, Inc. v. Chesapeake Bay Fishing Co., L.C.*, 93 F. App'x 530, 533 (4th Cir. 2004); *see also* Fed. R. Civ. P. 26(e)(1). Rule 37(c)(1) in turn provides that information not disclosed pursuant to Rule 26 may not be used as evidence at trial "unless such failure is harmless". Fed. R. Civ. P. 37(c)(1); *see also Golden Nugget, Inc. v. Chesapeake Bay Fishing Co., L.C.*, 93 F. App'x 530, 533 (4th Cir. 2004); *Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954 (E.D. Va. Oct. 27, 2010) (finding that the court "must impose sanctions" for under Rule 37(c)(1) where there was no harmless error or substantial justification).

In determining whether a party's nondisclosure of evidence was substantially justified or harmless, the Court should analyze the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

Experian argues that the evidence obtained from the third party creditors in response to its subpoenas could be used both for impeachment purposes as well as substantively in order to determine the amount of damages each Plaintiff is entitled to receive. But it can't have it both

ways. To the extent that this Court finds that, notwithstanding its ruling on the phantom "accuracy element" in the *Williams* decision, Experian is entitled to attempt this defense anyway, the Court must then reach the alternate conclusion that this information must be barred by the provisions of Rule 37(c)(1) in that Experian was required to disclose this evidence in its Rule 26(a)(1) disclosures and discovery responses and failed to do so. Experian's failure to supplement its initial disclosures and discovery responses, including all of the documents received from the subpoenas Experian issued both before and after the close of discovery, precludes Experian from using this evidence at trial, even if the Court allows Experian to attempt this defense at class certification or at trial. *See Golden Nugget, Inc.*, 93 F. App'x at 533.

Experian provided its Rule 26(a)(1) disclosures on May 15, 2013 (attached as Exhibit "A"). Experian failed to supplement its initial disclosures at any point after this time as required by Rule 26(e)(1). Because Experian did not supplement its Rule 26(a)(1) disclosures to include the information that it obtained from the subpoenas, it should be barred from using any evidence gained from these subpoenas as evidence in this case. A Defendant cannot be permitted to use documents and evidence that it has refused to disclose and provide pursuant to Rule 26(a)(1) and Rule 26(e). Unlike conventional discovery, a party's disclosure obligations are "self-executing." If a party does not properly and timely comply with Rule 26(e), it may not use the evidence it failed to disclose or supplement in a timely fashion. Fed. R. Civ. P. 37(c). *Barksdale*, 2010 WL 4534954 (finding that the court "must impose sanctions" for under Rule 37(c)(1) where there was no harmless error or substantial justification). Rule 37(c)(1) provides in pertinent part:

> Failure to Disclose, to Supplement an Earlier Response, or to Admit. – (1) Failure to Disclose or Supplement. If a party fails to provide information or to identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion or after giving an opportunity to be

> heard: (A) may order payment of the reasonable expenses, including attorney's fees, cause by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Exclusion of evidence is the only appropriate remedy for a party's complete failure to disclose it, "[Rule] 37(c)(1) 'provides that a party who fails to [provide information or] identify a witness as required by Rule 26(a) or (e) is not allowed to use that [information or] witness to supply evidence on a motion.'" *Bland v. Fairfax County, Va.*, 1:10CV1030 JCC/JFA, 2011 WL 1660630 (E.D. Va. May 3, 2011) (quoting *Hoyle v. Freightliner, LLC*, 650 F.3d 321 (4th Cir. 2011). This is consistent with the Advisory Committee notes to the 1993 Amendment of Fed. R. Civ. P. 37(c), which explains:

> Subdivision (c). The revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A).Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1). This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56.

The only exceptions in Rule 37(c) are for circumstances in which the failure to disclose was with "substantial justification" or in which the failure to disclose was "harmless." *Barksdale*, 2010 WL 4534954, at *3. Neither of these limited exceptions applies in this case.

