UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

GILBERT JAMES, *et al., on behalf of themselves and all others similarly situated,*

    Plaintiffs,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.

    Defendant.

Civil Action No. 3:12-cv-902

## FINAL ORDER AND JUDGMENT

On December 26, 2012, Plaintiffs Gilbert James, Susan Chandler, Theresa Hood, Adedayo Peterson, and Joyce Ridgley commenced the lawsuit styled *Gilbert James, et al., on behalf of themselves and all others similarly situated, v. Experian Information Solutions, Inc.* by filing a Class Complaint in the United States District Court for the Eastern District of Virginia, Richmond Division, Civil Action No. 3:12-cv-902-REP ("Lawsuit"), alleging that Experian Information Solutions, Inc. (Experian" or "Defendant") failed to comply with the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), by refusing to process consumers' disputes unless and until those consumer provided their full social security numbers. (Doc. 1). Plaintiffs contend that Experian's conduct violated various subsections of 15 U.S.C. § 1681i(a). *Id.* Experian filed its Answer to the Class Complaint on March 22, 2013 denying the allegations therein, including denying all allegations that it did not comply with applicable provisions of the FCRA, denying that the action was suitable for certification pursuant to Federal Rule of Civil Procedure 23, and asserting twenty-three affirmative and other defenses that it contends are meritorious notwithstanding its willingness to enter into the Settlement Agreement. (Doc. 9).

Experian has denied any and all liability alleged in the Lawsuit.

After extensive arm's-length negotiations, discovery, and mediation over the course of several months under the supervision of a private mediator, Plaintiffs and Experian (jointly referred to as the "Parties") entered into a Settlement Agreement and Release ("Agreement") that is subject to review under Federal Rule of Civil Procedure 23.

On July 15, 2014, the Plaintiffs filed the Agreement, along with their Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion"). (Doc. 132-1, 131).

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711, *et seq.*, Experian served written notice of the proposed Class Settlement on the United States Attorney General and the Attorneys General of all 50 states and the District of Columbia.

On July 31, 2014, upon consideration of the Agreement and the Preliminary Approval Motion, and having held a hearing to consider the Motion, the Court entered an Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"). (Doc. 139). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified the class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed Agreement; (iii) approved Plaintiffs as Class Representatives; (iv) authorized the Parties to retain KCC, LLC to serve as third party administrator ("Settlement Administrator"); (v) appointed as Class Counsel Leonard Bennett, Matthew Erausquin, and Casey S. Nash of Consumer Litigation Associates, P.C.; and (vi) set the date and time of the Final Approval Hearing to be October 29, 2014.

On October 14, 2014, Plaintiffs filed an unopposed Motion for Final Approval of Class Settlement, Incentive Award and Attorney's Fees. (Doc. 146.) ("Plaintiffs' Final Approval Motion").

On October 29, 2014, a hearing was held pursuant to Federal Rule of Civil Procedure 23 to determine whether the Lawsuit satisfies the applicable requirements for class action treatment and whether the proposed Settlement is fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the Settlement Classes under Fed. R. Civ. P. 23(b)(3) and final approval of the Settlement under Fed. R. Civ. P. 23(e).

The Court has read and considered the Agreement, Plaintiffs' Final Approval Motion, and the record.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Final Order and Judgment incorporates by reference all definitions contained in the Agreement, and all terms used herein shall have the same meaning as set forth in the Agreement. The Agreement shall be deemed incorporated herein.

2. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling Parties for purposes of this litigation.

3. **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following Class Members with respect to the claims asserted in the Lawsuit and is composed of the following Class:

> All natural persons residing in the United States (a) for whom Experian received a dispute between December 26, 2010, and the present and (b) to whom Experian responded with a letter containing paragraph 66.

4. There are 63,365 Class Members.

5. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiffs as Class Representatives and appoints

Leonard Bennett, Matthew Erausquin, and Casey S. Nash of Consumer Litigation Associates, P.C. as Class Counsel.

6. **NOTICES AND CLAIM FORMS** – Pursuant to the Court's Preliminary Approval Order, the Notices approved therein were mailed, along with a claim form.

The Parties have also moved for and the Court orders that a second Notice be mailed to each Settlement Class Member within Fourteen (14) days of the Effective Date. A copy of the approved second Notice is attached hereto as Exhibit "A".

The forms and method for notifying the Class Members of the Settlement and its terms and conditions were in conformity with the Court's Preliminary Approval Order; satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process; and constituted the best notice practicable under the circumstances. The Court further finds that the Notices were clearly designed to advise the Class Members of their rights and clearly and concisely state, in plain, easily understood language, all features of the Lawsuit and Settlement set forth in Fed. R. Civ. P. 23(c)(2)(B).