The Advisory Committee Notes offer examples under which these conditions might apply, which courts have consistently done since their adoption. *See e.g.*, *Scott v. GMAC Mortgage, LLC*, Civ. No. 10CV24-NKM (W.D. Va. Apr. 14, 2011) (the court found GMAC's conduct to be egregious and accordingly ordered sanctions for failure to timely comply with discovery, including the sanction of entry of default and award of attorney fees.) They include instances in which the omission was limited, for a witness otherwise known to both parties, or

when the negligent party was a pro se litigant. *Id.*; *accord Barksdale*, 2010 WL 4534954 at *3-4. None of these apply in the present case. The Advisory Committee Notes further explain that:

> Limiting the automatic sanction to violations "without substantial justification," coupled with the exception for violations that are "harmless," is needed to avoid unduly harsh penalties in a variety of situations: *e.g.*, the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement to make disclosures. In the latter situation, however, exclusion would be proper if the requirement for disclosure had been called to the litigant's attention by either the court or another party.

One of the cases which is most frequently cited on this issue, even outside this District and Circuit, is *Rambus, Inc. v. Infineon Tech. AG*, 145 F. Supp.2d 721 (E.D. Va. 2001) In the Court's detailed analysis of the appropriate standard and remedy under Rule 37(c), the Court considered the severity of the exclusion remedy and determined the standard by which the remedy should be enforced. The Court applied the *Burlington Insurance* test to consider the following five factors: (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony. 145 F. Supp. 2d at 726, 727-734. Importantly, there is no "bad faith" element, and even an innocent omission cannot constitute "substantial justification." *Southern States Rack & Fixture v. Sherwin-Williams Co.*, 318 F.3d at 596; *Scott v. GMAC*, 3:10CV24-NKM, at 11-12. As this Court explained in *Rambus*,

> [T]he plain language of the rule contains no requirement for bad faith or callous disregard of the discovery rules. In fact, the rule is rather harsh in that it automatically imposes the preclusion sanction unless the non-complying party can show that there is substantial justification for the failure to make the disclosure, and that the failure was harmless.

145 F. Supp.2d at 727. And Experian can make no such showing. It can offer no justification for

its failure to disclose the information in its initial disclosures and thus cannot now use the information it gained from the issuance of these subpoenas as evidence.

## III. CONCLUSION

Accordingly, for the reasons stated above, Plaintiffs request that the Court require Experian to withdraw all subpoenas that it issued to third parties in this matter regarding the Plaintiffs, that it order Experian to immediately return to Plaintiffs' counsel copies of all objections and responses received, and that it enjoin Experian from issuing any further discovery in this case and from using any of the documents received from these entities in opposing class certification or at trial.

Respectfully submitted,
**PLAINTIFFS,**

By: ________/s/________________
Of Counsel

Matthew J. Erausquin, VSB No. 65434
Janelle Mason Mikac, VSB No. 82389
Casey S. Nash, VSB No. 84261
*Counsel for the Plaintiffs*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
Email: matt@clalegal.com
Email: janelle@clalegal.com
Email: casey@clalegal.com

Leonard A. Bennett, VSB No. 37523
Susan M. Rotkis, VSB No. 40693
*Counsel for the Plaintiffs*
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23606
Tel: (757) 930-3660

Fax: (757) 930-3662
Email: lenbennett@clalegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joseph W. Clark
Edward M. Wenger
JONES DAY
51 Louisiana Ave., N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: jwclark@jonesday.com
Email: emwenger@jonesday.com

Daniel J. McLoon
JONES DAY
555 S. Flowers St., 50th Floor
Los Angeles, CA 90071
Tel: (213) 243-3580
Fax: (213) 2430-2539
Email: djmcloon@jonesday.com
*Counsel for the Defendant*

/s/

Matthew J. Erausquin, VSB No. 65434
*Counsel for the Plaintiffs*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
Email: matt@clalegal.com