7. **FINAL CLASS CERTIFICATION** – The Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely the Court finds that, for each Settlement Class:

    a. The Settlement Class Members are so numerous that joinder of all of them is impracticable;

    b. There are questions of law and fact common to the Settlement Class Members that predominate over any individual questions;

    c. The claims of the Class Representatives are typical of the claims of the Settlement Class Members;

    d. The Class Representatives and Class Counsel have fairly and adequately protected the interests of all of the Settlement Class Members; and

  e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair and efficient adjudication of this controversy.

8. The Court, having considered the relevant papers, including the Plaintiffs' Final Approval Motion and the objections filed by Settlement Class Members, finds that the Settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Parties' cases; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and the limited amount of any potential total recovery for Class Members if litigation continued.

9. **SETTLEMENT TERMS** – The Agreement and the proposed Settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

  a. Experian consents to the entry of the Consent Injunction Order regarding changes to its dispute procedures in order to address the claims raised by the Lawsuit, specifically the requirement that a consumer provide a full social security number to process a dispute that has not been submitted via the Internet or the automated Voice Response Unit (VRU).

  b. For a period of 90 days following the Effective Date, Experian shall make available a Dedicated Dispute Process for Settlement Class Members as described in the Settlement Agreement.

  c. Experian shall make a Credit Monitoring Product available for a period of three years to all Settlement Class Members who made a timely and otherwise proper claim, or who submit their election to receive credit monitoring on or before the period that ends 90 days following the Effective Date, pursuant to the second Notice attached hereto as Exhibit "A".

      d.      Experian shall pay all of the costs of the class notice and class administration.

      d.      The Plaintiffs and Class Counsel have moved for a service award for Class Representatives Gilbert James, Susan Chandler, Theresa Hood, Adedayo Peterson, and Joyce Ridgley in the amount of two thousand dollars ($2,000.00) each. The Court finds that these service awards are reasonable and awards the Class Representatives the full requested amount of $2,000 each, which shall be disbursed by the Settlement Administrator no more than 10 days after the Effective Date.

      e.      Class Counsel has moved for an award of attorney's fees, costs and expenses in the amount of one million one hundred thousand dollars ($1,100,000.00). The Court finds that Class Counsel's requested award of attorney's fees, costs, and expenses is fair and reasonable under Fourth Circuit standards, and the Court awards the amount of $ 1,100,000.00 as attorney's fees, costs, and expenses. The Court directs Experian to disburse this amount to Class Counsel no more than ten days after the Effective Date as defined in the Agreement.

10.    **OBJECTIONS AND EXCLUSIONS** – The Class Members were given an opportunity to object to the Settlement. The Court has considered the various objections to the settlement. The Court overrules the objections for the reasons stated on the record.

Sixty-Two (62) Class Members made valid and timely requests for exclusion and are excluded from the Settlement Class and Settlement and are not bound by this Final Order and Judgment. The identities of such persons are set forth in Exhibit B attached hereto.

11.    This Final Order and Judgment is binding on all Class Members, except those individuals identified in Exhibit "B" hereto (who validly and timely excluded themselves from the class). On or after December 2, 2014, the Court will rule separately on the status of Arrmon H. Daugherty's election to exclude himself from or to remain in the Class, depending on his response to this Court's Order of October 30, 2014 (Doc. No. 151).

12.    **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – The Class Representatives, Class Members, and their successors and assigns are permanently barred and

6

enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against the Released Parties, as set forth in the Agreement. Pursuant to the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Order and Judgment.

Notwithstanding the provisions of Section II, Paragraph 17 of the Settlement Agreement, the Parties have confirmed and the Court finds that the Released Claims include only those claims directly arising from the specific communication from the Settlement Class Member to Experian conveying a dispute where in response to that dispute communication Experian mailed a letter containing Paragraph 66 (a "Paragraph 66 Claim"). The Released Claims do not extend to claims based upon the same underlying disputes addressed in separate communications that would not independently constitute Released Claims.

13. This Final Order and Judgment hereby dismisses the Lawsuit, in its entirety, with prejudice.

14. This Final Order and Judgment is not, and shall not be construed as, an admission by Experian of any liability or wrongdoing in this or in any other proceeding.

15. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this Final Order and Judgment.

16. Should the Settlement not become effective in accordance with its terms, this Final Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders and releases delivered in connection herewith shall be null and void to the extent provided by and in

accordance with the Agreement.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Dated: December 8, 2014

8